## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARNELL BAILEY, | ) | No. 02 CV 4683 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES KNOLL GARDNER |
| vs. | ) | |
| | ) | |
| LUCENT TECHNOLOGIES, INC. | ) | |
| and AGERE SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S BRIEF IN REPLY TO DEFENDANTS'
### BRIEF IN OPPOSITION TO MOTION TO AMEND COMPLAINT

Plaintiff Garnell Bailey, by and through her counsel, GLENNIS L. CLARK,

ESQUIRE, hereby files this Brief in Reply to Defendants' Brief In Opposition to Motion

to Amend Complaint.

### I. INTRODUCTION

Garnell Bailey, hereinafter referred to as "Plaintiff", has brought claims of race

and sex discrimination against her former employer pursuant to Section 1981, Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981,

29 U.S.C. § 206(d), The Equal Pay Act and the Pennsylvania Human Relations Act, 43

P.S. § 951, et seq.

Plaintiff, an African American female, alleges that the defendants discriminated

against her in setting her salary, benefits and stock. Plaintiff also alleges that defendants

eliminated her prior position, reassigned her duties to white males and hired or promoted

four (4) white males to positions of director at the same time the defendants eliminated plaintiff's supervisory position.

## II.  PROCEDURAL HISTORY

On or about August 17, 2001, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunities Commission (EEOC) and the Pennsylvania Human Relations Commission alleging claims of race and age discrimination.

During the pendency of the EEOC process and after Plaintiff was terminated, Plaintiff filed a second charge with the EEOC on April 3, 2002 alleging claims of discrimination on the grounds of race, sex and retaliation.

An initial right to sue letter was issued on April 16, 2002 with respect to the first EEOC charge which stated that the EEOC was closing its file because "Charging Party has filed suit in Federal District Court."   The within cause of action was filed on July 15, 2002.  On January 9, 2003, a revised right to sue letter was issued to correct the reason for EEOC's closing its file.  (Exhibit "A")

On September 11, 2002, plaintiff received the right to sue letter arising from her second EEOC charge.   On or about December 9, 2002, plaintiff filed a motion for leave to amend complaint pursuant to Federal R.C.P. 15(a), memorandum of law in support thereof and the amended complaint.

## III.  ARGUMENT

Defendants' claim that plaintiff cannot amend her complaint to raise claims of age and disability discrimination is wholly without merit.

While it is true that the basic tenet of administrative law is that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief under Title VII.  McKart V. United States, 395 U.S. 185, 193, 23 L. ed. 2d 194, 89 S. Ct. 1657 (1969), it is equally well settled that EEOC proceedings do not set the outer limit to the scope of a subsequent civil action in district court. See, Hicks v. ABT Associates, Inc., 572 F.2d 960,  966. (3rd Cir. 1978).  In Hicks the Court held that where race discrimination in employment was filed with the EEOC, the court could take jurisdiction over a sex discrimination claim which was not made to the administrative agency, if a reasonable investigation of the race charge would have encompassed the sex discrimination claim. Hicks, supra, citing Ostapowicz v.Johnson Bronze Co., 541 F.2d 394, 398-399 (3rd Cir. 1976).

In  Ostapowicz the court held that the parameters of the civil action in district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, including new acts which occurred during the pendency of proceedings before the Commission. Id. at 398-399.

In the instant case, Bailey's first EEOC charge identified issues regarding race, sex and age discrimination. There is no evidence in this record regarding the scope of the investigation undertaken by the EEOC.  Based upon the charges outlined and the narrative provided by Bailey,  it was reasonable for the EEOC to investigate all three charges.

3

There are no facts of record from which the court can conclude what issues, if any, were investigated by the EEOC. However, it is clear is that on April 16, 2002, the EEOC issued a right to sue letter with the notation that the agency was closing its file because "Charging Party has filed a suit in Federal District Court." This notation is clearly erroneous as the record establishes that the within action was not filed until July 15, 2002.

A reasonable inference from these facts is that whatever the scope of the investigation contemplated by the EEOC, it was not complete. Moreover, the EEOC issued a "corrected" right to sue letter of January 3, 2003 which stated in pertinent part:

"Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statute. <u>No finding is made as to any other issues that might be construed as having been raised by this charge</u>." (Exhibit A) (emphasis added)

This statement rebuts defendants' unsupported speculation regarding Bailey's intent and the scope of the agency investigation. The statement supports the conclusion that the EEOC investigation could have investigated all issues raised by the charges.

In support of its position, the defendants rely upon a number of district court decisions which purport to analyze the scope of a subsequent complaint solely on the basis of which box was checked or the narrative which accompanied the filing of the complaint. These theories are not supported by the decisions of the Third Circuit. Precedent has established that the question is the scope of the investigation which could grow out of the charges. Important in this determination of whether a particular claim is reasonably related to the charge is the factual statement contained in the charge. The selection of a

4

particular on the charge box on the charge form is in reality nothing more than the attachment of a legal conclusion to the facts alleged.  Sanchez, supra. at 462.  Then the court must determine the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination based upon the charges read as a whole.

Defendants' reliance upon Antol v. Perry, 82 F.3rd 1291 (3rd Cir. 1995) for the proposition that Bailey did not exhaust her administrative remedies is misplaced.  Antol is factually distinguishable  from the instant case. There the EEO manager responsible for processing the charge  provided an affidavit that the "sole issue investigated was that of handicap discrimination," and that the plaintiff did not raise gender-based discrimination at any stage of the investigation. The plaintiff also admitted the he never suspected gender discrimination during the administrative process. See, Antol v. Perry at 1295.

Therefore, when applying the legal standard enunciated in Ostapowicz, Hicks and Waiters v. Parsons, 729 F.2d 233 (3rd Cir. 1984), to the facts of that case, the decision in Antol was correct.  Antol however is not controlling in this case because there are no facts to support such a ruling.

Bailey's second EEOC charge stated claims of retaliation, race and sex discrimination.   In the narrative portion of the charge Bailey outlined her psychological disability and the fact she was terminated though she had been cleared to return to work by her physician and the company's physician.  Clearly, Bailey's claim of a violation of the ADEA would have been encompassed in an EEOC investigation. This is no evidence of an

5

reasonable accommodation or that Bailey was a direct threat to employees at Lucent relevant to a ADEA claim.

In its right to sue letter regarding the second charge, the EEOC determined that it was "unlikely" that it would conclude its investigation within the required time limit and therefore the agency terminated its processing of the charge. Based upon the charges and the accompanying narrative, a reasonable investigation of the charges would have encompassed the disability claim under the ADEA.

Whether the EEOC investigated or properly investigated Bailey's charges pursuant to its rules, plaintiff still has the right to bring a civil action and that right cannot be defeated by the agency's failure to comply with its statutory obligations. Hicks, supra. at 964.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Garnell Bailey requests this Honorable Court to grant leave for Plaintiff to file an amended complaint.

Respectfully submitted:

_____
GLENNIS L. CLARK
I. D. NO. 36682
Attorney for Plaintiff
LAW OFFICES OF GLENNIS L. CLARK
532 Walnut Street
Allentown, PA 18101
610-433-6624

## CERTIFICATE OF SERVICE

I, Glennis L. Clark, Esquire, hereby certify that I have caused to be served a true and correct copy o the Plaintiff's Brief In Reply to Brief In Opposition to Motion to Amend Complaint via first class mail, postage prepaid on the date stated below to the offices of:

Barbara Rittinger Rigo, Esquire
Littler Mendelson
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102

Dated: _____           _____
                                 GLENNIS L. CLARK
                                 I. D. No. 36682
                                 Attorney Plaintiff

7