IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARNELL BAILEY | : | No. 02-CV-4683 |
| | : | |
| v. | : | |
| | : | |
| LUCENT TECHNOLOGIES INC. | : | HONORABLE JAMES KNOLL GARDNER |
| | : | |
| AND | : | |
| | : | |
| AGERE SYSTEMS INC. | : | |

**PLAINTIFF'S SUMMARY OF MOTION TO AMEND COMPLAINT**

**I. SUMMARY OF THE ISSUES**

Federal Rule of Civil Procedure 15 provides for the liberal amendment of complaints when justice so requires. Forman v. Davis, 371 U.S. 17 189, 182 (1962).

In the absence of undue delay, bad faith or dilatory motive, the leave sought must be freely given..

**II. SUMMARY OF THE ARGUMENT**

The within action was filed on July 15, 2002. On September 11, 2002 plaintiff received the right to sue letter arising from a second EEOC charge of discrimination.

Rather than file a second complaint arising from the same facts and circumstances, the plaintiff is moving this Court to allow her to amend the initial complaint, pursuant to Federal Rule of Civil Procedure 15.

Defendants' claim that plaintiff cannot amend her complaint to raise claims of age and disability discrimination is wholly without merit. The Third Circuit has held that the

scope of district court complaint is defined by the scope of the EEOC investigation which could have been expected to grow out of the charge of discrimination. <u>Ostapowicz v.Johnson Bronze Co.</u>, 541 F.2d 394, 398-399 (3rd Cir. 1976).

EEOC proceedings do not set the outer limit to the scope of a subsequent civil action in district court. <u>See</u>, <u>Hicks v. ABT Associates, Inc.</u>, 572 F.2d 960, 966. (3rd Cir. 1978).

In the instant case, Bailey's first EEOC charge identified issues regarding race, sex and age discrimination. Based upon the charges outlined and the narrative provided by Bailey, it was reasonable for the EEOC to investigate all three charges.

Bailey's second EEOC charge stated claims of retaliation, race and sex discrimination. In the narrative portion of the charge Bailey outlined her psychological disability and the fact she was terminated though she had been cleared to return to work by her physician and the company's physician. Clearly, Bailey's claim of a violation of the ADEA would have been encompassed in an EEOC investigation.

        Respectfully submitted:

        _____
        GLENNIS L. CLARK
        I. D. NO. 36682
        Attorney for Plaintiff
        LAW OFFICES OF GLENNIS L. CLARK
        532 Walnut Street
        Allentown, PA 18101
        610-433-6624

## CERTIFICATE OF SERVICE

I, Glennis L. Clark, Esquire, hereby certify that I have caused to be served a true and correct copy of the Plaintiff's Summary of the Motion for Leave to Amend Complaint via facsimile on the date stated below to the offices of:

>Barbara Rittinger Rigo, Esquire
>Littler Mendelson
>Three Parkway
>1601 Cherry Street, Suite 1400
>Philadelphia, PA  19102

Dated: _____                    _____
                                            GLENNIS L. CLARK
                                            I. D. No. 36682
                                            Attorney Plaintiff