IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARNELL BAILEY | : No. 02-CV-4683 |
| | : |
| v. | : |
| | : |
| LUCENT TECHNOLOGIES INC. and | : HONORABLE JAMES KNOLL GARDNER |
| AGERE SYSTEMS INC. | : |

**PLAINTIFF'S RULE 16 TELEPHONE CONFERENCE MEMORANDUM**

AND NOW, comes the plaintiff Garnell Bailey, by and through her counsel, GLENNIS L. CLARK, ESQUIRE, presents the following Memorandum and represents the following in support thereof:

## I. STATEMENT OF THE FACTS

Plaintiff had been continuously employed in the Human Resources Department of Agere and its predecessors, Lucent and AT&T, since July 12, 1982. During the course of her employment, Plaintiff received salary, benefits, evaluations and other indicia of employment from both Agere and Lucent.

During the period August 2000 through April 2001, Plaintiff held the position of Director of Learning and Development, in which said position she supervised up to sixty-seven (67) employees at an annual salary of $113,000.00 which was raised in October 2000 to $118,000.00.

On or about February 19, 2001, Plaintiff was issued a stock option grant for 30,000 shares, despite the Agere IPO Stock Option Guidelines which provided for Directors a minimum grant of 45,000 shares and a maximum grant of 75,000 shares.

During April through May 2001, Kevin Pennington and Agere management announced the restructuring of the Human Resources Department which provided in part for the termination of all employees plaintiff previously supervised. Plaintiff's duties and responsibilities were transferred to other directors all of whom were white males. Plaintiff was assigned to a newly created position of Director-Diversity Management and Business Ethics Position, no authority and supervisory responsibilities. Defendants also hired and/or promoted white males to positions of Director within the Human Resources Department, all at salaries significantly higher than plaintiff. At all times relevant hereto, plaintiff remained qualified by virtue of education and experience to perform all the duties of her previous position, which duties were reassigned to white males.

## II. PARTY'S LIABILITY CONTENTIONS

Plaintiff alleges that the defendants discriminated against her in setting her salary, benefits and stock at a level significantly below that of Caucasian males at the comparable director level. Plaintiff also alleges that defendants eliminated her prior position, reassigned her duties to white males and hired or promoted four (4) white males to positions of director at the same time the defendants eliminated plaintiff's supervisory position. Plaintiff was eventually terminated in violation of federally protected rights under Title VII of the Civil Rights Act of 1964, as amended.

## III. DAMAGES

termination - $63,332.00
salary differential from July 2000 through November 2000 - $9,583
difference between the non-discriminatory annual salary of $142,800 and the actual salary of $118,000 effective December 1, 2000 through June 8, 2001 - $12,710.56
difference between adjusted regular salary of $142,800.00 and the amount received while on disability - $19,468.40
IPO stock options - $45,000
compensation for mental and emotional distress - $50,000.00

## IV. SPECIAL OR LIQUIDATED DAMAGES

$300,000.00 - punitive; $300,000.00 - compensatory

## V. SETTLEMENT NEGOTIATIONS

Defendants requested plaintiff to submit a severance package proposal. Plaintiff proposed a sum of $401,388.42 and the issuance of 51,500 in stock options by letter dated November 6, 2001. Defendants did not respond nor make a counteroffer.

Respectfully submitted,

---
GLENNIS L. CLARK, ESQUIRE
I.D. No. 36682
Attorney for Plaintiff
532 Walnut Street
Allentown, PA 18101
610-433-6624

2

**CERTIFICATE OF SERVICE**

I, Glennis L. Clark, Esquire, hereby certify that I have caused to be served a true and correct copy of the Plaintiff's Rule 16 Telephone Conference Memorandum via first class mail, postage prepaid on the date stated below to the offices of:

>Barbara Rittinger Rigo, Esquire
>Littler Mendelson
>Three Parkway
>1601 Cherry Street, Suite 1400
>Philadelphia, PA  19102

Dated: _____                      _____
                                            GLENNIS L. CLARK
                                            I. D. No. 36682
                                            Attorney Plaintiff