UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARNELL BAILEY : | No. 02-CV-4683 |
| 3563 Driftwood Place : | |
| Bethlehem, PA 18020 : | |
| : | |
| v. : | |
| : | |
| LUCENT TECHNOLOGIES INC. : | |
| 555 Union Boulevard : | JURY TRIAL DEMANDED |
| Allentown, PA 18109-3286 : | |
| : | |
| AND : | HONORABLE JAMES KNOLL GARDNER |
| : | |
| AGERE SYSTEMS INC. : | |
| 555 Union Boulevard : | |
| Allentown, PA 18109-3286 : | |

## AMENDED COMPLAINT

1. Plaintiff, Garnell Bailey, is a citizen of the United States, a resident of the Commonwealth of Pennsylvania and domiciled at 3563 Driftwood Place, Bethlehem, PA 18020.

2. Defendant, Lucent Technologies, Inc. (hereinafter referred to as "Lucent"), is a corporation which has a registered address and place of business at 555 Union Boulevard, Allentown, PA 18109-3286 through which it regularly conducts business within the Commonwealth of Pennsylvania.

3. Defendant, Agere Systems Inc. (hereinafter referred to as "Agere"), is registered as a Delaware foreign business entity and which at pertinent times hereto was a wholly

owned subsidiary and/or division of Lucent, maintaining a place of business at 555 Union Boulevard, Allentown, P A 18109-3286 through which Agere regularly conducts business within the Commonwealth of Pennsylvania.

 4. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 12101, et seq., 42 U.S.C. §2000e et seq., 42 U.S.C. §2000-1 et seq., 42 U.S.C. §1981, 29 U.S.C. §206(d) and 28 U.S.C. §343(4).  The jurisdiction of this court is invoked to secure protection of and to redress the deprivation of rights guaranteed by Federal law which provides for relief against discrimination in employment on the basis of race, sex, disability, retaliation and for the redress of the deprivation of the right to make and enforce contracts to the full and equal benefit of all laws as is enjoyed by white citizens.

 5. This action is also brought pursuant to the Pennsylvania Human Relations Act, 43 P.S. §951 et seq., which provides the right to freedom from discrimination in employment as well as for relief therefrom. The court's jurisdiction over such claims is invoked pursuant to its supplemental jurisdiction under 28 U.S.C. §1367.

 6. Venue is vested in this Court by virtue of the fact that the events or omissions giving rise to the claims occurred within the Eastern District of Pennsylvania and that the Defendants conduct business and maintain offices within the Eastern District of Pennsylvania.

## COUNT I

## Civil Rights Violations

7. Plaintiff incorporates paragraphs 1 through 6 as though the same was more fully set forth at length.

8. Defendant Lucent is an employer which engages in industry affecting commerce, and employs more than fifteen (15) regular employees.

8. Defendant Agere is an employer which engages in industry affecting commerce, and employs more than fifteen (15) regular employees.

9. Plaintiff, Garnell Bailey, is a black female citizen of the United States and domiciled in the County of Lehigh, Commonwealth of Pennsylvania.

10. Within 300 days of the last occurrence in a continuous pattern of discriminatory and harassing acts based on race, sex, disability and retaliation, Plaintiff filed two (2) charges of employment discrimination with the United States Equal Employment Opportunity Commission naming defendants which charges were filed on August 17, 2001 and on April 3, 2002.

11. On April 17, 2002, Plaintiff received a Notice of Suits Rights from the Philadelphia District Office of the U.S. Equal Employment Opportunity Commission with respect to the first charge and a second right to sue letter was received on September 11, 2002 with respect to the second charge .

12. Plaintiff had been continuously employed in the Human Resources Department of Agere and its predecessors, Lucent and AT&T, since July 12, 1982.

13. During the course of her employment, Plaintiff received salary, benefits, evaluations and other indicia of employment from both Agere and Lucent.

14. During the period August 2000 through April 2001, Plaintiff held the position of Director of Learning and Development, in which position she supervised up to sixty-seven (67) employees and was responsible for the management of the Human Resources Business Partners day to day operations, performance evaluation management process, compensation process and rapid response recruiting activity at an annual salary of $113,000.00 which was raised in October 2000 to $118,000.00.

15. In February, 2001, Kevin Pennington, a white male, assumed the position of Vice President of Human Resources of Agere and became Plaintiff's immediate supervisor.

16. Kevin Pennington and his subordinates in the Agere Human Resources Department began a pattern of discriminatory acts and harassment against Plaintiff regarding the terms and conditions of her employment, which discrimination was based upon plaintiff's race, sex, disability and retaliation, and which discriminatory practices and harassment were accepted by and ratified by the management of Defendants Lucent and Agere.

17. On or about February 19, 2001, Lucent and Agere executives made determinations with respect to stock option grants for Agere directors in which it was determined that Plaintiff would be issued a stock option grant for 30,000 shares, despite the Agere IPO Stock Option Guidelines published for Agere which provided for Directors such as plaintiff a minimum grant of 45,000 shares and a maximum grant of 75,000 shares.

18. Neither Lucent nor Agere would provide any explanation for its failure to treat plaintiff in the same manner as other employees at the same level, in accordance with its own guidelines, and Defendants refused to rectify the discrepancy.

19. At the time of the above described discriminatory actions, plaintiff was the only black female Director in the Human Resources Department.

