```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GARNELL BAILEY,                      )
                                     )  Civil Action
            Plaintiff                )  No. 02-CV-04683
                                     )
       vs.                           )
                                     )
LUCENT TECHNOLOGIES, INC. and        )
AGERE SYSTEMS,                       )
                                     )
            Defendant                )


                        *    *    *

APPEARANCES:
       GLENNIS L. CLARK, ESQUIRE
            On behalf of Plaintiff

       ROBERT W. CAMERON, ESQUIRE
            On behalf of Defendants

                        *    *    *
```

RULE 16 STATUS CONFERENCE ORDER

NOW, this 21st day of March, 2003, after status conference conducted by telephone with the undersigned on this date, pursuant to Rule 16 of the Federal Rules of Civil Procedure, and by agreement of counsel, it appearing that on March 13, 2003 the undersigned entered an Order, filed March 17, 2003, granting in part, and denying in part, plaintiff's Motion for Leave to File Amended Complaint[1]; it further appearing that

---

[1] The March 13, 2003 Order gave plaintiff until March 20, 2003 to file an Amended Complaint adding a count for alleged discrimination under the Americans with Disabilities Act, but denied plaintiff's additional request to add a count for alleged discrimination under the Age Discrimination in Employment Act.

on March 18, 2003, plaintiff filed her Amended Complaint pursuant to the March 13, 2003 Order[2],

    <u>IT IS ORDERED</u> that defendants shall have until April 15, 2003 to file an answer to plaintiff's Amended Complaint.

    <u>IT IS FURTHER ORDERED</u> that, except as otherwise provided below, all discovery shall be completed by July 1, 2003.

    <u>IT IS FURTHER ORDERED</u> that plaintiff shall be precluded from offering the testimony of expert witnesses at trial unless on or before June 1, 2003 plaintiff provides defense counsel with the name, address, curriculum vitae and a signed, written expert report containing the findings, conclusions and opinions, of each such witness.

    <u>IT IS FURTHER ORDERED</u> that defendants shall be precluded from offering the testimony of expert witnesses at trial unless on or before July 1, 2003 defendants provide plaintiff's counsel with the name, address, curriculum vitae and a signed, written expert report containing the findings, conclusions and opinions, of each such witness.

    <u>IT IS FURTHER ORDERED</u> that defense counsel shall have until July 15, 2003 to advise plaintiff's counsel and the undersigned whether defendants intend to make a settlement offer,

---

    [2] The filing of plaintiff's Amended Complaint on March 18, 2003 renders moot an earlier informal agreement of counsel giving plaintiff until April 1, 2003 to file her Amended complaint.

and if so, to advise of the specifics of the offer.  Counsel for plaintiff shall report to the undersigned concerning the status of settlement negotiations on or before July 18, 2003.

IT IS FURTHER ORDERED that all discovery motions, including motions concerning expert witnesses, shall be filed and served prior to the close of discovery.  Any motions filed in violation of this Order may be deemed waived in the absence of good cause shown.

IT IS FURTHER ORDERED that all dispositive motions, including motions for summary judgment, accompanied by a brief, shall be filed and served on or before July 21, 2003.  All responses to such motions, accompanied by a brief, shall be filed and served on or before August 11, 2003.

IT IS FURTHER ORDERED that all motions in limine shall be filed and served on or before September 15, 2003.

IT IS FURTHER ORDERED that all motions (except those relying solely on a Federal Rule of Civil Procedure) shall be accompanied by a brief, not to exceed twenty-five pages without prior leave of court.  There shall be no reply briefs unless requested, or authorized, by the undersigned.  Reply briefs shall not exceed seven pages and must be filed within three business days of the court's request or approval.

IT IS FURTHER ORDERED that any party filing a motion for summary judgment or partial summary judgment shall file and serve, in addition to a brief, a separate short concise statement, in numbered paragraphs, of the material facts about which the moving party contends there is no genuine dispute.  The moving party shall support each such material fact with specific citations to the record, and, where practicable, attach copies of the relevant portions of the record.  Failure to submit such a statement may constitute grounds for denial of the motion.

IT IS FURTHER ORDERED that any party opposing a motion for summary judgment or partial summary judgment shall file and serve, in addition to a brief, a separate short concise statement, responding in numbered paragraphs to the moving party's statement of the material facts about which the opposing party contends there is a genuine dispute, with specific citations to the record, and, where practicable, attach copies of the relevant portions of the record.  All factual assertions set forth in the moving party's statement shall be deemed admitted unless specifically denied by the opposing party in the manner set forth in this paragraph.

IT IS FURTHER ORDERED that a jury trial of the within case shall commence before the undersigned on Wednesday, November 12, 2003 at 9:30 o'clock a.m. in Courtroom B, Edward N. Cahn United States Courthouse, 504 West Hamilton Street,

Allentown, Pennsylvania, or as soon thereafter as the schedule of the court permits, following jury selection at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.  This Order shall serve as a formal attachment for trial.

  IT IS FURTHER ORDERED, by agreement of the parties that the jury shall consist of eight jurors and no alternate jurors, and that if any of the jurors are dismissed or excused, the remaining jurors shall deliberate and decide the case, so long as at least six jurors remain.

         BY THE COURT:


         _____
         James Knoll Gardner
         United States District Judge