UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARNELL BAILEY, | ) |
| Plaintiff, | ) No. 02 CV 4683 |
| | ) |
| vs. | ) Judge James Knoll Gardner |
| | ) |
| LUCENT TECHNOLOGIES INC., | ) |
| and | ) |
| AGERE SYSTEMS INC. | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendants Lucent Technologies Inc. ("Lucent") and Agere Systems Inc. ("Agere") (collectively "Defendants"), by and through their counsel, file this Answer and these Affirmative Defenses to the Amended Complaint filed by Plaintiff Garnell Bailey, respectfully submitting as follows:

1.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of the Complaint. Accordingly, those averments are denied.

2.  Admitted in part; denied in part. Defendants admit that Lucent is a corporation. Defendants deny the remaining averments contained in paragraph 2 of the Complaint.

3.  Admitted in part; denied in part. Defendants admit that Agere is a Delaware corporation with the authority to conduct business in Pennsylvania. Defendants also admit that Agere was formerly a subsidiary of Lucent, and that Agere maintains a place of business at 555 Union Boulevard, Allentown, Pennsylvania 18109-3286 through which Agere regularly conducts

business within the Commonwealth of Pennsylvania.  Defendants deny the remaining averments contained in paragraph 3 of the Complaint.

    4.    Admitted in part; denied in part.  Defendants admit that Plaintiff purports to bring causes of action pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, et seq., the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., 42 U.S.C. § 1981, and 29 U.S.C. § 206(d).  Defendants further admit that this Court may exercise jurisdiction pursuant to 28 U.S.C. § 1343.  Defendants deny that Plaintiff states valid causes of action under Title VII, the ADA, 42 U.S.C. § 1981, and 29 U.S.C. 206(d), and/or under any other statute or law.  The remaining averments contained in paragraph 4 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments are denied.

    5.    Admitted in part; denied in part.  Defendants admit that Plaintiff purports to bring a cause of action pursuant to the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq.  Defendants further admit that this Court may exercise supplemental jurisdiction over a cause of action brought under the PHRA pursuant to 28 U.S.C. § 1367.  Defendants deny that Plaintiff states a valid cause of action under the PHRA, and/or under any other statute or law.  The remaining averments contained in paragraph 5 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments are denied.

    6.    Admitted in part; denied in part.  Defendants admit that they conduct business and maintain offices within the Eastern District of Pennsylvania.  By way of further answer, Defendants consent to the venue of this Court.  Defendants deny the remaining averments contained in paragraph 6 of the Complaint.

## COUNT I

7. Defendants incorporate their responses to paragraphs 1 through 6 of the Complaint as if fully set forth herein.

8. Admitted.

8.[1] Admitted.

9. Admitted in part; denied in part. Defendants admit that Plaintiff is a black female. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 9 of the Complaint. Accordingly, those averments are denied.

10. Admitted in part; denied in part. Defendants admit that Plaintiff filed two charges of discrimination against Agere with the United States Equal Employment Opportunity Commission ("EEOC"), one in August, 2001, and one in April, 2002. Defendants further admit that the August, 2001 charge alleged discrimination on the basis of race and sex, and that the April, 2002 charge alleged discrimination on the basis of race and sex with an additional claim of retaliation. Defendants specifically deny that either charge alleged discrimination on the basis of disability. The remaining averments contained in paragraph 10 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

11. Admitted in part; denied in part. Defendants admit that the Philadelphia District Office of the EEOC issued Plaintiff a Dismissal and Notice of Rights on April 16, 2002 with respect to her first charge of discrimination, and that the Philadelphia District Office of the EEOC issued Plaintiff a Dismissal and Notice of Rights on September 9, 2002 with respect to

---

[1] Plaintiff's Complaint has two paragraphs numbered 8.

her second charge of discrimination. Defendants lack knowledge or information sufficient to form a belief as to truth of the remaining averments contained in paragraph 11 of the Complaint. Accordingly, those averments are denied.

12. Admitted in part; denied in part. Defendants admit that Plaintiff was continuously employed in the Human Resources Department of Agere and its predecessors, Lucent and AT&T Corp., from July 12, 1982 through December 9, 2001, the date of her termination. Defendants deny the remaining averments contained in paragraph 12 of the Complaint.

13. Admitted.

14. Admitted in part; denied in part. Defendants admit that, in April, 2001, Plaintiff held a Director level position, and that, in 2000, she had an annual salary of $113,000.00. By way of further answer, Plaintiff's salary was actually raised to $118,500.00. Defendants deny the remaining averments contained in paragraph 14 of the Complaint.

15. Admitted in part; denied in part. Defendants admit that in February, 2001, Kevin Pennington ("Pennington"), a white male, became Plaintiff's supervisor. By way of further answer, Pennington assumed the position of Senior Vice President of Human Resources of Agere in February, 2001. Defendants deny that in February, 2001, Pennington became Plaintiff's immediate supervisor.

