IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARNELL BAILEY | : | No. 02-CV-4683 |
| 3563 Driftwood Place | : | |
| Bethlehem, PA 18020 | : | |
| | : | |
| v. | : | |
| | : | |
| LUCENT TECHNOLOGIES INC. | : | JUDGE JAMES KNOLL GARDNER |
| 555 Union Boulevard | : | |
| Allentown, PA 18109-3286 | : | |
| | : | |
| AND | : | |
| | : | |
| AGERE SYSTEMS INC. | : | |
| 555 Union Boulevard | : | |
| Allentown, PA 18109-3286 | : | |

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO COMPEL**

**I. INTRODUCTION**

Plaintiff served upon defendants Request for Production of Documents on or about March 7, 2003. Defendants served its responses on or about June 10, 2003. The defendants' responses to several requests are incomplete.

## II. **ARGUMENT**

The plaintiff contends that the defendants have failed to fully and completely provide responses to her Request for the Production of Documents.

Federal Rule of Civil Procedure 26(b)(1) states in pertinent part:

> (1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

The general discovery provisions provides that information is discoverable if it is relevant to either the "subject matter" or "claim or defense" in the action. Relevance in the context of discovery is defined by the Rules of Evidence and broadly defined. 6 Moore's Federal Practice, § 26.41(6).

In the instant case, the defendants have provided some but not all of the documents sought in the requests. The information is as follows:

1. No. 1(b) regarding the complete personnel file of Garnell Bailey;

2. No. 3 regarding the formula for granting any severance pay;

3. Nos. 8 through 12 regarding Paul Dumas, Russ Diehl, Michael Henrici, John O'Donnell and Aaron Brown, for each of the named employees, defendants failed to provide the following information requested:

    (a)   his resume and/or application for employment at defendants;

(b) his personnel file;

(c) his payroll records, stock options granted and W-2 forms for each year of his employment at defendants; and

(d) performance evaluations or job reviews during his employment at defendants; and

5. Request No. 13 - All documents of whatsoever kind which describe, summarize or refers to conversations between the plaintiff and any employee of the defendants regarding any alleged threats by plaintiff to Kevin Pennington or any other Lucent/Agere employee.

Defendants object to No. 13 as the information requested is protected from disclosure by the attorney-client privilege and/or work product doctrine but did not provide, pursuant to Federal Rule of Civil 26(b)(5) and Instruction No. 3, a statement identifying all documents as to which a privilege is claimed by date, author, addressee, title, and general subject matter, and to further set forth the nature of the privilege asserted with respect to each document.

6. No. 14 - Any diary, pocket calendar, desk calendar, journal or other means of periodically recording materials or notes recorded or kept by Plaintiff covering the period 1996 through 2001.

Plaintiff did not worked from July 2001 to December 2001 when she was terminated from her position. Therefore, Plaintiff has no documents mentioned above in

3

her possession but if such documents exists, they are in the exclusive control of defendants.

7. Response to No. 18 is not responsive in that defendants only provided stock options granted during 2001 but documents and records showing the salary and stock options provided to Caucasian directors between 1996 and 2001 were requested.

8. Defendants did not segregate all documents which it produced according to the numbered request to which each is responsive and therefore plaintiff cannot ascertain which documents are responsive to Request No. 19.

9. Response to No. 20 is not responsive in that the organizational charts for 2000 and 2001 do not reflect reassignment of tasks previously performed by plaintiff. Further, deposition testimony of Kevin Pennington revealed that the organizational charts continually changed in 2001.

10. Response to No. 21 is not responsive in that the organizational charts for 2000 and 2001 do not reflect the restructuring of the Human Resources Department which resulted in the termination of all employees supervised by plaintiff. Further, deposition testimony of Kevin Pennington revealed that the organizational charts

11. Request No. 27 - Documents commenting on or referring to the charge of employment discrimination which was filed by the plaintiff against the defendants.

