IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARNELL BAILEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 02-4683 |
| ) | |
| v. ) | Judge James Knoll Gardner |
| ) | |
| LUCENT TECHNOLOGIES INC. and ) | |
| AGERE SYSTEMS INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

I.   **Introduction**

Defendants, Lucent Technologies Inc. ("Lucent") and Agere Systems Inc. ("Agere"), through their undersigned counsel, hereby oppose Plaintiff Garnell Bailey's Motion to Compel Responses to Request for Production of Documents. Plaintiff's Motion was filed in contravention of the local rules and standing order of this Court regarding discovery disputes. Moreover, Plaintiff has not established any entitlement to documents beyond what Defendants already have produced. For these reasons, the Court should deny Plaintiff's Motion.

II.   **Argument**

   A.   **Plaintiff's Motion Violates This Court's Local Rules and Standing Order Regarding Discovery Disputes**

Plaintiff failed to make a reasonable effort to resolve the subject matter of her Motion with Defendants prior to filing the Motion, as required by the local rules of this Court. Furthermore, Plaintiff failed to allow Magistrate Judge Rapoport the opportunity to informally

resolve her requests prior to seeking relief through this Motion, contrary to this Court's standing order. For these reasons, the Motion should be denied.

Local Rule 26.1(f) of the United States District Court for the Eastern District of Pennsylvania provides:

> No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after *reasonable* effort, are unable to resolve the dispute.

(emphasis added). Plaintiff's Motion contains no such certification and, more importantly, Plaintiff did not make a reasonable effort to resolve this dispute prior to seeking court intervention. Specifically, Plaintiff contacted counsel for Defendants at approximately 11:00 a.m. on August 18, 2003, indicating his intention to file a Motion to Compel if the parties could not reach agreement regarding issues with respect to Defendants' Response to Plaintiff's Request For Production of Documents. The substance of these disputes was contained in a four-page letter faxed to Defendants' counsel at 11:52 a.m. the same day. (Ex. A.) Although Defendants served their responses to Plaintiff's Request for Production of Documents on June 10, 2003, (Ex. B), this was the first time Plaintiff raised these issues. Simply put, Plaintiff's request that Defendants respond within hours to fourteen particularized issues related to their Response to Plaintiff's Request for Production of Documents was unreasonable. The timing of this request does not reflect a good faith effort to resolve these discovery disputes. Plaintiff has offered no explanation as to why she could not have raised these issues with Defendants in over two months since receiving Defendants' Responses. Had she done so, the parties could have engaged in a meaningful effort to resolve the disputes without Court intervention.

The only issue with Defendants' responses that Plaintiff had raised prior to August 18, 2003, occurred a week earlier when, on August 11, 2003 Plaintiff's counsel requested that Defendants add bates number references to their responses to assist Plaintiff's review of them. Defendants complied with this request by way of a revised response served three days later. (Ex. C).

In addition to violating the local rules, Plaintiff's Motion disregards this Court's Standing Order of January 2, 2003. That Order requires that all discovery disputes in this matter be submitted informally to Magistrate Judge Rapoport. Only after a decision by Judge Rapoport on the informal request may a party seek formal relief from the Court, by way of a Petition to Review Magistrate Judge Rapoport's decision. Although Plaintiff did send a letter to Judge Rapoport as contemplated by this Order, she failed to allow Judge Rapoport any opportunity to act on her request, filing her Motion to Compel on the same date.

Plaintiff's Motion violates Local Rule 26.1(f) and this Court's January 2, 2003 Standing Order. It should be denied for that reason alone.

      **B.**    **Plaintiff's Objections to Defendants' Responses are Without Merit.**

Plaintiff has failed to demonstrate how any of the documents she claims should be produced are relevant to this case or are likely to lead to the discovery of admissible evidence. Indeed, in most instances, Plaintiff's Motion fails to provide any explanation at all as to why the information she requests should be produced. Defendants' specific responses to the documents Plaintiffs seek are as follows:

1.      Plaintiff requests the complete personnel files of Garnell Bailey. Defendants have already produced Ms. Bailey's complete personnel file and Plaintiff does not articulate in what manner Defendants' response is incomplete. There is no dispute here, as Defendants simply have no further responsive documents.

2.      Plaintiff requests documents regarding the formula for granting any severance pay. No such documents exist. Agere has no severance pay policy, formal or informal. (Ex. E, Deposition of Kevin Pennington, at 105-06).

3.      Plaintiff requests documents related to Paul Dumas, Russ Diehl, Michael Henrici, John O'Donnell and Aaron Brown. Plaintiff claims that she was discriminated against compared to these white male individuals with respect to her compensation. For purposes of this claim, the relevant inquiry is whether Plaintiff received equal pay for equal work. <u>Angelo v. Bacharach Instrument Co.</u>, 555 F.2d 1164, 1176 (3d Cir. 1977). Accordingly, Defendants have produced documents detailing these individuals' job and compensation histories. Plaintiff does not articulate how the remainder of the information requested in Item No. 3 is relevant to the claims in this case.

