IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARNELL BAILEY | ) | |
| | ) | No. 02 CV 4683 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LUCENT TECHNOLOGIES INC. and | ) | HONORABLE JAMES KNOLL GARDNER |
| AGERE SYSTEMS INC. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF NON-HUMAN RESOURCES DEPARTMENT DIRECTOR SALARIES

Defendants, Lucent Technologies Inc. and Agere Systems Inc. ("Defendants"), by and through their undersigned counsel, hereby move the Court to preclude Plaintiff, Garnell Bailey ("Bailey"), from introducing at trial any evidence of non-Human Resources department Director salaries. The reasons supporting this Motion are set forth in a supporting Brief, which is being filed concurrently with this Motion and the contents of which are incorporated herein by reference.

WHEREFORE, Defendants respectfully request that the Court preclude Bailey from introducing at trial testimony or other evidence regarding the salaries of directors outside the Human Resources department.

Respectfully submitted,

October 8, 2003

_____
Robert W. Cameron, Pa. I.D. No. 69059
Theodore A. Schroeder, Pa. I.D. No. 80559
LITTLER MENDELSON, P.C.
Dominion Tower
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
(412) 201-7600

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARNELL BAILEY, )<br>)<br>Plaintiff, )<br>) No. 02 CV 4683<br>vs. )<br>) Judge James Knoll Gardner<br>LUCENT TECHNOLOGIES INC. and )<br>AGERE SYSTEMS INC. )<br>)<br>)<br>Defendant. ) | |

## **ORDER**

AND NOW, this ____ day of _____, 2003, upon consideration of Defendant's Motion In Limine To Preclude Evidence Non-Human Resources Department Director Salaries, it is hereby ORDERED that said Motion is GRANTED. Plaintiff may not introduce at trial testimony or other evidence regarding the salaries of directors outside the Human Resources department.

_____
JAMES KNOLL GARDNER
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October, 2003, I caused to be served a true and correct copy of the foregoing Defendant's Motion In Limine To Preclude Evidence Of The Salaries Of Directors Outside The Human Resources Department by first-class United States mail upon the following counsel of record:

>Glennis L. Clark, Esquire
>Law Offices of Glennis L. Clark
>532 Walnut Street
>Allentown, PA 18101

_____
Erika B. Fisher

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARNELL BAILEY ) | |
| ) | No. 02 CV 4683 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| LUCENT TECHNOLOGIES INC. and ) | HONORABLE JAMES KNOLL GARDNER |
| AGERE SYSTEMS INC. ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF NON-HUMAN RESOURCES DEPARTMENT DIRECTOR SALARIES**

Defendants, Lucent Technologies Inc. and Agere Systems Inc. ("Defendants"), by and through their undersigned counsel, hereby file this Brief in Support of their Motion in Limine to Preclude Plaintiff, Garnell Bailey ("Bailey"), from introducing at trial any evidence of non-Human Resources department Director salaries.

**I.    Relevant Facts**

Bailey claims that Defendants discriminated against because of her race and sex with respect to her compensation. In support of her claims, Bailey has alleged that Defendants hired or promoted white males to positions of Director within the Human Resources department, all at salaries significantly higher than hers. (Ex. A, Amended Complaint, ¶ 21; Ex. B, Bailey Dep. at 60-61).

During discovery, Bailey produced two charts that purportedly set forth salaries of directors throughout the former Microelectronics unit of Lucent, which is now Agere. (Ex. C). Defendants anticipate that Bailey will attempt to introduce at trial these charts or other evidence regarding Director salaries in support of her discrimination claims.

## II. Argument

To establish a *prima facie* case of discriminatory compensation under the Equal Pay Act and Title VII, Bailey must prove that Defendants pay different wages to employees of the opposite sex or race "for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions." Byrnes v. Herion, Inc. 764 F. Supp. 1026, 1030 (W.D. Pa. 1991) (citing Angelo v. Bacharach Instrument Co., 555 F.2d 1164 (3d Cir. 1977), quoting Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1975)).

Only evidence that is relevant to Bailey's claims is admissible. See Fed. R. Evid. 402. "Relevant evidence" means evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.

In her Amended Complaint and during her deposition, Bailey stated that she was not paid in equality with white male directors within the Human Resources department, specifically Paul Dumas, Michael Henrici, John O'Donnell and Russ Diehl. (Ex. B, Bailey Dep. at 61). Any evidence pertaining to the salaries of directors outside the Human Resources department has no bearing on whether Bailey was discriminated against with regard to her salary as a director within the Human Resources department. Accordingly, this Court should preclude any evidence or testimony regarding the salaries of directors outside the Human Resources department as irrelevant and inadmissible. Fed. R. Evid. 401, 402.

### III. Conclusion

For the foregoing reasons, this Court should grant Defendants' Motion in Limine to Preclude Evidence of Non-Human Resource Department Director Salaries, and should preclude Bailey from introducing at trial testimony or other evidence regarding the salaries of directors outside the Human Resources department.

Respectfully submitted,

October 8, 2003

_____
Robert W. Cameron, Pa. I.D. No. 69059
Theodore A. Schroeder, Pa. I.D. No. 80559
LITTLER MENDELSON, P.C.
Dominion Tower
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
(412) 201-7600

Attorney for Defendants,
Lucent Technologies Inc. and
Agere Systems Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October, 2003, I caused to be served a true and correct copy of the foregoing Brief in Support of Defendants' Motion In Limine To Preclude Evidence Of The Salaries Of Directors Outside The Human Resources Department by first-class United States mail upon the following counsel of record:

> Glennis L. Clark, Esquire
> Law Offices of Glennis L. Clark
> 532 Walnut Street
> Allentown, PA 18101

_____
Erika B. Fisher