IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARNELL BAILEY,  Plaintiff, vs. LUCENT TECHNOLOGIES INC. and AGERE SYSTEMS INC.  Defendants. | ) ) No. 02 CV 4683 ) ) ) ) HONORABLE JAMES KNOLL GARDNER ) ) ) ) ) |

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF SEVERANCE PAYMENTS MADE TO OTHER EMPLOYEES

Defendants, Lucent Technologies Inc. and Agere Systems Inc. ("Defendants"), by and through their undersigned counsel, hereby move the Court to preclude Plaintiff, Garnell Bailey ("Bailey"), from introducing at trial any evidence of severance payments made to other employees. The reasons supporting this Motion are set forth in a supporting Brief, which is being filed concurrently with this Motion and the contents of which are incorporated herein by reference.

WHEREFORE, Defendants respectfully request that the Court preclude Bailey from introducing at trial testimony or other evidence regarding severance payments made to other employees.

Respectfully submitted,

October 8, 2003

_____
Robert W. Cameron, Pa. I.D. No. 69059
Theodore A. Schroeder, Pa. I.D. No. 80559
LITTLER MENDELSON, P.C.
Dominion Tower
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
(412) 201-7600

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARNELL BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02 CV 4683 |
| vs. ) | |
| ) | Judge James Knoll Gardner |
| LUCENT TECHNOLOGIES INC. and ) | |
| AGERE SYSTEMS INC. ) | |
| ) | |
| ) | |
| Defendant. ) | |

## ORDER

AND NOW, this ____ day of _____, 2003, upon consideration of Defendants' Motion In Limine To Preclude Evidence Of Severance Payments Made To Other Employees, it is hereby ORDERED that said Motion is GRANTED.  Plaintiff may not introduce at trial testimony or other evidence regarding severance payments made to other employees who left the employment of Defendants.

_____
JAMES KNOLL GARDNER
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October, 2003, I caused to be served a true and correct copy of the foregoing Defendants' Motion In Limine To Preclude Evidence Of Severance Payments Made To Other Employees by first-class United States mail upon the following counsel of record:

>Glennis L. Clark, Esquire
>Law Offices of Glennis L. Clark
>532 Walnut Street
>Allentown, PA 18101

>_____
>Erika B. Fisher

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARNELL BAILEY ) | |
| ) | No. 02 CV 4683 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | HONORABLE JAMES KNOLL GARDNER |
| LUCENT TECHNOLOGIES INC. and ) | |
| AGERE SYSTEMS INC. ) | |
| ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF SEVERANCE PAYMENTS MADE TO OTHER EMPLOYEES**

Defendants, Lucent Technologies Inc. and Agere Systems Inc. ("Defendants"), by and through their undersigned counsel, hereby file this Brief in Support of their Motion in Limine to Preclude Plaintiff, Garnell Bailey ("Bailey"), from introducing at trial any evidence of severance payments made to other employees.

**I.    Relevant Facts**

Bailey claims that Defendants discriminated against her in the terms and conditions of her employment and terminated her because of her race, sex and alleged disability.  She also claims that Defendants retaliated against her by terminating her employment.  In support of her claims, Bailey has alleged that Defendants denied her a severance package upon termination, when such packages were offered to other employees upon leaving Defendants' employment.  (Ex. A, Bailey Dep. at 60).

Defendants have no severance policy for directors, the position Bailey held at the time of her termination.  Kevin Pennington ("Pennington") testified in his deposition that there was no policy with regard to severance packages for directors, and that

determinations were made on an individual case-by-case basis. (Ex. B, Pennington Dep. at 105). Furthermore, Pennington testified that Defendants do not grant severance packages when an employee is terminated for *cause*, as Bailey was. (Ex. B, Pennington Dep. at 106)

II.     **Argument**

Only evidence that is relevant to Bailey's claims is admissible. See Fed. R. Evid. 402. "Relevant evidence" means evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.     To prevail on her claims of discrimination, Bailey must demonstrate that she was treated differently than other similarly situated individuals outside of her protected class. See Jackson v. University of Pittsburgh, 826 F.2d 230, 233 (3d Cir. 1987). Bailey has not demonstrated, and cannot demonstrate, that her circumstances were similar to any other employee who was offered a severance package. The fact that severance packages were determined on a case-by-case basis and were not given to individuals terminated for *cause* makes any evidence of severance packages given to other employees wholly irrelevant and inadmissible pursuant to Federal Rules of Evidence 401 and 402.

Furthermore, any evidence of severance packages received by others should be excluded pursuant to Federal Rule of Evidence 403. Rule 403 permits a court to exclude relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice or of misleading the jury. See Fed. R. Evid. 403. Any evidence of severance packages received by others, even if found probative by the Court, could

improperly suggest to the jury that Bailey was entitled to a similar amount of money for reasons that have no bearing on Bailey's claims.

### III. Conclusion

For the foregoing reasons, this Court should grant Defendants' Motion in Limine to Preclude Evidence of Severance Payments Made to Other Employees, and should preclude Bailey from introducing at trial testimony or other evidence regarding severance payments made to other employees.

Respectfully submitted,

October 8, 2003

_____
Robert W. Cameron, Pa. I.D. 69059
Theodore A. Schroeder, Pa. I.D. No. 80559
LITTLER MENDELSON, P.C.
Dominion Tower
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
(412) 201-7600

Attorney for Defendants,
Lucent Technologies Inc. and
Agere Systems Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October, 2003, I caused to be served a true and correct copy of the foregoing Brief in Support of Defendants' Motion In Limine To Preclude Evidence Of Severance Payments Made To Other Employees by first-class United States mail upon the following counsel of record:

> Glennis L. Clark, Esquire
> Law Offices of Glennis L. Clark
> 532 Walnut Street
> Allentown, PA 18101

_____
Erika B. Fisher