IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARNELL BAILEY | ) |
| | ) No. 02 CV 4683 |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) HONORABLE JAMES KNOLL GARDNER |
| LUCENT TECHNOLOGIES INC. and AGERE SYSTEMS INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF STOCK OPTION GRANTS PRIOR TO 2001**

Defendants, Lucent Technologies Inc. and Agere Systems Inc. ("Defendants"), by and through their undersigned counsel, hereby move the Court to preclude Plaintiff, Garnell Bailey ("Bailey"), from introducing at trial any evidence of employee stock options granted prior to 2001. The reasons supporting this Motion are set forth in a supporting Brief, which is being filed concurrently with this Motion and the contents of which are incorporated herein by reference.

WHEREFORE, Defendants respectfully request that the Court preclude Bailey from introducing at trial testimony or other evidence regarding stock option grants prior to 2001.

Respectfully submitted,

October 8, 2003

_____
Robert W, Cameron, Pa. I.D. No. 69059
Theodore A. Schroeder, Pa. I.D. No. 80559
LITTLER MENDELSON, P.C.
Dominion Tower
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
(412) 201-7600

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARNELL BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02 CV 4683 |
| vs. ) | |
| ) | Judge James Knoll Gardner |
| LUCENT TECHNOLOGIES INC. and ) | |
| AGERE SYSTEMS INC. ) | |
| ) | |
| ) | |
| Defendant. ) | |

**ORDER**

AND NOW, this ____ day of _____, 2003, upon consideration of Defendants' Motion In Limine To Preclude Evidence Of Stock Option Grants Prior To 2001, it is hereby ORDERED that said Motion is GRANTED. Plaintiff may not introduce at trial testimony or other evidence regarding stock option grants prior to 2001.

_____
JAMES KNOLL GARDNER
United States District Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October 2003, I caused to be served a true and correct copy of the foregoing Defendants' Motion In Limine To Preclude Evidence Of Stock Option Grants Prior To 2001 by first-class United States mail upon the following counsel of record:

>Glennis L. Clark, Esquire
>Law Offices of Glennis L. Clark
>532 Walnut Street
>Allentown, PA 18101

>_____
>Erika B. Fisher

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARNELL BAILEY ) | |
| ) | No. 02 CV 4683 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | HONORABLE JAMES KNOLL GARDNER |
| LUCENT TECHNOLOGIES INC. and ) | |
| AGERE SYSTEMS INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF STOCK OPTION GRANTS PRIOR TO 2001**

Defendants, Lucent Technologies Inc. and Agere Systems Inc. ("Defendants"), by and through their undersigned counsel, hereby file this Brief in Support of their Motion in Limine to Preclude Plaintiff Garnell Bailey from introducing at trial any evidence of employee stock option grants made prior to 2001.

**I.    Relevant Facts**

Bailey claims that Defendants discriminated against her with regard to a stock option grant in 2001. Specifically, she claims that she received fewer options than she was entitled to receive in that grant. (Amended Complaint, ¶ 17; Ex. A, Bailey Dep. at 71).

In neither her Amended Complaint nor in her deposition testimony did Bailey make any mention of stock option grants prior to 2001, nor has she complained that Defendants discriminated against her with regard to stock options granted prior to 2001. Defendants anticipate, however, that Bailey will attempt to introduce evidence of stock

option grants given to employees prior to 2001 in support of her claims of discrimination. Indeed, Bailey sought such information during discovery in this case.

II.     **Argument**

In order to prevail on her claims of discrimination, Bailey must demonstrate that she was treated differently than other similarly situated individuals outside of her protected class. See Jackson v. University of Pittsburgh, 826 F.2d 230, 233 (3d Cir. 1987). Specifically, to establish a *prima facie* case of discriminatory compensation under the Equal Pay Act and Title VII, Bailey must prove that Defendants paid different wages to employees of the opposite sex or race "for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions." Byrnes v. Herion, Inc. 764 F. Supp. 1026, 1030 (W.D. Pa. 1991) (citing Angelo v. Bacharach Instrument Co., 555 F.2d 1164 (3d Cir. 1977), quoting Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1975)).

Only evidence that is relevant to Bailey's claims is admissible. See Fed. R. Evid. 402. "Relevant evidence" means evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Bailey's Amended Complaint and deposition testimony allege only that the stock option grant in 2001 was discriminatory. Therefore, any evidence of stock option grants made prior to 2001 lacks probative value and has no bearing on her claims. See Fed. R. Evid. 401. This is particularly true since Kevin Pennington, who made the decision on the amount of options Bailey would receive in 2001, did not begin his employment with Agere until

February 2001. (Ex. B, Pennington Dep. at 4). Accordingly, Pennington had no involvement in prior years' stock option grants.

Moreover, Bailey's claim related to the 2001 stock option grant is based on guidelines that were applicable only to Agere's initial public offering. These guidelines did not apply in prior years. (Ex. C). Therefore, any testimony or other evidence regarding stock option grants made prior to February 2001 is inadmissible pursuant to Federal Rule of Evidence 402.

### III.  Conclusion

For the foregoing reasons, this Court should grant Defendants' Motion in Limine to Preclude Evidence of Stock Option Grants Prior to 2001, and should preclude Bailey from introducing at trial testimony or other evidence regarding stock option grants prior to 2001.

Respectfully submitted,

October 8, 2003

_____
Robert W. Cameron, Pa. I.D. 69059
Theodore A. Schroeder, Pa. I.D. No. 80559
LITTLER MENDELSON, P.C.
Dominion Tower
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
(412) 201-7600

Attorney for Defendants,
Lucent Technologies Inc. and
Agere Systems Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October 2003, I caused to be served a true and correct copy of the foregoing Brief in Support of Defendants' Motion In Limine To Preclude Evidence Of Stock Option Grants Prior To 2001 by first-class United States mail upon the following counsel of record:

>Glennis L. Clark, Esquire
>Law Offices of Glennis L. Clark
>532 Walnut Street
>Allentown, PA 18101

>_____
>Erika B. Fisher