IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARNELL BAILEY | ) |
| | ) No. 02 CV 4683 |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) HONORABLE JAMES KNOLL GARDNER |
| | ) |
| LUCENT TECHNOLOGIES INC. and | ) |
| AGERE SYSTEMS INC. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF ALLEGED THREATS MADE BY DEWAYNE RIDEOUT**

Defendants, Lucent Technologies Inc. and Agere Systems Inc. ("Defendants"), by and through their undersigned counsel, hereby move the Court to preclude Plaintiff, Garnell Bailey ("Bailey"), from introducing at trial any evidence of alleged threats made by Dewayne Rideout. The reasons supporting this Motion are set forth in a supporting Brief, which is being filed concurrently with this Motion and the contents of which are incorporated herein by reference.

WHEREFORE, Defendants respectfully request that the Court preclude Bailey from introducing at trial testimony or other evidence regarding alleged threats made by Dewayne Rideout.

Respectfully submitted,

October 8, 2003

_____
Robert W. Cameron, Pa. I.D. No. 69059
Theodore A. Schroeder, Pa. I.D. No. 80559
LITTLER MENDELSON, P.C.
Dominion Tower
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
(412) 201-7600

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARNELL BAILEY, )<br>)<br>  Plaintiff, )<br>)<br>  vs. )<br>)<br>LUCENT TECHNOLOGIES INC. and )<br>AGERE SYSTEMS INC. )<br>)<br>)<br>  Defendant. ) | No. 02 CV 4683<br><br>Judge James Knoll Gardner |

## **ORDER**

AND NOW, this ____ day of _____, 2003, upon consideration of Defendants' Motion In Limine To Preclude Evidence Of Alleged Threats Made By Dewayne Rideout, it is hereby ORDERED that said Motion is GRANTED.  Plaintiff may not introduce at trial testimony or other evidence regarding alleged threats made by Dewayne Rideout.

_____
JAMES KNOLL GARDNER
United States District Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October, 2003, I caused to be served a true and correct copy of the foregoing Defendants' Motion In Limine To Preclude Evidence Of The Alleged Threats Made By Dewayne Rideout by first-class United States mail upon the following counsel of record:

>Glennis L. Clark, Esquire
>Law Offices of Glennis L. Clark
>532 Walnut Street
>Allentown, PA 18101

_____
Erika B. Fisher

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARNELL BAILEY ) | |
| ) | No. 02 CV 4683 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | HONORABLE JAMES KNOLL GARDNER |
| ) | |
| LUCENT TECHNOLOGIES INC. and ) | |
| AGERE SYSTEMS INC. ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF ALLEGED THREATS MADE BY DEWAYNE RIDEOUT**

Defendants, Lucent Technologies Inc. and Agere Systems Inc. ("Defendants"), by and through their undersigned counsel, hereby file this Brief in Support of their Motion in Limine to Preclude Plaintiff, Garnell Bailey ("Bailey"), from introducing at trial any evidence of alleged threats made by Dewayne Rideout.

**I.    Relevant Facts**

Bailey claims that Defendants discriminated against her in the terms and conditions of her employment and terminated her because of her race, sex and alleged disability.  She also claims that Defendants retaliated against her by terminating her employment.  In support of her claim for sex discrimination, Bailey alleges that she was treated differently than Dewayne Rideout, a black male, who she alleges had threatened co-workers Matt Riley ("Riley"), Dennis Hill ("Hill") and Dan Dileo ("Dileo").  (Ex. A, Bailey Dep. at 279-80, 289).

II.     **Argument**

In order to properly compare herself to Rideout, Bailey must show "[that Rideout's] acts were of 'comparable seriousness' to her own infraction." See Anderson v. Haverford College, 868 F. Supp. 741, 745 (E.D. Pa. 1994). To make such a showing, Bailey must demonstrate that Rideout "engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." See id. Bailey has not made, and cannot make, this showing here.

