IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARNELL BAILEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LUCENT TECHNOLOGIES INC. and )<br>AGERE SYSTEMS INC., )<br>)<br>Defendants. ) | Civil Action No. 02-4683<br><br>Judge James Knoll Gardner |

**DEFENDANTS' TRIAL MEMORANDUM**

Pursuant to the Court's Jury Trial Attachment Order dated April 1, 2003, the following constitutes Defendants' Trial Memorandum.

**I.     EXHIBIT IDENTIFICATION**

1. Agere Systems Employee Profile Report for Garnell Bailey.

2. Resume of Garnell V. Bailey, Ph.D.

3. Summary of compensation history of Garnell V. Bailey prepared by Bailey.

4. Fiscal year 2001 base salary ranges (effective 10/1/00).

5. Agere Systems Employee Profile Report for Paul Dumas.

6. Agere Systems Employee Profile Report for Russell Diehl.

7. Agere Systems Employee Profile Report for Michael Henrici.

8. Agere Systems Employee Profile Report for John O'Donnell.

9. Job Description for Vice President, HR Business Operations and Services.

10. Job Description for Director, Benefits.

11. Job Description for Senior Manager, HR Performance and Assurance Planning and Director, Organization Development.

12. Job Description for Director, HR Services.

13. Job Description for Senior Manager, Talent Acquisition.

14. Agere Systems IPO Stock Options Guidelines.

15. October 24, 2001 summary of IPO Stock Options granted to employees in the Pennington Human Resources Organization.

16. March 24, 1999 e-mail from Matthew Riley to Doris Robinson attaching March 16, 1999 e-mail from Patricia Ann Zavilla enclosing Microelectronics policy for staffing D-Level positions.

17. Microelectronic Human Resources Organization chart dated September 1, 2000.

18. Human Resources Organization chart (undated).

19. April 18, 2001 e-mail from Joanne Lamendola, on behalf of Kevin Pennington, regarding new HR organization structure, including enclosures.

