UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARNELL BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 02-4683 |
| | ) | |
| vs. | ) | Judge James Knoll Gardner |
| | ) | |
| LUCENT TECHNOLOGIES INC. | ) | |
| and AGERE SYSTEMS INC. | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANTS' WRITTEN OBJECTIONS TO PLAINTIFF'S PROPOSED EVIDENCE**

Defendants, Lucent Technologies Inc. and Agere Systems Inc., through their undersigned counsel and pursuant to this Court's October 20, 2003 Order, submit their written objections (other than relevancy) to Plaintiff's proposed evidence.

I.    Exhibits

A.    Defendants object to the following exhibit listed in Plaintiff's Trial Memorandum on authenticity grounds:

1.    Listing of promotions for January 1997 through February 2001 – this document was not produced by Defendants and no witness has testified that it is accurate and based on official company records.

B.    Defendants object to the following exhibit as hearsay:

1.    Remedy worksheet dated 3/21/2002 – this is an out of court statement offered for the truth of the matter asserted – that Bailey's damages are what is listed on the worksheet.  Fed. R. Evid. 801(c).

C.      Defendants object to the following exhibits on the grounds that Plaintiff did

describe them sufficiently for Defendants to determine prior to the filing deadline for these

objections what they are or to identify exactly which documents comprise the proposed exhibits:[1]

1.      Various recognition awards

2.      Transfer/promotion policy, Zavilla e-mail of 6/8/00 to HR management

3.      Agere newsletter dated May, 2001

4.      E-mail dated January 10, 2001 outlining compensation policies

5.      Employee history of Garnell Bailey for the period January 1, 2000 through

July 11, 2001

6.      Agere compensation policy

7.      Agere staffing policy 1/10/01

8.      Tax returns of Garnell Bailey

9.      York townhouse settlement documents

10.     Compensation chart effective 12/1/2000

11.     Outline of Family and Medical Leave Act

12.     Office notes of Thomas Friedrich

II.     Expert Witnesses

A.      Defendants object to four of the six expert witnesses identified in Section B of

Plaintiff's Trial Memorandum.  Plaintiff did not identify these individuals as expert witnesses or

produce an expert report or curriculum vitae for them by the July 1, 2003 deadline established by

this Court's June 26, 2003 Order.  See also Fed. R. Civ. P. 26(a)(2).  To date, Plaintiff still has

---

[1] Defendants' counsel received copies of these exhibits by facsimile at 12:02 pm on March 1, 2004, the day these objections were due.  Defendants reserve the right to supplement this document with objections to these documents at a later date.

produced no expert report or curriculum vitae for these witnesses.[2]  Pursuant to this Court's June

26, 2003 Order, Plaintiff should be precluded from calling these witnesses as experts at trial.

Coalition to Save our Children v. State Bd. of Educ., 90 F.3d 752, 775-76 (3d Cir. 1996)

(affirming district court's exclusion of expert testimony where party failed to provide expert

reports in compliance with rules and pretrial orders).  These proposed experts are:

      1.    Patricia L. Gordy[3]

      2.    Richard Goy

      3.    Hugo Twaddle

      4.    Thomas Friedrich

III.    Fact Witnesses

      A.    The following witnesses listed in Plaintiff's Trial Memorandum should be

excluded because they have not previously been identified by Plaintiff, either in initial

disclosures, written discovery responses or depositions in this case, nor did Plaintiff ever

supplement her disclosures or discovery to identify them.  Fed. R. Civ. P. 37(c)(1)  ("A party that

without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1)

… is not, unless such failure is harmless, permitted to use as evidence at trial … any witness or

information not so disclosed.");  Roger Edwards, LLC v. Fiddes & Son, Ltd., 216 F.R.D. 18

(D. Me. 2003) (precluding plaintiff from presenting at trial witnesses disclosed for the first time

in pretrial memorandum).  Plaintiff should also be precluded from introducing these witnesses at

trial, because she has not provided a brief statement of the nature of these witnesses' testimony,

as required by this Court's October 20, 2003 Order.  These witnesses are:

      1.    Ed Tanner

---

[2] Although Plaintiff's Trial Memorandum indicates that curriculum vitae are attached, they are not.

[3] Defendants have no objection to Gordy, Goy and Twaddle testifying as fact witnesses, only as expert witnesses.

    2.       L. Ed Herr

    3.       Keelathur Vasudevan

    4.       John Dickson

    5.       Mary Singer

    6.       Elizabeth Simonski

    7.       Patricia Schuster

    8.       Nancy Mulzet

    9.       Greg Hahn

    10.     Mark Chillis

    11.     George Markert

    12.     David Delgrosso

    13.     Becky Street

    14.     George Bokeeoh

    15.     Jerry Riddick

B.     The following witnesses have been identified previously by Plaintiff, however, she has not provided a brief statement of the nature of these witnesses' testimony, as required by this Court's October 20, 2003 Order. Without a more definite statement of the substance of these witnesses' testimony, Defendants are unable to evaluate any potential objections to their testimony. These witnesses are:

    1.       Susan Powell

    2.       Gary Bailey

    3.       Joanne Washington

    4.       Debbie Harris

Respectfully submitted,

/s/Theodore A. Schroeder
Robert W. Cameron  (Pa. I.D. No. 69059)
Theodore A. Schroeder  (Pa. I.D. No. 80559)
LITTLER MENDELSON, P.C.
Dominion Tower
625 Liberty Avenue, 26th Floor
Pittsburgh, PA  15222
Tel:  (412) 201-7600

Attorneys for Defendants,
Lucent Technologies Inc. and Agere Systems Inc.

Dated:  March 1, 2004

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 1st day of March, 2004, I caused a true and correct copy of

the foregoing **Defendants' Written Objections to Plaintiff's Proposed Evidence** to be served

by U.S. Mail, first-class, postage prepaid, on the following counsel of record:

Glennis L. Clark, Esquire
1908 W. Allen Street
Allentown, PA 18104

/s/Theodore A. Schroeder

Pittsburgh:34564.1 042480.1004