IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARNELL BAILEY, | : | |
| | : | |
| Plaintiff | : | Civil Action No. 02-4683 |
| | : | |
| v. | : | |
| | : | Judge James Knoll Gardner |
| LUCENT TECHNOLOGIES INC. | : | |
| and AGERE SYSTEMS INC., | : | |
| | : | |
| Defendants | : | |

# JOINT PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 51 of the Federal Rules of Civil Procedure and this Court's Jury Trial Attachment Order, the parties hereby submit their proposed jury instructions:

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| PRETRIAL INSTRUCTIONS | | 1 |
| POST-TRIAL INSTRUCTIONS | | 6 |
| Instruction No. 1 | Preliminary Instructions | 6 |
| Instruction No. 2 | Role of Jurors | 7 |
| Instruction No. 3 | Bias or Prejudice – Individual v. Company All Persons Equal Before the Law | 8 |
| Instruction No. 4 | Consideration of the Evidence | 9 |
| Instruction No. 5 | Evidence – Direct and Circumstantial | 10 |
| Instruction No. 6 | Credibility of Witnesses | 11 |
| Instruction No. 7 | Depositions – Use as Evidence | 12 |
| Instruction No. 8 | Oral Admissions | 13 |
| Instruction No. 9 | General Instruction – Damages | 14 |
| Instruction No. 10 | Election of Foreperson – Explanation of Verdict Form | 15 |

**PRE-TRIAL INSTRUCTIONS**

Members of the jury, the trial of the case about which you have heard during your selection as jurors is about to begin. Before we begin, however, there are certain instructions you should have in order to better understand what will be presented to you and how you should conduct yourselves during the course of this trial.

The party who brings a lawsuit is generally called the plaintiff. In this lawsuit, the plaintiff is Garnell Bailey. The party sued by the plaintiff is the defendant. In this case, the defendants are Agere Systems Inc. and its predecessor company Lucent Technologies Inc. I will refer to the defendants collectively as "Agere."

Ms. Bailey seeks to recover damages she claims were caused to her by Agere. Specifically, Ms. Bailey claims that Agere discriminated against her based on her race and sex with respect to her compensation, particularly her salary and stock options. She also alleges that Agere discriminated against her based on her race, sex and disability and in retaliation for filing a charge of discrimination with the EEOC by terminating her employment. Agere denies these claims. Agere denies that it treated Ms. Bailey differently with regard to her compensation than it treated similarly situated white and male employees. Agere also denies that it terminated Ms. Bailey because of her race, sex or disability, or because she filed a charge of discrimination with the EEOC. Rather, Agere contends that it terminated Ms. Bailey because she made threats toward her supervisor, Kevin Pennington.

This case will proceed in the following order: First, Ms. Bailey may make an opening statement outlining her case. Agere may make an opening statement outlining its case immediately after Ms. Bailey's opening statement, or Agere may wait to make its opening statement until the conclusion of Ms. Bailey's case. Neither party is required to make an

opening statement.  What is said in opening statements by the lawyers is not evidence; instead, it is simply a statement designed to provide to you an introduction to the evidence or testimony which the party making the statement intends to produce or elicit.

Second, Ms. Bailey will introduce evidence in support of her claim.  At the conclusion of her case, Agere may introduce evidence.  Agere is not obliged to introduce any evidence at all and is not obliged to call witnesses to testify.  If Agere decides to introduce evidence, Ms. Bailey then has the opportunity to introduce rebuttal evidence.  If Ms. Bailey introduces rebuttal evidence, Agere will have the opportunity to introduce rebuttal evidence of its own.

Third, the parties may present closing arguments to you about what they contend the evidence has shown, and about the inferences they contend you, the jury, should draw from such evidence.  What is said in the closing arguments by the parties' lawyers, just as what is said in their opening statements, is not evidence.  Instead, the closing arguments by counsel are designed to present to you the contentions of the parties based on the evidence produced or presented to you, the jury.  Ms. Bailey will present her closing first, and will also have an opportunity to reply to Agere's closing.

