IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GARNELL BAILEY,                    )
                                   )
              Plaintiff,           )    Civil Action No. 02-4683
                                   )
       v.                          )    Judge James Knoll Gardner
                                   )
LUCENT TECHNOLOGIES INC. and       )
AGERE SYSTEMS INC.,                )
                                   )
              Defendants.          )

## DEFENDANTS' OPPOSITION TO MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO THE ADMISSIBILITY OF EVIDENCE EXPECTED TO BE OFFERED AT TRIAL

Defendants Lucent Technologies Inc. and Agere Systems Inc. (collectively, "Agere"), by and through their undersigned counsel, oppose Plaintiff Garnell Bailey's ("Plaintiff" or "Bailey") objection to the admissibility of evidence expected to be offered at trial.

## I.    Introduction

Bailey attempts to assert the psychotherapist privilege with respect to her statements to therapist Patricia Gordy ("Gordy") and EAP counselor Susan Lovegrove-Geise ("Lovegrove-Geise"). Those statements included threats to harm her supervisor, Kevin Pennington, which were the basis for Agere's decision to terminate her employment. Specifically, Bailey told Gordy that she had bought a gun and a hundred bullets that "have Kevin Pennington's name on them." Bailey told Lovegrove-Geise that she bought a gun and that she "cannot tell you that I would not harm Kevin Pennington."

Plaintiff's objection should be denied because: (1) it represents an attempt to file a motion in limine nearly five months after this Court's deadlines for doing so; (2) Plaintiff has waived any psychotherapist privilege by putting her mental state at issue and by failing to object

to the repeated disclosure during this litigation of the statements to which she now objects; and (3) the statements Plaintiff seeks to exclude are not subject to the psychotherapist privilege because Gordy and Lovegrove-Geise had a professional duty to disclose them.

## II.     Plaintiff's Objection is an Improper Attempt to File a Motion in Limine.

Plaintiff's objection should be denied because it is, in substance, a motion in limine; that is, it seeks exclusion of particular evidence that Defendants intend to offer at trial.  The deadline for filing motions in limine in this case was October 8, 2003, a fact which this Court noted in its Order of October 20, 2003:

> As of the filing of the within Order, defendants have already filed
> four motions in limine.  Plaintiff did not file any motions in limine.
> . . . [W]e deny any further extension of the motion in limine
> deadline.

(10/20/03 Order at 2 n.3).  Plaintiff should not be permitted to violate this Court's Order precluding further motions in limine merely by calling such a motion something else.

## II.     Plaintiff Waived Any Privilege with Respect to Threats She Made Toward Her Supervisor.

Notwithstanding her assertion to the contrary, Bailey has waived any psychotherapist privilege in this case.  The federal psychotherapist privilege is owned—*and fully waivable by*— the patient.  <u>Pearson v. Miller</u>, 211 F.3d 57 (3d Cir. 2000) (emphasis added).  Here, Bailey waived that privilege in two ways.  First, she filed a lawsuit placing her mental condition directly at issue.  Second, she failed to object to the repeated disclosure during discovery of her statements to Gordy and Lovegrove-Geise.

### A.     Plaintiff placed her mental condition at issue.

Where a party places her mental condition at issue in an ADA case, she waives any psychotherapist privilege that would have been applicable to protect her communications with

her health care providers.  <u>Sarko v. Penn Dental Directory Co.</u>, 170 F.R.D. 127, 130 (E.D. Pa. 1997) (finding psychotherapist privilege waived where plaintiff claimed her clinical depression was a disability under the ADA).  Here, Plaintiff has placed her alleged Post-Traumatic Stress Disorder directly at issue by claiming that it is a disability under the ADA.  By doing so she has waived any claim that her conversations with Gordy and Lovegrove-Geise related to the treatment of that condition were privileged.  <u>See</u> <u>id</u>.[1]

In <u>Sarko</u>, this Court recognized that "allowing a plaintiff 'to hide … behind a claim of privilege when that condition is placed directly at issue in a case would simply be contrary to the most basic sense of fairness and justice."  <u>Id.</u> (quoting <u>Premack v. J.C.J. Ogar, Inc.</u>, 148 F.R.D. 140, 145 (E.D. Pa. 1993)).  Here, it would be unfair and unjust to allow Bailey to disclose those portions of her treatment which she believes support her ADA claim, but to protect those portions which she believes are unfavorable to her and which establish Agere's defense to her termination claims.  <u>Murray v. Gemplus Int'l, S.A.</u>, 217 F.R.D. 362, 367 (E.D. Pa. 2003) ("Where one party attempts to utilize the privilege as an offensive weapon, selectively disclosing communications in order to help its case, that party should be deemed to have waived the protection otherwise afforded by the privilege it misused.")