20. During the period of April through May 2001, Kevin Pennington and Agere management announced the restructuring of the Human Resources Department which provided in part for the termination of those employees whom plaintiff supervised at the time, the transfer of plaintiff's duties and responsibilities to other directors in the Human Resources Department, all of whom were white males, and the arbitrary assignment of plaintiff to a newly created position of Director-Diversity Management and Business Ethics Position with little or no authority.

21. During the same time period, defendants hired and/or promoted white males to positions of Director within the Human Resources Department, all at salaries significantly higher than plaintiff.

22. At all times relevant hereto, plaintiff remained qualified by virtue of education and experience to perform all the duties of her previous position, which duties were reassigned to white males.

23. In May 2001, in the course of registering complaints concerning the above-described discriminatory treatment, plaintiff learned that her salary as a black female Director was significantly lower than all other persons promoted to the position of Director during the period January 1997 through February 2000, and was significantly lower than the group of Directors with seniority and educational levels comparable to plaintiff.

24. Defendants have refused to remedy the salary discrepancy described above, and have further refused any explanation for the existence thereof.

25. The actions of defendants and its employees were motivated by racial, sexual, disability and retaliation based prejudice, as the Agere Human Resources Department has engaged in a pattern of hiring and promotion of white males to positions of authority, to the exclusion of black females, including plaintiff.

26. Beginning in August 2000 and continuing through December 2001, defendants through their employees and management personnel engaged in discriminatory practices

against plaintiff affecting the terms and conditions of her employment, which discriminatory practices were based upon race, sex, disability and retaliation.

27. As a result of defendants' policies and practices as described above, plaintiff has been deprived of equal employment opportunities and of pay equal to white male counterparts, and has further been deprived of the same right to make and enforce contracts as is enjoyed by white citizens.

28. As a result of defendants' racial, sexual, disability and retaliation-based discriminatory and harassing actions, plaintiff has been and is now being deprived of income in the form of wages, prospective retirement benefits, health and disability insurance benefits, stock options and other fringe benefits due to her in amounts to be established at trial.

29. As a result of defendants' discriminatory and wrongful acts as set forth above, plaintiff has suffered extreme emotional distress, humiliation, embarrassment and mental anguish, as well as loss of self-esteem and reputation.

30. On December 9, 2001 defendants terminated the employment of plaintiff in retaliation for the filing of and pursuit of claims of racial, sexual, disability-based discrimination and harassment.

31. Defendants have acted wilfully and maliciously and with reckless disregard to the rights of plaintiff.

32. As a direct and proximate result of defendants' unlawful and discriminatory employment policies and practices, plaintiff has suffered a loss of income, including past and future salary, full pension benefits and other company-sponsored benefits.

WHEREFORE, Plaintiff, Garnell Bailey, demands judgment against defendants and prays this Court:

(a) to award back and front pay and benefits from the date of plaintiff's promotion to the position of Director in an amount equal to white male directors of comparable educational level and experience;

(b) to award compensatory and liquidated damages to plaintiff for retaliatory termination in violation of plaintiff's civil rights;

(c) to award pay and benefits at the level paid to white male directors of comparable educational level and experience from the time of trial until plaintiff's normal retirement age, reinstatement being impracticable;

(d) to award compensatory and liquidated damages to plaintiff for emotional distress, humiliation, embarrassment, mental anguish and loss of self-esteem and reputation in an amount in excess of $300,000.00;

(e) to award punitive damages in light of defendants' willful, reckless and outrageous conduct;

(f) to award costs and attorney's fees in favor of plaintiff and against defendants; and

(g) for such other relief as may be just and proper.

## Count II

## Americans With Disabilities Act

33. Plaintiff incorporates paragraphs 1 through 32 as though the same was more fully set forth at length.

34  Defendants unlawfully terminated plaintiff, a qualified individual.

35. Defendants discriminated against plaintiff with respect to her compensation and other terms, conditions and privileges of employment.

36. Defendants failed to make reasonable accommodations for the plaintiff who was suffering from a mental/emotional condition covered by 42 U.S.C. § 12101, et seq..

37. Defendants violated the Act by making inquiries of the plaintiff regarding her disability and by breaching the duty of confidentiality.

WHEREFORE, Plaintiff demands judgment against defendants and prays this Court:

(a) for a money judgment representing compensatory damages, including lost wages and all other sums of money, including retirement benefits and other employment benefits, together with interest on said amounts;

(b) for a money judgment representing liquidated damages for defendants' willful violations of the Americans Disability Act;

      (c) for a money judgment representing prejudgment interest;

      (f) for the costs of suit, including an award of reasonable attorneys' fees pursuant to 42 U.S.C. § 12101, et seq. and

      (g) for such other further relief as may be just and proper.

      Respectfully submitted,


_____
GLENNIS L. CLARK
Attorney for Plaintiff
I. D. No. 36682
LAW OFFICE OF GLENNIS L. CLARK
532 Walnut Street
Allentown, PA 18101
610-433-6624

## **CERTIFICATE OF SERVICE**

    I, Glennis L. Clark, Esquire, hereby certify that I have caused to be served a true and correct copy of the Amended Complaint via first class mail, postage prepaid on the date stated below to the offices of:

    Barbara Rittinger Rigo, Esquire
    Littler Mendelson
    Three Parkway
    1601 Cherry Street, Suite 1400
    Philadelphia, PA  19102

Dated: _____          _____
                                                            GLENNIS L. CLARK
                                                            Attorney for Plaintiff
                                                            I. D. No. 36682
                                                            LAW OFFICE OF GLENNIS L. CLARK
                                                            532 Walnut Street
                                                            Allentown, PA 18101
                                                            610-433-6624