16. The averments contained in paragraph 16 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

17. Admitted in part; denied in part. Defendants admit that, in 2001, Agere issued Plaintiff a stock option grant for 30,000 shares. Defendants further admit that, in 2001, Agere published IPO Stock Option Guidelines. The IPO Stock Option Guidelines, being a writing,

speak for themselves. Defendants deny the remaining averments contained in paragraph 17 of the Complaint, and specifically deny that Plaintiff held a Director level position on or about February 19, 2001.

18. Denied.

19. The averments contained in paragraph 19 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied. By way of further answer, Defendants deny that Plaintiff held a Director level position prior to April, 2001. Defendants admit that, when Plaintiff became a Director in April, 2001, she was the only black female Director in Agere's Human Resources department.

20. Admitted in part; denied in part. Defendants admit that, in 2001, Pennington announced the restructuring of the Human Resources department, and that, in or around April, 2001, Plaintiff was reassigned to the position of Director of Diversity Management and Business Ethics. Defendants deny the remaining averments contained in paragraph 20 of the Complaint.

21. Denied.

22. Denied.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 23 of the Complaint. Accordingly, those averments are denied.

24. Denied as stated. Defendants deny the existence of any salary discrepancy, and deny the remaining averments contained in paragraph 24 of the Complaint.

25. The averments contained in paragraph 25 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

26. The averments contained in paragraph 26 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

27. The averments contained in paragraph 27 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

28. The averments contained in paragraph 28 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied. By way of further answer, Defendants deny that Plaintiff has sustained any damages as a result of any conduct on the part of Defendants.

29. The averments contained in paragraph 29 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied. By way of further answer, Defendants deny that Plaintiff has sustained any damages as a result of any conduct on the part of Defendants.

30. Admitted in part; denied in part. Defendants admit that Plaintiff's employment was terminated on December 9, 2001. The remaining averments contained in paragraph 30 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

31. The averments contained in paragraph 31 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

32. The averments contained in paragraph 32 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the

averments are denied. By way of further answer, Defendants deny that Plaintiff has sustained any damages as a result of any conduct on the part of Defendants, and further deny that Plaintiff is entitled to any of the relief prayed for in the Complaint.

WHEREFORE, Defendants respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice, as it fails to state a claim upon which relief may be granted; that judgment be entered in their favor and against Plaintiff; and that the Court award such other relief as it deems appropriate.

## **COUNT II**

33. Defendants incorporate their responses to paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. The averments contained in paragraph 34 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

35. The averments contained in paragraph 35 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

36. The averments contained in paragraph 36 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

37. The averments contained in paragraph 37 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

WHEREFORE, Defendants respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice, as it fails to state a claim upon which relief may be granted; that judgment be entered in their favor and against Plaintiff; and that the Court award such other relief as it deems appropriate.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Defendants' actions regarding Plaintiff were at all times taken for legitimate, non-discriminatory reasons.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

4. Plaintiff's claims are barred, in whole or in part, by her failure to exhaust available administrative remedies.

5. Plaintiff has failed to mitigate her damages.

6. Defendants, at all times, acted reasonably and in good faith.

7. Plaintiff's Complaint fails to state a claim for compensatory damages, liquidated damages, punitive damages, equitable relief or any other relief, including attorneys' fees and costs.

8. Plaintiff's claims are subject to the cap on damages set forth in 42 U.S.C. § 1981a.

9. Plaintiff is not entitled to compensatory or punitive damages on her claim brought under 29 U.S.C. § 206(d).

WHEREFORE, Defendants respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice, as it fails to state a claim upon which relief may be granted; that

judgment be entered in their favor and against Plaintiff; and that the Court award such other relief as it deems appropriate.

                                      Respectfully submitted,

                                      _____
Robert W. Cameron
Pa. I.D. No. 69059
Theodore A. Schroeder*
Pa. I.D. No. 80559
LITTLER MENDELSON
Dominion Tower
625 Liberty Avenue, 26th Floor
Pittsburgh, PA  15222
Tel:  (412) 201-7600

Barbara Rittinger Rigo, Esquire
Attorney I.D. No.  76630
Littler Mendelson
Three Parkway, Suite 1400
1601 Cherry Street
Philadelphia, PA  19102
Tel:  (267-402-3000)

Attorneys for Defendants
Lucent Technologies Inc. and Agere Systems Inc.

**\*Motion for Pro Hac Vice Admission Filed**

Dated:  April 7, 2003

9

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true and correct copy of the foregoing **Defendants' Answer to Amended Complaint and Affirmative Defenses** on the following by U.S. Mail, first-class, postage prepaid, this 7th day of April, 2003 addressed as follows:

> Glennis L. Clark, Esquire
> 532 Walnut Street
> Allentown, PA  18101

_____
Barbara Rittinger Rigo