Defendants object to No. 27 as the information requested is protected from disclosure by the attorney-client privilege and/or work product doctrine but did not

provide, pursuant to Federal Rule of Civil Procedure 26(b)(5) and Instruction No. 3, a statement identifying all documents as to which a privilege is claimed by date, author, addressee, title, and general subject matter, and to further set forth the nature of the privilege asserted with respect to each document.

12. Request No. 28 - All documents describing or in any way pertaining to any investigation conducted by the defendants into plaintiff's charges of discrimination.

Defendants object to No. 28 as the information requested is protected from disclosure by the attorney-client privilege and/or work product doctrine but did not provide, pursuant to Federal Rule of Civil Procedure 26(b)(5) and Instruction No. 3, a statement identifying all documents as to which a privilege is claimed by date, author, addressee, title, and general subject matter, and to further set forth the nature of the privilege asserted with respect to each document.

13. Request No. 29 - Have you filed or maintained any of the documents listed below for the period from January 1, 1996 onward? If your answer is "yes," please produce copies of such documents for the period from January 1, 1996 onward:

    (a)   EEO-1 reports;

    (b)   documents kept pursuant to federal Executive Order 11246;

    (c)   reports filed with the Office of Federal Contract Compliance ("OFCC") of the United States Department of Labor;

    (d)   compliance Review Reports (CRR);

(e) documents required to be kept under Federal Uniform Guidelines on Employee Selection Procedures, 29 C.F.R. § 1607.

Defendants' response was that "[d]efendant Lucent has prepared such documents in the past (Defendant Agere has not), these documents are not relevant to Bailey's claims of individual discrimination."

14. Request No. 34 - Please produce all documents which refers or relates to Plaintiff's disability leave beginning in 2001, including but not limited to, Plaintiff's disability application, medical reports, any disability determination and records of any payments.

Defendants' response is not responsive in that it only provided disability medical notes. Further, Defendants did not segregate all documents which it produced according to the numbered request to which each is responsive and therefore plaintiff cannot ascertain which documents are responsive to No. 34.

15. Defendants said it would produce documents in response to Request No. 26 but have not done so.

In addition, the defendants have asserted the attorney-client privilege in response to several requests. Where a claim of privilege or work product protection is relied upon to resist disclosure or discovery, the defendant is required to describe the documents, communications, or things not produced in a manner that will permit the other party to assess the applicability of the asserted privilege. Moloney v. United States, 204 F.R.D.

16, 21 (D. Mass. 2001). Further, the party resisting discovery bears and burden of showing the applicability of the privilege or work product protection. Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 138-139 (3rd Cir. 2000).

In the instant case, the defendants have not established that at the information sought was not relevant, nor have they met their burden of demonstrating the applicability of the attorney-client privilege or work product exception to the Rule.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff Garnell Bailey requests this Honorable Court to order defendants to produce all responsive documents within ten (10) days.

Respectfully submitted,

_____
GLENNIS L. CLARK
Attorney for Plaintiff
I. D. No. 36628
LAW OFFICE OF GLENNIS L. CLARK
532 Walnut Street
Allentown, PA 18101
610-433-6624

**CERTIFICATE OF SERVICE**

I, Glennis L. Clark, Esquire, hereby certify that I have caused to be served a true and correct copy of the Memorandum of Law In Support of Motion to Compel via first class mail, postage prepaid on the date stated below to the offices of:

>Robert W. Cameron, Esquire
>Littler, Mendelson
>Dominion Tower
>625 Liberty Avenue, 26th Floor
>Pittsburgh, PA 15222

>Theodore A. Schroeder, Esquire
>Littler, Mendelson
>Dominion Tower
>625 Liberty Avenue, 26th Floor
>Pittsburgh, PA 15222

Dated: _____              _____
                                                            GLENNIS L. CLARK
                                                            I. D. No. 36682
                                                            Attorney Plaintiff