5, 11, 12.      Plaintiff objects to the attorney-client privilege and work product doctrine objections to Document Request Nos. 13, 27 and 28 on the basis that Defendants did not provide information sufficient for Plaintiff to evaluate these claims of privilege. Plaintiff's objection to this response is now moot. On August 28, 2003, Defendants served a Second Supplemental

Response to Plaintiff's Request for Production of Documents, which contains a detailed privilege log with respect to several requests including, Request Nos. 13, 27 and 28.[1]

6. Plaintiff requests any diary, pocket calendar, desk calendar, journal, etc. kept by Plaintiff. As Defendants made clear in their initial response, they have no documents responsive to this Request. Accordingly, the merits of the objection in Defendants' original response are irrelevant. There are no documents to produce.

7. Plaintiff requests records related to stock options granted between 1996 and 2000. As acknowledged in Plaintiff's Motion, Defendants provided records related to stock options granted in 2001, the only stock option grant Plaintiff has challenged in her Complaint. Plaintiff has made no attempt to articulate why she is entitled to documents related to stock options provided before 2001.

8. Plaintiff alleges that Defendants failed to segregate documents responsive to Request No. 19. This objection is moot. After Plaintiff's counsel raised this concern by phone to Defendant's counsel on August 11, 2003, Defendants provided a revised response to Plaintiff's Request for Production of Documents, dated August 14, 2003, identifying a specific bates number of documents responsive to Request No. 19. (Ex. C).

9, 10. Plaintiff requests organizational charts for 2000 and 2001. There is no dispute here because Defendants have provided all responsive documents. Plaintiff's belief that additional documents must exists does not make it so. Defendants have no further documents to produce in response to Request Nos. 20 and 21.

---

[1] As this supplemental response and the revised response of August 14, 2003 demonstrate, had Plaintiff given Defendants a meaningful opportunity to address her concerns, as required by the Local Rules of this Court, many of the issues in her Motion to Compel could have been resolved by the parties without Court intervention.

13. Plaintiff requests EEO-1 reports of Defendant Lucent Technologies Inc. Plaintiff has failed to articulate how Lucent's EEO-1 Reports are in any way relevant to her individual claim of discrimination. EEO-1 Reports set forth in very broad categories the racial and gender composition of Lucent's workforce. This information has no relevance to the issue of whether Agere terminated, compensated or otherwise discriminated against Bailey because of her race or sex. Moreover, any Lucent EEO-1 Reports would not be reflective of the racial and gender composition of Bailey's employer, Agere, in 2001, the year in which she alleges Agere discriminated against her.

14. Plaintiff requests documents related to Plaintiff's disability application, medical reports, disability terminations and records of payments. The only documents Defendants have are their disability medical notes, which have been produced. There is no dispute here, because Defendants have produced all responsive documents.

15. Plaintiff requests documents responsive to Request No. 26. Defendants indicated they would produce responsive documents if they had any. Defendants have determined that they have no responsive documents. Therefore, there are no documents to produce.

### III.  Conclusion

For the foregoing reasons, Plaintiff's Motion to Compel should be denied.

        Respectfully submitted,

        LITTLER MENDELSON, P.C.

        _____
        Robert W. Cameron  (Pa. I.D. No. 69059)
        Theodore A. Schroeder  (Pa. I.D. No. 80559)
        Dominion Tower
        625 Liberty Avenue, 26th Floor
        Pittsburgh, PA  15222
        (412) 201-7600

        Attorneys for Defendants,
Dated:  September 4, 2003        Lucent Technologies Inc. and Agere Systems Inc.

## CERTIFICATE OF SERVICE

I certify that on this 4th day of September, 2003, a true and correct copy of the foregoing **Defendants' Opposition to Plaintiff's Motion to Compel Responses to Request for Production of Documents** was caused to be served via first-class United States mail, postage prepaid, upon the following counsel of record:

        Glennis L. Clark, Esquire
        532 Walnut Street
        Allentown, PA  18101


        Erika B. Fisher

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARNELL BAILEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 02-4683 |
| ) | |
| v. ) | Judge James Knoll Gardner |
| ) | |
| LUCENT TECHNOLOGIES INC. and ) | |
| AGERE SYSTEMS INC., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

AND NOW, this ____ day of _____, 2003 upon consideration of Plaintiff's Motion to Compel Responses to Request for Production of Documents, and Defendants' Opposition, it is hereby ORDERED that the Motion is DENIED.

_____
J.