The alleged threat made by Rideout to Hill occurred during a discussion over a personnel issue and was not taken literally, nor was it even taken as a threat by Hill. (Ex. B, Hill Affidavit ¶¶ 4,5). The alleged threat made by Rideout to Riley occurred during a work-related meeting. The issue was resolved before the meeting concluded, and Riley did not feel threatened in any way. (Ex. C, Riley Affidavit ¶¶ 4,5). Although Bailey also claims that she heard of an alleged threat made by Rideout to Dileo, she has no actual knowledge of such a threat, and Dileo has denied that he was ever threatened by Rideout. (Ex. A, Bailey Dep. at 289-90; Ex. D, Dileo Aff. ¶ 3).

Only evidence that is relevant to Bailey's claims is admissible. See Fed. R. Evid. 402. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Bailey's threat toward Kevin Pennington - that she had a gun and could not guarantee she would not harm him - is clearly distinguishable from the alleged conduct of Rideout, which amounted to nothing more than disagreements with co-workers during meetings.

Moreover, Pennington legitimately felt threatened by Bailey's comments, (Ex. E, Pennington Dep. at 62-64), while neither Riley nor Hill felt threatened by Rideout. (Ex. C, Riley Aff. ¶ 5; Ex. B, Hill Aff. ¶ 5).

In <u>Phillips v. Union Pac. R.R.</u>, 216 F.3d 703, 706 (8th Cir. 2000), the court rejected a comparison of the plaintiff's conduct, that of threatening bodily harm, with the conduct of a co-worker, which did not involve death threats or cause the company to fear that he might intentionally harm a co-worker. <u>See</u> <u>id.</u> Threats that reasonably place a supervisor in fear for his life are clearly grounds for discharge; on the contrary, non-threatening disagreements with co-workers are not of comparable seriousness. <u>See</u> <u>Anderson</u>, 868 F. Supp. at 745. For these reasons, the Court should preclude any evidence or testimony regarding alleged threats made by Rideout as irrelevant and inadmissible pursuant to Federal Rules of Evidence 401 and 402.

Furthermore, even if this Court finds the evidence of Rideout's alleged threats to be relevant, such evidence should be precluded pursuant to Rule 403 of the Federal Rules of Evidence. Rule 403 permits a court to exclude relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice. <u>See</u> Fed. R. Evid. 403. The Advisory Committee Note on Rule 403 defines "unfair prejudice" as an "undue tendency to suggest [a] decision on an improper basis." The alleged threats made by Rideout are of no comparison to the threat made by Bailey. Bailey's threat put Pennington in legitimate fear for his life, as opposed to the alleged threats by Rideout which put no one in fear. Allowing the jury to hear evidence regarding the alleged threats made by Rideout would unfairly prejudice Defendants by placing before the jury an improper basis to render a decision. For these reasons, this Court should preclude any

evidence or testimony regarding the alleged threats made by Rideout as unfairly prejudicial pursuant to Federal Rule of Evidence 403.

### III. Conclusion

For the foregoing reasons, this Court should grant Defendants' Motion in Limine to Preclude Evidence of Alleged Threats Made By Dewayne Rideout, and should preclude Bailey from introducing at trial testimony or other evidence regarding alleged threats made by Dewayne Rideout.

Respectfully submitted,

October 8, 2003

_____
Robert W. Cameron, Pa. I.D. No. 69059
Theodore A. Schroeder, Pa. I.D. No. 80559
LITTLER MENDELSON, P.C.
Dominion Tower
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
(412) 201-7600
Attorney for Defendants,
Lucent Technologies Inc. and
Agere Systems Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October, 2003, I caused to be served a true and correct copy of the foregoing Brief in Support of Defendants' Motion In Limine To Preclude Evidence Of The Alleged Threats Made By Dewayne Rideout by first-class United States mail upon the following counsel of record:

>Glennis L. Clark, Esquire
>Law Offices of Glennis L. Clark
>532 Walnut Street
>Allentown, PA 18101

_____
Erika B. Fisher