20. Proposed HR organizational chart entitled "Restructured HR-Redeployed Talent"

21. April 18, 2001 e-mail from Joanne Lamendola regarding Garnell Bailey's title.

22. Summary of 2001 changes to disability and savings/401(k) plans.

23. Lucent policy on sickness disability absences.

24. Agere Systems' Equal Opportunity Policy Statement, dated July 9, 2001.

25. Treatment records and notes of Patricia L. Gordy, LSW.

26. Treatment records and notes of Richard Goy, M.D.

27. Treatment records and notes of Hugo N. Twaddle, M.D.

28. Treatment records and notes of Abel Gonzalez, M.D.

29. Disability notes of Lucent and Agere for Garnell Bailey, dated November 27, 2001.

30. September 20, 2001 note from Muhlenberg Primary Care, P.C., releasing Garnell Bailey for full duty.

31. Medical Release Form for Garnell Bailey signed by Richard Goy, M.D., dated October 4, 2001.

32. December 6, 2001 note from Muhlenberg Primary Care, P.C. clearing Garnell Bailey to return to work.

33. December 6, 2001 letter of Richard Goy, M.D., clearing Garnell Bailey to return to work.

34. Agere Systems' policy on violence in the workplace.

35.  Articles/studies detailing problem of violence in the workplace.

36.  Application/Record of Sale for firearm purchase by Garnell V. Bailey.

37.  Notes of Susan Lovegrove-Geise from October 1, 2001 phone call with Garnell Bailey.

38.  Incident Report of Agere Systems for Incident No. INVD2001-10-00007.

39.  Receipt from Army & Navy Store reflecting return of gun, dated October 3, 2002.

40.  December 11, 2001 letter from Paul Dumas to Garnell Bailey re termination of Bailey's employment.

41.  EEOC Charge of Discrimination of Garnell V. Bailey, Ph.D., dated August 15, 2001.

42.  Affidavit of Garnell V. Bailey, Ph.D. dated August 15, 2001, including attachments.

43.  Charge Information Questionnaire of Garnell V. Bailey, Ph.D., dated August 15, 2001.

44.  Witness Questionnaire of Garnell V. Bailey, Ph.D., dated August 15, 2001.

45.  Remedy information of Garnell V. Bailey, Ph.D., dated August 2001.

46.  EEOC Charge of Discrimination of Garnell V. Bailey, Ph.D., dated March 27, 2002.

47.  Allegations of Employment Discrimination of Garnell V. Bailey, Ph.D., dated March 27, 2002.

48.  Affidavit of Garnell V. Bailey, dated March 27, 2002.

49.  Remedy information of Garnell V. Bailey dated March 21, 2002.

50.  Witness Questionnaire of Garnell V. Bailey, dated March 21, 2002.

51.  Conduct Related Discipline Questionnaire of Garnell V. Bailey, dated March 21, 2002.

52.  Charge Information Questionnaire of Garnell V. Bailey, dated March 27, 2002.

53.  Letter from Richard J. Heleniak to EEOC enclosing documents on behalf of Garnell V. Bailey, dated April 1, 2002.

54.  Summary of short-term disability payments made to Garnell V. Bailey.

55. 2002 W-2 Forms of Garnell V. Bailey from Agere Systems, Inc., Northhampton County Area Community College, Susquehanna Pfaltzgraff.

56. 2002 Income Statement from Fidelity Investments, Lucent Retirement Income Plan.

57. Statement of Unemployment Compensation payments to Garnell V. Bailey in 2002.

58. Summary of Garnell Bailey employment history from 1982 to present.

59. Job search matrix of Garnell Bailey dated December 2, 2002.

60. Expert Report of Brian P. Sullivan, Ph.D.

61. Expert Report of Robert L. Sadoff, M.D.

62. Excerpts from the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM-IV)

**II.  EXPERT WITNESSES**

1. Brian P. Sullivan, Ph.D.
   The Center for Forensic Economic Studies
   1608 Walnut Street, Suite 1200
   Philadelphia, PA  19103

   Field of Expertise:  Economist (to testify regarding Bailey's alleged economic loss)

2. Robert L. Sadoff, M.D.
   Suite 326, The Pavilion
   261 Old York Road
   Jenkintown, PA  19046

   Field of Expertise:  Psychiatrist (to testify regarding Bailey's alleged disability and alleged emotional damages)

**III.  EXPERT WITNESS CURRICULUM VITAE**

1. The Curriculum Vitae of Brian P. Sullivan, Ph.D., is attached as Exhibit A.

2. The Curriculum Vitae of Robert L. Sadoff, M.D., is attached as Exhibit B.

IV.  **FACT WITNESSES TO BE CALLED AT TRIAL**

   1. Kevin Pennington
      Senior Vice President of Human Resources
      Agere Systems Inc.
      c/o Littler Mendelson
      Dominion Tower
      625 Liberty Avenue, 26th Floor
      Pittsburgh, PA  15222

      - Information regarding the 2001 reorganization of Agere's Human Resources ("HR"), job responsibilities and compensation of Plaintiff and other employees in Agere's HR department, IPO stock option grant in 2001, treatment of Plaintiff in the HR department, threats Plaintiff made toward him and Agere's response, Plaintiff's termination

   2. Susan Lovegrove-Geise, MSW, LSW
      2302 West Allen Street
      Allentown, PA  18104

      - Information regarding Plaintiff's disability leave, threats made by Plaintiff toward Kevin Pennington

   3. Patricia Gordy, LSW
      Muhlenberg Behavioral Health/Banko Family Community Center
      2545 Schoenersville Road
      Bethlehem, PA 18017

      - Information regarding Plaintiff's disability leave, her treatment/counseling of Plaintiff, Plaintiff's alleged disability, threats made by Plaintiff toward Kevin Pennington

   4. Hugo Twaddle, M.D.
      Muhlenberg Primary Care, PC
      2649 Schoenersville Road, Suite 201
      Bethlehem, PA 18017

      - Information regarding Plaintiff's disability leave, his treatment/counseling of Plaintiff, Plaintiff's alleged disability

   5. Richard Goy, M.D.
      Healthworks
      2649 Schoenersville Road
      Bethlehem, PA 18017

      - Information regarding Plaintiff's disability leave, his treatment/counseling of Plaintiff, Plaintiff's alleged disability

6.     Anthony Patillo
        Global Security Leader
        Agere Systems Inc.
        c/o Littler Mendelson
        Dominion Tower
        625 Liberty Avenue, 26th Floor
        Pittsburgh, PA  15222

- Information regarding threats Plaintiff made toward Kevin Pennington and Agere's response

7.     Paul Dumas
        Vice President, HR Business Operations and Services
        Agere Systems Inc.
        c/o Littler Mendelson
        Dominion Tower
        625 Liberty Avenue, 26th Floor
        Pittsburgh, PA  15222