Fourth, after the close of evidence, that is, when the parties have finished their presentations to you, I will instruct you on the law which you are to apply in reaching your verdict.

Now that I have described the trial itself, let me explain the job that you and I are to perform during the trial.  I will decide which rules of law apply to this case.  I will decide this in response to questions raised by the attorneys as we go along and also in the final instructions given to you after the evidence and arguments are complete.

The admission of evidence in court is governed by rules of law.  During the trial, the attorneys may find it necessary to make objections, and it then becomes my duty to rule on those objections and to decide whether certain evidence can be presented to you.  You must not concern yourself with the objections or my reasons for my rulings.  You must not consider testimony or exhibits to which I have sustained an objection, or which I have ordered stricken from the record.  None of my rulings should be regarded as an indication of my opinion as to what your findings should be.

You are not to consider the fact that an attorney objects to certain evidence as being an attempt by that attorney or his or her client to withhold any evidence from you which you need to properly determine the case.  The only way that I can rule on the legal effect of certain evidence is if the attorney raises an objection.  Without raising an objection, the attorney does not fulfill his or her duty to the client or to this court.  Therefore, you must not hold it against the attorneys or their clients if they make objections.

From time to time, there may also be conferences, or what we call "side bars."  The attorneys and I will meet at the bench to discuss legal points which may be involved in the evidence.  Again, this is not an attempt to withhold information from you which you should have.  Rather, it is a means of ensuring that you have only legally admissible evidence upon which you are to base your decision.

It will be your job as jurors to find and determine the facts.  If at any time I should make any comment regarding the facts, you are at liberty to disregard my comment.  Moreover, you should not take any questions I may ask witnesses as any indication of my opinion as to how you should determine the issues of fact.  Any opinion which you think I may have as to the facts is not at all important, for you and you alone are the sole finders of the facts.

It is especially important that you perform your duty of determining the facts diligently and conscientiously, because usually there is no means of correcting an erroneous determination of the facts by a jury. You must base your decision on the evidence in the case and on my instructions of the law and nothing else. You will have to decide what testimony you believe and what testimony you do not. You should decide whether you believe what each witness has to say and how important his or her testimony is.

In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things the witness testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness will say.

Also, you do not have to believe something is true simply because more witnesses said it is true than said it is not true. You may find that the testimony of a smaller number of witnesses is more believable than the testimony of a larger number of witnesses. On the other hand you may believe that the testimony of a larger number of witnesses is more believable than the testimony of a smaller number.

During the trial you may be told that Ms. Bailey and Agere agree, or stipulate, to what a witness's testimony would be if the witness were called at the trial. You will consider that to be the testimony of that witness as if the witness were testifying. Likewise, you may be told that

Ms. Bailey and Agere agree, or stipulate, to a certain fact.  You must accept that fact as true even though nothing more is said about it.

Finally, this case should be considered by you as a controversy between persons of equal standing in the community, of equal worth and holding the same or similar stations in life.  A corporation like Agere is entitled to the same trial as a private individual.  All persons, including corporations like Agere, are equal before the law and this Court, and are to be treated as equals in this Court.

**AUTHORITY:**   Federal Jury Practice and Instructions, § 70.02; Federal Jury Practice and Instructions, § 71.05.

Accepted ___        Accepted as Modified ___        Rejected ___

# POST-TRIAL INSTRUCTIONS

## Instruction No. 1

### Preliminary Instructions

Members of the jury, now that you have heard the evidence and the arguments of the parties, it becomes my duty to instruct you as to the law applicable to the facts as you find them to be.

It is your duty as jurors to follow the law as I state it to you in these instructions, and to apply these rules of law to the facts as you find them from the evidence in the case.