**B.    Plaintiff failed to object to repeated disclosure during discovery of her threats to harm her supervisor.**

Bailey authorized, participated in and was aware of repeated disclosure during discovery of her statements to Gordy and Lovegrove-Geise, which included her threats to harm Pennington.  During this time, she never made a privilege objection to the disclosure of these

---

[1]  For similar reasons, this Court ordered Plaintiff to submit to a psychiatric evaluation by Defendants' expert, Robert L. Sadoff, M.D.  (7/23/03 Order).

3

statements pursuant to Rule 26(b)(1), nor did she ever seek a protective order pursuant to Rule 26(c).

### 1.    Bailey waived any privilege objection with respect to Gordy by signing an authorization for the release of her records.

The federal psychotherapist privilege is waived when a patient signs an authorization allowing the disclosure of her medical records to opposing counsel. See Pearson, 211 F.3d at 70. Faced with such an authorization in Pearson, the Third Circuit held that "even if [the psychotherapist] privilege did protect any of the information at issue, Mr. Miller would be deemed to have effectively waived that protection." Id. at 70.

Here, Bailey signed an authorization allowing disclosure of all records of her treatment with Patricia Gordy. (Ex. A). By doing so she waived any privilege with respect to the statements she made to Gordy that were disclosed in those records. See Pearson, 211 F.3d at 70. In addition, Gordy was deposed and questioned at length about her treatment of and conversations with Bailey. This deposition included questioning by counsel for Defendants and counsel for Bailey regarding Bailey's statement that she had bought a gun and a hundred bullets that "have Kevin Pennington's name on them." (Ex. B, Gordy Dep. at 32, 52-55; Ex. C, Gordy notes). At no time prior to or during Gordy's deposition did Bailey seek a protective order limiting Gordy's testimony or object to Gordy's testimony regarding her conversations with or treatment of Bailey. Clearly, Bailey waived any claim that her statements to Gordy were privileged. See Kraemer v. Franklin & Marshall College, No. CIV. A. 95-0020, 1995 WL 447634, *2 (E.D. Pa. July 27, 1995) (privilege waived by failing to object at deposition regarding conversations for which privilege later asserted) (citing 8 Charles A. Wright et al., Federal Practice and Procedure § 2016.1 (1994)).

4

   2.    **Plaintiff waived any privilege objection with respect to her statements
         to Lovegrove-Geise by deposing her and by failing to object to the
         production of Lovegrove-Geise's notes.**

During discovery in this matter, Bailey freely sought and disclosed information from

Susan Lovegrove-Geise regarding her conversations with Bailey, in particular, Bailey's threats

against Pennington.  Bailey cannot now object to introduction of that same evidence on the

ground of a privilege she has not previously asserted.  See Kraemer, 1995 WL 447634, *2.

   Bailey (not Defendants) noticed the deposition of Lovegrove-Geise in this case.  (Ex. D).

During that deposition, Bailey's counsel asked Lovegrove-Geise questions about her notes

detailing Bailey's threats toward Kevin Pennington and the conversation that formed the basis of

those notes.  (Ex. E, Lovegrove-Geise Dep. at 21-37; Ex. F, Lovegrove-Geise notes).  At no

time, prior to the deposition or during it, did Plaintiff object to these notes or to any of

Lovegrove-Geise's testimony on the grounds of privilege, nor did she seek a protective order.

Similarly, Bailey was questioned during her own deposition about the same notes and

conversations with Lovegrove-Geise.  (Ex. G, Bailey Dep. at 135-40).  Again, neither she nor her

counsel objected to these questions, and the conversations were discussed in detail.  For all of

theses reasons, Bailey has waived any argument that her statements to Lovegrove-Geise are

privileged.  See Kraemer, 1995 WL 447634, *2.

**III.    No Psychotherapist Privilege Exists Because Lovegrove-Geise and Gordy Were
          Under a Professional Duty to Warn Regarding the Comments Made by Bailey.**

   Gordy and Lovegrove-Geise were required to disclose Bailey's threats.  Although the

Supreme Court has recognized the psychotherapist privilege, this privilege is not absolute:

> We do not doubt that there are situations in which the privilege
> must give way, for example, if a serious threat of harm to the
> patient or to others can be averted only by means of disclosure by
> the therapist.

Jaffee v. Redmond, 518 U.S. 1, 18 n.19 (1996); see United States v. Glass, 133 F.3d 1356, 159-

60 (10th Cir. 1998) (recognizing exception to psychotherapist privilege where disclosure is

necessary to prevent serious harm).

This limitation is consistent with Pennsylvania law, which imposes upon a medical

professional a duty to warn where a patient has threatened to harm a specific individual.