- Information regarding the job responsibilities and compensation of Plaintiff and other employees in Agere's HR department, treatment of Plaintiff in the HR department, threats Plaintiff made toward Kevin Pennington and Agere's response, Plaintiff's termination

8.     Matthew Riley
        816 Oak Avenue
        Westfield, NJ  07090

- Information regarding threats Plaintiff alleges Dewayne Rideout made toward him (to be called only if the Court denies Defendants' Motion In Limine To Preclude Evidence Of The Alleged Threats Made By Dewayne Rideout)

9.     Dennis Hill
        6563 Mountain Avenue
        Macungie, PA  18062

- Information regarding threats Plaintiff alleges Dewayne Rideout made toward him (to be called only if the Court denies Defendants' Motion In Limine To Preclude Evidence Of The Alleged Threats Made By Dewayne Rideout)

10.    Daniel DiLeo
        4724 Parkview Drive South
        Emmaus, PA  18049

- Information regarding threats Plaintiff alleges Dewayne Rideout made toward him (to be called only if the Court denies Defendants' Motion In

> Limine To Preclude Evidence Of The Alleged Threats Made By Dewayne Rideout)

11. Garnell V. Bailey
    3563 Driftwood Place
    Bethlehem, PA 18020

    - Information regarding all matters that relate to Plaintiffs' claims and/or alleged damages

Defendants reserve the right to call at trial any witnesses identified in Plaintiff's Trial Memorandum

### V.   DAMAGES CALCULATION

Defendants estimate that Plaintiff's damages, in the unlikely event she is able to prove liability, are between $149,285.00 and $187,613.00.  Moreover, Defendants assert that Plaintiff has no evidence of conduct rising to the standard necessary for an award of punitive or compensatory damages.

### VI.  STATEMENT OF ANTICIPATED SIGNIFICANT AND/OR UNIQUE LEGAL AND PROCEDURAL ISSUES

A.   Unique Legal Issues

None

B.   Motions In Limine

Defendants have filed four Motions In Limine (Motion In Limine To Preclude Evidence Of The Salaries Of Directors Outside The Human Resources Department, Motion In Limine To Preclude Evidence Of Stock Option Grants Prior To 2001, Motion In Limine To Preclude Evidence Of Severance Payments Made To Other Employees, Motion In Limine To Preclude Evidence Of The Alleged Threats Made By Dewayne Rideout) which are incorporated by reference herein.

VII.  **NAMES AND ADDRESSES OF ALL PARTIES**

    Garnell V. Bailey
    3563 Driftwood Place
    Bethlehem, PA  18020

    Agere Systems Inc.
    1110 American Parkway, NE
    Lehigh Valley Central Campus
    Allentown, PA  18109

    Lucent Technologies Inc. – Agere Systems Inc. is the successor in interest to Lucent's Microelectronic Division.

VIII.  **NAME, ADDRESS AND TELEPHONE NUMBER OF TRIAL COUNSEL FOR DEFENDANTS**

    Robert W. Cameron
    Theodore A. Schroeder
    Littler Mendelson
    Dominion Tower
    625 Liberty Avenue, 26th Floor
    Pittsburgh, PA 15222-3110
    Telephone: (412) 201 –7635/7624

IX.  **PROPOSED VOIR DIRE QUESTIONS**

    Defendants' Proposed Voir Dire questions are attached hereto at Exhibit C.

X.  **PROPOSED VERDICT SLIP**

    Defendants' Proposed Verdict Slip is attached hereto at Exhibit D.

    Respectfully submitted,

    LITTLER MENDELSON, P.C.

    _____
    Robert W. Cameron  (Pa. I.D. No. 69059)
    Theodore A. Schroeder  (Pa. I.D. No. 80559)
    Dominion Tower
    625 Liberty Avenue, 26th Floor
    Pittsburgh, PA  15222
    (412) 201-7600

    Attorneys for Defendants,
Dated:  October 8, 2003    Lucent Technologies Inc. and Agere Systems Inc.

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Defendants' Trial Memorandum was caused to be served via United States first class mail, postage prepaid, upon the following:

> Glennis L. Clark, Esquire
> Law Office of Glennis L. Clark
> 532 Walnut Street
> Allentown, PA  18101

_____
Erika B. Fisher

Date:   October 8, 2003