You are not to be concerned with the wisdom of any rule of law as I state it. Regardless of any opinion you may have as to what the law should be, it would be a violation of your sworn duty as jurors to base a verdict upon any other view of the law except the one I give you in these instructions. It would also be a violation of your sworn duty as jurors to base a verdict upon anything except the evidence in this case.

Nothing I say to you in these instructions is to be taken by you as an indication that I may have an opinion about the facts of the case or what that opinion might be. It is not my function to determine the facts. That is your function.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the evidence presented and to arrive at a verdict by applying the rules of law as given in my instructions.

**AUTHORITY:**   E. Devitt, C. Blackmar and M. Wolff, Federal Jury Practice and Instructions §71.01 (4th ed. 1987).

   Accepted ___   Accepted as Modified ___   Rejected ___

**Instruction No. 2**

**Role of Jurors**

You have been chosen and sworn as jurors in this case to determine the factual issues presented by the allegations of the Plaintiff, Garnell Bailey, and the answer to those allegations by the Defendants, Lucent and Agere. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in this case and all of the law as I state it to you, and reach a just verdict regardless of the consequences.

**AUTHORITY:**  United States Fifth Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Cautionary Instruction 2.13 (1997 ed.); E. Devitt, C. Blackmar and M. Wolff, Federal Jury Practice and Instructions §71.04 (4th ed. 1987).

Accepted ___    Accepted as Modified ___    Rejected ___

7

I will now instruct you on how you should treat the parties and consider the evidence that has been presented in this case.

### Instruction No. 3

### Bias or Prejudice -- Individual v. Company
### All Persons Equal Before the Law

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth and holding the same or similar stations in life. Corporations such as Lucent and Agere are entitled to the same fair trial at your hands as is a private individual such as Garnell Bailey. As I told you at the commencement of this trial, all persons, including corporations such as Lucent and Agere, stand equal before the law and are to be dealt with by you as equals in this Court. You should not consider Lucent's and Agere's assets or size in determining whether Lucent and Agere should be liable.

**AUTHORITY:** O'Malley, Grenig and Lee, Federal Jury Practice and Instructions § 103.12 (5th ed. 2000); United States Fifth Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Cautionary Instruction 2.13 (1997 ed.); E. Devitt, C. Blackmar & M. Wolff, Federal Jury Practice and Instructions § 71.04 (4th ed. 1987).

Accepted ___        Accepted as Modified ___        Rejected ___

**Instruction No. 4**

**Consideration of the Evidence**

In your deliberations, you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits -- I have admitted in the record.  As you consider the evidence, both "direct" and "circumstantial," which I will define for you, you may make findings and reach conclusions which reason and common sense lead you to make.

You have heard the closing arguments of the attorneys.  Remember that statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist you, the jury, in understanding the evidence and the parties' contentions.  It is your own recollection and interpretation of the evidence that controls.

**AUTHORITY:**     United States Fifth Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Cautionary Instruction 2.13, General Instruction for Charge 3.1 (1997 ed.); United States Eleventh Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Basic Instruction 2.2; E. Devitt, C. Blackmar & M. Wolff, Federal Jury Practice and Instructions §§ 70.03, 71.08 (4th ed. 1987).

Accepted ___          Accepted as Modified ___          Rejected ___

9

**Instruction No. 5**

**Evidence -- Direct and Circumstantial**

While you must consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience. In other words, you may make findings and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is "direct evidence" -- such as testimony of an eyewitness. The other is "circumstantial evidence" -- the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**AUTHORITY:** Torre v. Casio, Inc., 42 F.3d 825 (3d Cir. 1994); Maxfield v. Sinclair Int'l, 766 F.2d 788 (3d Cir. 1985); O'Malley, Grenig and Lee, Federal Jury Practice and Instructions § 104.05, notes (5th ed. 2000); United States Fifth Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Cautionary Instruction 2.18, General Instruction 3.1 (1997 ed.); E. Devitt, C. Blackmar & M. Wolff, Federal Jury Practice and Instructions §§ 72.03, 72.04 (4th ed. 1987).