Emerich v. Philadelphia Ctr. for Human Development, Inc., 720 A.2d 1032, 1040 (Pa. 1990) ("a

mental health professional who determines, or under the standards of the mental health

profession, should have determined, that his patient presents a serious danger of violence to

another, bears a duty to exercise reasonable care to protect by warning the intended victim

against such danger."). A professional duty to warn is initiated when a health care provider

believes that a patient cannot "contract for safety" – *i.e.*, guarantee that she will not harm others

or herself. (Ex. B, Gordy Dep. at 53; Ex. E, Lovegrove-Geise Dep. at 25-26). The Supreme

Court's recognition of the psychotherapist privilege was premised largely on similar protections

provided under state law. Jaffee, 518 U.S. at 9. It would be incongruous with this rationale to

extend the privilege to a situation where state law required disclosure of the information sought

to be protected.[2]

Bailey told Gordy that she had bought a gun and a hundred bullets that "have Kevin

Pennington's name on them." (Ex. B, Gordy Dep. at 32; Ex. C, Gordy notes). Gordy was

"alarmed" by Bailey's report and felt it was not an appropriate response for someone with

Bailey's symptoms. (Ex. B, Gordy Dep. at 52-53). Even though Bailey told Gordy she did not

intend to harm anyone, Gordy had concerns and felt that she had a professional duty to warn.

(Ex. B, Gordy Dep. at 33-34). Gordy's professional opinion that she had a duty to warn based on

---

[2]  Plaintiff's Memorandum cites several cases that merely support the *existence* of the psychotherapist privilege.  Defendants do not dispute that such a privilege exists.  Instead, it is Defendants' position that any such privilege has been waived during discovery in this case and is inapplicable in light of Gordy's and Lovegrove-Geise's duty to warn.

Bailey's threat is uncontradicted.

Bailey made another threat toward Pennington during an October 1, 2001 conversation with Lovegrove-Geise. During this conversation, Bailey told Lovegrove-Geise that she had bought a gun. (Ex. E, Lovegrove-Geise Dep. at 21; Ex. F, Lovegrove-Geise notes). Lovegrove-Geise clarified Bailey's statement and explained her professional duty to warn. Lovegrove-Geise then asked Bailey: "Can you tell me you will not harm Kevin Pennington?," to which Bailey responded: "I cannot tell you that I would not harm Kevin Pennington." (Ex. E, Lovegrove-Geise Dep. at 22, 25-26; Ex. F, Lovegrove-Geise notes). As with Gordy, Lovegrove-Geise's professional opinion that she had a duty to warn based on Bailey's threat is uncontradicted.

Not only were Gordy and Lovegrove-Geise permitted to disclose Bailey's threats, they were *required* to do so. See Emerich, 720 A.2d 1032.[3] Therefore, those threats are not protected by the psychotherapist privilege. See Jaffee, 518 U.S. at 18 n.19; Glass, 133 F.3d at 159-60.

**IV.    Conclusion**

For the foregoing reasons, Plaintiff's objection to the admissibility of her statements to Gordy and Lovegrove-Geise should be denied.

---

[3]  Bailey also improperly alleges that these disclosures were a violation of the ADA's confidentiality provisions, 42 U.S.C. § 12112(d). Section 12112(d) protects the confidentiality of information regarding an individual's "medical condition and history." In disclosing Bailey's threat to harm Pennington, Gordy and Lovegrove-Geise did not disclose any information regarding Bailey's medical condition – *e.g.*, her diagnosis, symptoms, treatment or prognosis – to Pennington or anyone else. Bailey has cited *no* authority to support the proposition that her threats toward Pennington were information regarding her medical condition. Indeed, such an interpretation would place inconsistent obligations upon medical professionals like Gordy and Lovegrove-Geise, who would have violated their professional duties and subjected themselves to civil liability had they failed to reveal the threats. See Emerich, 720 A.2d 1032.

Respectfully submitted,

/s/ Theodore A. Schroeder
Robert W. Cameron  (Pa. I.D. No. 69059)
Theodore A. Schroeder  (Pa. I.D. No. 80559)
LITTLER MENDELSON, P.C.
Dominion Tower
625 Liberty Avenue, 26th Floor
Pittsburgh, PA  15222
Tel:  (412) 201-7600

Attorneys for Defendants,
Lucent Technologies Inc. and Agere Systems Inc.

Dated:  March 5, 2004

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of March, 2004, I caused a true and correct copy of the foregoing Defendants' Opposition To Memorandum In Support Of Plaintiff's Objection To The Admissibility Of Evidence Expected To Be Offered At Trial to be served by U.S. Mail, first-class, postage prepaid, on the following counsel of record:

Glennis L. Clark, Esquire
Law Office of Glennis L. Clark, Esquire
1908 W. Allen Street
Allentown, PA  18104

<u>/s/ Theodore A. Schroeder</u>

Pittsburgh:34706.1 042480.1004