     Accepted ___     Accepted as Modified ___     Rejected ___

**Instruction No. 6**

**Credibility of Witnesses**

In saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

Your understanding of the answers to these questions will better help you assess the credibility of a particular witness.

**AUTHORITY:** United States Eleventh Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Instruction 3 (1990 ed.); E. Devitt, C. Blackmar & M. Wolff, Federal Jury Practice and Instructions § 73.01 (4th ed. 1987).

Accepted ___     Accepted as Modified ___     Rejected ___

**Instruction No. 7**

**Depositions -- Use as Evidence**

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties.  The testimony of a witness who, for some legitimate reason, cannot be present to testify from the witness stand may be presented in writing under oath.  Such testimony is entitled to the same consideration, and is to be judged as to credibility and weighed in the same way as if the witness had been present and had testified from the witness stand.

**AUTHORITY:**     E. Devitt, C. Blackmar & M. Wolff, Federal Jury Practice and Instructions § 73.02 (4th ed. 1987).

　　　　Accepted ___　　　Accepted as Modified ___　　　Rejected ___

**Instruction No. 8**

**Oral Admissions**

Evidence as to any oral admissions claimed to have been made outside of Court by a party to this case should be considered with caution and weighed with great care. The person making the alleged admission may have been mistaken, or may not have expressed clearly the meaning intended; or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral admission made outside of Court is proved by reliable evidence, such an admission may be treated as trustworthy and should be considered and given such weight as you feel is appropriate, along with all other evidence in the case.

**AUTHORITY:**   O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> § 104.53 (5th ed. 2000); E. Devitt, C. Blackmar & M. Wolff, Federal Jury Practice and Instructions § 72.12 (4th ed. 1987).


    Accepted ___        Accepted as Modified ___        Rejected ___

13

**Instruction No. 9**

**General Instruction -- Damages**

I will now give you instructions on how to calculate damages. If you find in Ms. Bailey's favor on any of her claims of race, sex or disability discrimination or retaliation, you need to decide whether to award her damages and how much to award her. The fact that I give you this instruction about damages does not mean that I think you should award any damages; that is entirely for you to decide. Rather, I instruct you now because there is no other opportunity for me to do so.

**AUTHORITY:** E. Devitt, C. Blackmar & M. Wolff, <u>Federal Jury Practice and Instructions</u> § 74.02 (4th ed. 1987).

Accepted ___   Accepted as Modified ___   Rejected ___

**Instruction No. 10**

**Election of Foreperson**
**Explanation of Verdict Form**

When you go to the jury room, you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in Court. You may take this charge into the jury room with you, as well as exhibits which the Court has admitted into evidence.

A verdict form has been prepared for your convenience. The verdict form provides a list of questions that you must answer. You will take the verdict form to the jury room and, when you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the bailiff, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom, so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court permits otherwise. You may now retire to the jury room to conduct your deliberations.

**AUTHORITY:** United States Fifth Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), General Instruction 3.1 (1997 ed.); United States Eleventh Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Instruction 8 (1990 ed.); E. Devitt, C. Blackmar & M. Wolff, Federal Jury Practice and Instructions § § 78.04, 74.07, 74.08 (4th ed. 1987).

Accepted ___        Accepted as Modified ___        Rejected ___


Respectfully submitted,


_____          _____
Glennis L. Clark                      Robert W. Cameron
PA I.D. No. 36682                     PA I.D. No. 69059
Law Office of Glennis L. Clark        Theodore A. Schroeder
532 Walnut Street                     PA I.D. No. 80559
Allentown, PA  18101                  LITTLER MENDELSON, P.C.
                                      Dominion Tower
Attorney for Plaintiff                625 Liberty Avenue, 26th Floor
                                      Pittsburgh, PA 15222
Dated:  March ___, 2004               Tel:  (412) 201-7600

                                      Attorneys for Defendants

                                      Dated:  March ___, 2004