UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

GARNELL BAILEY                    :   No. 02-CV-4683
3563 Driftwood Place              :
Bethlehem, PA 18020               :
                                  :
        v.                        :
                                  :
LUCENT TECHNOLOGIES INC.          :   JURY TRIAL DEMANDED
555 Union Boulevard               :
Allentown, PA 18109-3286          :
                                  :
        AND                       :
                                  :
AGERE SYSTEMS INC.                :   JUDGE JAMES KNOLL GARDNER
555 Union Boulevard               :
Allentown, PA 18109-3286          :

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**Instruction No. 1**
**Burden of Proof**

The party with the burden of proof on any given issue has the burden of proving

every disputed element of her claim to you by a preponderance of the evidence.  If you

conclude that the party bearing the burden of proof has failed to establish her claim by a

preponderance of the evidence, you must decide against her on the issue you are

considering.

What does a "preponderance of evidence" mean?   To establish  a fact by a

preponderance of the evidence means to prove that the fact is more likely true than not

true. A preponderance of the evidence means the greater weight of the evidence. It refers

to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties ---- that it is equally probable that one side is right as it is that the other side is right --- then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence-he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof-that what the party claims is more likely true than not true-then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

Authority: Porter v. American Export Lines, Inc., 387 F.2d 409 (3d Cir. 1968); Virgin Islands Labor Union v. Caribe Construction Co., 343 F.2d 364 (3d Cir. 1965).

Accepted _____    Accepted as Modified_____    Rejected_____

**Instruction No. 2**
**Finding of Fact**

Any finding of fact you make must be based on probabilities, not possibilities.  It may not be based on surmise, speculation or conjecture.


Authority: C.J. Civ. 3d 3:4 (1988)




Agreed _____     Accepted as Modified_____     Rejected_____

## Instruction No. 3
### Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence.   Direct evidence is when a witness testifies about something he knows by virtue of his own senses-something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is within the document.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used by the court.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

Authority:  <u>Michalic v. Cleveland Tankers, Inc.</u>, 364 U.S. 325, 330, 81 S. Ct. 6, 5 L. Ed. 2d 20 (1960); <u>Ellis Fischel State Cancer Hosp. v. Marshall</u>, 629 F.2d 563 (8th Cir. 1980); Ninth Circuit Model Civil Jury Instruction 3.6.

Accepted  _____    Accepted as Modified  _____    Rejected  _____

## Instruction No. 4
### Statements by Patient to Doctor

You have heard the testimony of _____, a physician concerning statements made by Mrs. Bailey, who was a patient, for the purpose of facilitating medical diagnosis or treatment. These statements included descriptions of the patient's medical history and symptoms and the general cause of her illness. You may consider these statements as evidence of the facts stated. It is up to you, the jury, to decide what weight, if any, to give these statements, just as you would any other evidence.

Authority:  Petrocelli v. Gallison, 679 F.2d 286 (1st Cir. 1982); Britt v. Corporacion Peruana De Vapores, 506 F.2d 927, 930-31 (5th Cir. 1978).

Accepted _____    Accepted as Modified _____    Rejected _____

<u>**Instruction No. 5**</u>
**Interrogatories**

You have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side. Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence. It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.

Authority: <u>Zenith Radio Corp. v. Matsushita Electric Industrial Co.</u>, 505 F. Supp. 1190 (E.D. Pa. 1980); <u>Freed v. Erie Lackawanna Railway Company</u>, 445 F.2d 619, 621 (6th Cir. 1971), cert. denied, 404 U.S. 1017(1972);).

Accepted _____    Accepted as Modified _____        Rejected _____

**Instruction No. 6**
**Inference**

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw--- but not required to draw ---from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Authority:  Schulz v. Pennsylvania R. Co., 350 U.S. 372, 76 S. Ct. 608, 100 L. Ed. 668 (1956); EEOC v. Greyhound Lines, 635 F.2d 188 (3d Cir. 1980)).

Accepted _____    Accepted as Modified _____    Rejected _____

**Instruction No. 7**
**Witness Credibility**

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.   In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor-that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his

memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

Authority: Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S. Ct. 724, 88 L. Ed. 967 (1944); Powers v. Bayliner Marine Corp., 83 F.3d 789 (6th Cir. 1996), cert. denied, 519 U.S. 992 (1996); Eighth Circuit Model Civil Jury Instruction 3.03.; Ninth Circuit Model Civil Jury Instruction 3.7; Eleventh Circuit Pattern Civil Jury Basic Instruction 3.

Accepted _____   Accepted as Modified _____   Rejected _____

**Instruction No. 8**
**Bias**


In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.


Authority:  Davis v. Alaska, 415 U.S. 308, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974).


Accepted _____    Accepted as Modified _____    Rejected _____

## Instruction No. 9
### Discrepancies in Testimony

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

Authority:  Quock Ting v. United States, 140 U.S. 417, II S. Ct. 851,35 L. Ed. 501 (1891).

Accepted _____     Accepted as Modified _____     Rejected _____

## Instruction No. 10
### Impeachment by Prior Inconsistent Statements

You have heard evidence that at some earlier time the witness has said or done something which counsel agrees is inconsistent with the witness' trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

Authority: <u>United States v. American Telephone and Telegraph Co.</u>, 83 F.R.D. 323 (D.D.C. 1979); <u>Saladino v. Winkler</u>, 609 F.2d 1221 (7th Cir. 1979).

Accepted _____        Accepted as Modified _____    Rejected _____

**Instruction No. 11**
**Expert Witnesses**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you because someone who is experienced and knowledgeable in a particular field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.

Authority: United States v. Simon, 425 F.2d 796 (2d Cir. 1969), cert. denied, 397 U.S. 1006 (1970); Seventh Circuit Pattern Criminal Jury Instruction 3.07; United States v. Rrapi, 175 F.3d 742 (9th Cir. 1999), cert. denied, 528 U.S. 912 (1999); Ninth Circuit Model Civil Jury Instruction 3.8; United States v. Herring, 955 F.2d 703 (11th Cir. 1992), cert. denied, 506 U.S. 926 (1992); Eleventh Circuit Pattern Civil Jury Instructions, Basic Instruction 5.1.

Accepted _____ Accepted as Modified _____ Rejected _____

**Instruction No. 12**
**Intentional Discrimination - Title VII**

One of the plaintiff s claims is based upon a law first enacted by Congress in 1964, and amended several times since then.  That law is known as Title VII of the Civil Rights Act of 1991, and is often referred to as "Title VII."  Two provisions of Title VII are relevant here and read as follows:

It shall be an unlawful employment practice for an employer-

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin.

(2)  to retaliate against any employee or applicant for employment for asserting their rights under the statute.

Authority: Authority: 42 U.S.C. § 2000e-2(a)(1); 42 U.S.C. § 2000e-2(d)

Agreed _____    Accepted as Modified_____    Rejected_____

**Instruction No. 13**
**Disparate Treatment**

An unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment decision, even though other factors also motivated the decision. A "motivating factor" is a factor that played a part in defendant's employment decision.

Your verdict must be for the plaintiff and against the defendants on plaintiff's race discrimination claim if all the following elements have been proved by the preponderance of the evidence:

First, defendants failed to promote, placed plaintiff on the performance improvement plan, transferred and ultimately terminated the plaintiff; and

Second, plaintiff's race was a motivating factor in defendants' decisions.

If either of the above elements has not been provided by the preponderance of the evidence, your verdict must be for the defendants and you need not proceed further in considering this claim.

If you find that the above elements have been proved, you may award damages based upon my instructions.

Authority:   42 U.S.C. § 1981a(a)(I) and (c)(I), as added by the CRA of 1991, § 102; 42 U.S.C. § 2000e-2(a); 42 U.S.C. § 2000e-2(m), as added by the CRA of 1991, § 107(a); 42 U.S.C. § 2000e-5(g)(2)(B), as added by the CRA of 1991,§ 107(b); Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998).

Accepted _____    Accepted as Modified _____    Rejected _____

## Instruction No. 14
## Gender and Race Discrimination - Title VII

First, I will address Mrs. Bailey's complaint of race and gender discrimination. Mrs. Bailey claims that Agere discriminated against her because of her gender and her race. Specifically, Mrs. Bailey asserts that Agere improperly considered her gender and the fact that she is an African-American female and her race when denying her stock options, paying her differently than white males and terminating her.

To meet her burden of proving that she was discriminated against by Agere on the basis of her gender and race, Mrs. Bailey must prove by a preponderance of the evidence that she suffered adverse employment actions that give rise to an inference of discrimination. If Mrs. Bailey fails to prove all of these elements, then your verdict must be for the defendant. If, however, Mrs. Bailey proves all of these elements, then your analysis does not end there.

Agere has articulated reasons for taking adverse actions against Mrs. Bailey.

By offering an explanation for its decisions, the defendants have shifted the burden of persuasion back to the plaintiff, to show, by a preponderance of the evidence, that the reasons offered by Agere are false, or are a pretext for discrimination. Mrs. Bailey may meet this burden of proof either by persuading you that a discriminatory reason more likely than not motivated the defendant or by persuading you that the defendant's proffered explanation is unworthy of belief.

Ultimately, you must decide, as to each of Mrs. Bailey' claims, whether her status as a female, as an African-American female and as an African-American was a

determining factor in Agere's employment decisions. This does not mean that Mrs. Bailey

must prove that her status as a female, as an African-American female or as an African

American was the sole or exclusive reason for Agere's actions. However, she must prove,

by a preponderance of the evidence, that "but for" the plaintiff's sex (gender) and race,

Agere would not have treated her the way it did.

Authority: Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147 (2000) ("it is
permissible for the trier of fact to infer the ultimate fact of discrimination from the the
falsity of the employer's explanation") (emphasis in original); Watson v. SEPTA, 207 F
.3d 207,212 n.3 (3rd Cir. 2000) (upholding, as appropriate in pretext cases, above jury
instructions, here minimally revised to reflect facts of instant case), cert. denied 531 U.S.
1147 (2001); Newman v. GHS Osteopathic,. Inc., 60 F.3d 153, 159 (3rd Cir. 1995) ("in
pretext cases a plaintiff need prove only that the illicit factor played a role in the
employer's decision making process and that it had a determinative effect on the outcome
of that process") (internal citation omitted); Miller v. CIGNA Corp., 47 F.3d 586, 598
(3rd Cir. 1995) (same).  See also, 3C K. O'Malley, J. Grenig & W. Lee, Federal Jury
Practice and Instructions § 171.20 (5th ed. 2001).

   Accepted _____    Accepted as Modified_____    Rejected _____

**Instruction No. 15**
**Plaintiff's Claims Under Americans With Disabilities Act**

The purpose of the Americans with Disabilities Act is to eliminate employment discrimination against individuals with disabilities.  The Act makes it unlawful for an employer intentionally to discriminate against an employee because of the person's disability.  The Act also requires an employer to make reasonable accommodations to an employee's disability, so long as such accommodations does not impose an undue hardship on the operations of the business.

Ms. Bailey claims that she is disabled within the meaning of the Americans with Disabilities Act, and that she has a record of and is regarded as having a physical or mental impairment that substantially limits one or more of her major life activities.  Defendant denies that plaintiff is disabled.

Ms. Bailey contends that she was unjustifiably terminated by defendant.  Plaintiff further contends that with reasonable accommodation she could have performed the essential functions of the director, human resources position.

Defendant denies that is unjustifiably terminated plaintiff, and claims that there was no reasonable accommodation it could have made without undue hardship that would have permitted the plaintiff to perform the essential functions of the director position.

Authority: Americans with Disabilities Act, 42 U.S.C. Sec. 12101, 12112.

Accepted _____     Accepted as Modified _____     Rejected _____

**Instruction No. 16**
**Burden of Proof ADA**

Plaintiff has the burden of proving each of the following propositions by a preponderance of the evidence:

(1)    That Ms. Bailey has a record of a physical or mental impairment that substantially limits one or more major life activities.

(2)    That she was qualified for the position of director since she satisfies the skill, experience, education and other job-related requirements for the position;

(3)    That she can perform the essential functions of the position of director with reasonable accommodation and;

(4)    That her disability was a motivating factor in the defendant's decision to terminate her.

Plaintiff is not required to prove that her disability was the sole motivation or the primary motivation for defendant's decision. The plaintiff needs to prove only that her disability played a part in the decision. In addition, plaintiff is not required to produce direct evidence of unlawful motive. Intentional discrimination is seldom admitted, but is a fact that you may infer from the existence of other facts.

Authority: Americans with Disabilities Act, 42 U.S.C. Sec. 12102, 12111(8); 29 C.F.R. Sec. 1630.2(m); Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Sec. 104.01 et. seq.

Accepted _____    Accepted as Modified _____    Rejected _____

## Instruction No. 17
## Burden of Proof ADA - Reasonable Accommodation

Plaintiff has the burden of proving each of the following propositions by a preponderance of the evidence:

(1)    That Ms. Bailey has a record of a physical or mental impairment that substantially limits one or more major life activities;

(2)    That she was qualified for the position of director since she satisfies the skill, experience, education and other job-related requirements for the position;

(3)    That she can perform the essential functions of the position of director with reasonable accommodation;

(4)    That defendant knew an accommodation was necessary; and

(5)    That defendant failed to make reasonable accommodation to her disability.

If you find that plaintiff has proved these propositions, then must find for the plaintiff unless defendant proves, by a preponderance of the evidence, one of the following propositions:

(1)    There was no accommodation the defendant could make that would enable plaintiff to perform the essential functions of the job; or

(2)    The possible accommodation would impose an undue hardship on the operation of the defendant's business.

Authority:     29 C.F.R. Sec. 1630.9.  See <u>Nelson v. Thornburgh</u>, 567 F.Supp. 369, 32 FEP
               1640, 32 EPD Par. 33857 (E.D. Pa.), Aff'd without opinion, 732 F.2d 146,
               34 FEP 835 (3d Cir. 1983), cert. Denied, 469 U.S.1188 (1985); <u>Rosiak v.
               United States Dep't of the Army</u>, 679 F. Supp. 444, 46 FEP 989, 48 EPD
               Par. 38430 (M.D. Pa. 1987), Aff'd without opinion, 845 F.2d 1014, 47 FEP
               2 (3d Cir. 1988).


               Accepted _____     Accepted as Modified _____     Rejected _____

**Instruction No. 18**
**ADA - Major Life Activities**

The term"major life activities" refers to basic life activities that an average person can perform with little or no difficulty, such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, working, sitting, standing, lifting and reaching.

Authority:29 C.F.R. Sec. 1630.2. Note that this list is not exhaustive.  56 Fed. Reg. 35,741 (1991).  The activities listed are those mentioned in the EEOC regulations and the Interpretive Guidance to 29 C.F.R. Sec. 1630.2 (1991).

Accepted _____     Accepted as Modified _____     Rejected _____

**Instruction No. 19**
**ADA - Mental or Physical Impairment**

The term "mental or physical impairment" is defined as:

(1)     Any physiological disorder or condition, cosmetic disfigurement, or

anatomical loss affecting one or more of the following body systems:

neurological; neuromuscular; special sense organs; cardiovascular;

reproductive; digestive; genito-urinary; hemic and lymphatic; skin, and

endocrine; or

(2)     Any mental or psychological disorder, such as mental retardation, organic

brain syndrome, emotional or mental illness, and specific learning

disabilities.

The determination of whether the plaintiff has a physical or mental

impairment should not be based on the impairment's name or diagnosis.  Rather, it depends

on the effect the impairment has on the plaintiff's life.  A condition that is not disabling for

one individual may be disabling for another.


Authority:     29 C.F.R. Sec. 1630.2(h); 56 Fed. Reg. 35,741 (1991).


        Accepted _____     Accepted as Modified _____     Rejected _____

**Instruction No. 20**
**ADA - Impairment - Mitigating Measures**

The existence of an impairment is to be determined without regard to mitigating

measures, such as medicines, or assistive or prosthetic devices.


Authority:    56 Fed. Reg. 35, 740 (1991).


Accepted _____    Accepted as Modified _____    Rejected _____

**Instruction No. 21**
**ADA - Substantially Limiting**

A physical or mental impairment "substantially limits" one or more of a person's major life activities when it:

(1)    Renders the plaintiff unable to perform a major life activity that the average person in the population could perform; and

(2)    Significantly restricts, as to condition, manner or duration, the individual's ability to perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population could perform the same major life activity.

The question of whether the plaintiff's impairment substantially limits a major life activity depends on the impairment's:

(1)    Nature and severity;

(2)    Duration or expected duration; and

(3)    Expected or actual permanent or long-term impact.


Authority:    29 C.F.R. Sec. 1630.2(j).


Accepted _____    Accepted as Modified _____    Rejected _____

**Instruction No. 22**
**ADA - Record of Impairment**

An individual has a record of an impairment if she has a history of, or has been

misclassified as having, a mental or physical impairment that substantially limits one or

more major life activities.  Many types of records might contain this information, including

medical, educational, or employment records.  An individual may thus be disabled within

the meaning of the Act even if she has recovered from a physical or mental impairment that

previously limited her in a major life activity.

Authority: 42 U.S.C. Sec. 12202(2)(B); 56 Fed. Reg. 35,742 (1991); Allen v. Heckler, 780
F.2d 64, 66, 39 FEP 1108, 38 EPD Par. 35791 (D.C. Cir. 1985).


Accepted _____    Accepted as Modified _____    Rejected _____

**Instruction No. 23**
**ADA - Definition: Regarded as Having an Impairment**

An individual is "regarded as" having a disability if she:

(1)    Has a physical or mental impairment that does not limit a major life activity,

but is treated by the employer as causing such a limitation;

(2)    Has a physical or mental impairment that is substantially limiting only

because of the attitudes of others toward the impairment; and

(3)    Does not have an impairment at all but is regarded by the employer as having

such a substantially limiting impairment.

Authority: 29 C.F.R. Sec. 1630.2(1); School Bd. Of Nassau County, Fla. V. Arline, 480
U.S. 273, 279, 107 S. Ct. 1123, 94 L. Ed. 2d 307 (1987).

Accepted _____    Accepted as Modified _____    Rejected _____

**Instruction No. 24**
**ADA - Definition: Reasonable Accommodation**

The term "reasonable accommodation" means modification to or adjustment of the work environment, or to the manner or circumstances under which a job is customarily held or performed.

Required reasonable accommodation may include:

• Making existing facilities used by employees readily accessible to and usable by individuals with disabilities;

• Job restructuring;

• Part-time or modified work schedules;

• Reassignment to a vacant position;

• Acquisition or modification of equipment or devices;

• Appropriate modifications of examinations, training materials or policies;

• The provision of qualified readers or interpreters; and

• Other similar accommodations for individuals with disabilities.

This is not exhaustive, but is intended to provide general guidance about the reasonable accommodation concept.

Reasonable accommodation is best understood as a means by which barriers to the equal employment opportunity of an individual with a disability are removed or alleviated. Equal employment opportunity means an opportunity to attain the same level of performance or to enjoy the same level of benefits and privileges of employment as are available to the average similarly situated employee without a disability.

Authority:Americans with Disabilities Act, 42 U.S.C. Sec. 12111(9); 29 C.F.R. Sec. 1630.2(o). See American Fed'n of Gov't Employees, Local 51 v. Baker, 677 F.Supp. 636, 43 FEP 1393, 43 EPD Par. 37149 (N.D. Cal. 1987).

Accepted _____    Accepted as Modified _____    Rejected _____

**Instruction No. 25**
**ADA - Definition: Essential Functions**

Essential functions are the fundamental duties of a position, as opposed to marginal functions of the position.  If the plaintiff can perform the essential functions of the job, she cannot be denied a job because she cannot do things that are only marginal to the job.  To determine whether a function is essential to the job, you must consider:

(1)    Whether employees in the position are actually required to perform the function claimed to be essential.  If employees are not actually required to perform the function, it is not an essential function.

(2)    If a job function is actually being performed, the next consideration is whether removal of that job function would fundamentally change the job.  There are several reasons why a particular function might be considered essential:

(a)    The position exists to perform the function;

(b)    There are a limited number of other employees available to perform the function, or among whom the function can be distributed; and

(c)    A function is highly specialized and the person in the position is hired for special expertise or ability to perform it.

You may consider the following factors in determining whether a particular function is essential, as opposed to marginal: the employer's judgment as to which functions are essential; written job descriptions prepared before advertising for or interviewing applicants for the position; the amount of time the employee must spend performing the function; the

consequences of not requiring the incumbent to perform the function; the work experience

of past incumbents in the job; and the current work experience of incumbents in similar

jobs.  No one factor should be given greater weight than another and you are not required to

accept the employer's judgment on this issue.  This list of factors is not all-inclusive and no

greater weight should be accorded those on the list than other types of evidence not

included.

Authority: 29 C.F.R. Sec. 1630.2(n); 56 Fed. Reg. 35,743 (1991); H.R. Conf. Rep. No. 101-596, 101st Cong., 2d Sess. 58 (1990); Hall v. United States Postal Serv., 857 F.2d 1073, 47 FEP 1540, 47 EPD Par. 38327 (6th Cir. 1988); Treadwell v.Alexander, 707 F.2d 473, 32 FEP 62, 32 EPD Par. 33690 (11th Cir. 1983).

        Accepted _____    Accepted as Modified _____    Rejected _____

**Instruction No. 26**
**ADA - Defense: Threat to Safety**

If you find that the plaintiff has established each of the elements of her claim, then you will consider the defendant's defense, which the defendant must establish by a preponderance of the evidence. It is the defendant's defense that the plaintiff would pose a threat to the health or safety of others in the workplace.

You may find that the plaintiff poses a direct threat only if the defendant has proved, more likely than not, that plaintiff poses a substantial risk to the health and safety of others in the work environment that cannot be eliminated or reduced by reasonable accommodation.

A significant risk is more than an elevated risk of injury on the job. A significant risk is a specific risk having a high probability of imminent, substantial harm. In determining whether the plaintiff poses a significant risk, you must consider the following factors:

(1)     The duration of the risk;

(2)     The nature and severity of the potential harm;

(3)     The likelihood that the potential harm will occur; and

(4)     The imminence of the potential harm.

Authority: Americans with Disabilities Act, 42 U.S.C. Sec. 12113(b), 12111(3); 29 C.F.R. Sec. 1630.2(r); 56 Fed. Reg. 35, 745 (1991); School Bd. of Nassau County, Fla. V. Arline, 480 U.S. 273, 288, 107 S. Ct. 1123, 94 L. Ed. 2d 307 (1987); Mantolete v. Bolger, 767 F.2d 1416, 38 FEP 1081, 37 EPD Par. 35455 (9th Cir. 1985); Strathie v. Department of Transp., 716 F.2d 227, 32 FEP) 1561, 32 EPD Par. 33808 (3d Cir. 1983); New York State Ass'n for Retarded Citizens, Inc. v. Carey, 612 F.2d 644 (2d Cir. 1979).

Accepted _____    Accepted as Modified _____    Rejected _____

**Instruction No. 27**
**ADA - Definition: Threat to "Imminent" Safety**

"Imminent" is defined as ready to take place or hanging threateningly over one's head. A risk of future injury is not an imminent threat.

Authority: The Merriam Webster Dictionary (3d ed. 1984); 56 Fed. Reg. 35, 745 (1991).

Accepted _____    Accepted as Modified _____    Rejected _____

**Instruction No. 28**

**ADA - Threat to Safety Defense – Consideration of Testimony of Experts and Plaintiff**

Your assessment of the safety risk must be based on reasonable medical judgment

that relies on the most current medical knowledge and/or on the best available objective

evidence.  In making your assessment, you must consider the opinions of consulting

expert(s) and plaintiff's treating physician(s), as well as the experience of plaintiff in

previous similar positions.

Authority: 29 C.F.R. Sec. 1630.2(r); 56 Fed. Reg. 35, 745 (1991); Ackerman v. Western
Elec. Co., 645 F. Supp. 836, 48 FEP 1354 (N.D. Cal. 1986), aff'd 860 F.2d 1514, 129
LRRM 2929, 48 EPD Par. 38427 (9th Cir. 1988).

Accepted _____    Accepted as Modified _____    Rejected _____

**Instruction No. 29**
**Mixed Motive Analysis**

"You have heard evidence that the defendant's treatment of the plaintiff was motivated by the plaintiff's sex, race or her disability and also by other lawful reasons. If you find that the plaintiff's sex, race or her disability was a motivating factor in the defendant's treatment of the plaintiff, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason.

However, if you find that the defendant's treatment of the plaintiff was motivated by gender, race or her disability and lawful reasons, you must decide whether the plaintiff is entitled to damages. The plaintiff is entitled to damages unless the defendant proves by a preponderance of the evidence that the defendant would have treated plaintiff similarly even if the plaintiff's gender, race or her disability had played no role in the employment decision." Ibid.

Authority: 42 U.S.C. Sec. 2000e-2(m), Desert Palace, Inc., dba Caesars Palace Hotel & Casino, Petitioner v. Catharina F. Costa, 539 U.S. 90; 123 S. Ct. 2148; 156 L. Ed. 2d 84; 2003 U.S. Lexis 4422.

Accepted _____     Accepted as Modified _____     Rejected _____

**Instruction No. 30**
**Equal Pay Act - Discrimination**

Ms. Bailey may recover on her Equal Pay Act claim if she can prove by a preponderance of the evidence that Agere paid different wages to male employees for equal work. Equal work means work requiring substantially equal skill, effort and responsibility, under similar working conditions. If you believe the plaintiff was paid differently for equal work performed, the ultimate burden of proof shifts to Agere to establish that the differential was based on any factor other than Ms. Bailey's sex (gender).

Thus, in an Equal Pay Act claim, an employer must submit evidence from which you conclude that the reasons offered by Agere actually motivated the disparity in wages.

Authority: 29 U.S.C. Sec. 206(d)(1); Stanziale v. Jargowsky, et al.

Accepted _____    Accepted as Modified _____    Rejected _____

**Instruction No. 31**
**Retaliation**

The plaintiff contends that the defendants retaliated against her in violation of her rights under Title VII and under Section 1981 by placing her on the performance improvement plan, by transferring her and then terminating her employment.

In order for the plaintiff to prevail on her Title VII retaliation claim, you must find that the defendants discharged her because she engaged in protected conduct, that is, because she complained about what she reasonably believed to be sex, race or disability discrimination and because she filed discrimination charges.

Authority: Connick v. Myers, 461 U.S. .138, 147-48 (1983); Schalk v. Gallemore, 906 F.2d 419, 495 (10th Cir. 1990).

Agreed _____    Accepted as Modified_____    Rejected_____

**Instruction No. 32**
**Actual Damages**

If you find in favor of the plaintiff on her claim for race discrimination in violation of Title VII and/or Section 1981, then you must award her actual damages. To award her actual damages, you must find by a preponderance of the evidence that the plaintiff incurred actual damages as a result of the discrimination.

To the extent that actual damages have been proved by the evidence, you shall award as actual damages:

1. The amount of earnings and benefits that the plaintiff would have received but for the race discrimination; and

2. Any non-economic losses or injuries incurred to the present time, or which probably will be incurred in the future, including inconvenience and emotional distress; and

3. Back pay, interest on back pay and front pay.

Authority: 42 U.S.C. §§ 1981(A)(a)(1), 2000e-5(g) (1983); Civil Rights Act of 1991, (CRA) § 102(b)(2).

Agreed _____    Accepted as Modified_____    Rejected_____

**Instruction No. 33**
**Damages: Back Pay**

The fact that I instruct you on the law of damages must not be taken as an indication

tht you should find for the plaintiff.  It is for you to decide on the evidence presented and

the rules of law I have given you whether the plaintiff is entitled to recover from the

defendant.  However, if you return a verdict for the plaintiff, you must then decide the issue

of damages.

The purpose of the Americans with Disabilities Act is to make persons whole for

injuries suffered as a result of unlawful employment discrimination.  Under the Act, the

plaintiff is entitled to recover lost wages and benefits, including increases in wages.  The

amount of wages and benefits due is determined by calculating the amount that would have

been earned from the date of the termination action to the date you, the jury, return a

verdict.  You may include in the amount all forms of compensation the plaintiff would have

earned, including salary, bonuses, vacation pay, pension and health insurance benefits.

Plaintiff is not required to prove with unrealistic precision the amount of lost

earnings, if any, due him.  Any uncertainties in the amount plaintiff would have earned

should be resolved against the defendant.

Authority: Protos v. Volkswagen of Am., Inc., 797 F.2d 129, 41 FEP 598, 40 EPD Par.
36337 (3d Cir.), cert. denied, 479 U.S. 972 (1986); Cox v. American Cast Iron Pipe Co.,
784 F.2d 1546, 40 FEP 678, 40 EPD Par. 36132 (11th Cir.), cert. denied, 479 U.S. 883
(1986); Wells v. Meyer's Bakery, 561 F.2d 1268, 15 FEP 930, 14 EPD Par. 7651 (8th Cir.
1977).

Agreed _____     Accepted as Modified_____     Rejected_____

**Instruction No. 34**
**Damages: Front Pay**

If you return a verdict for the plaintiff, but you find that plaintiff cannot be reinstated to the job because it is no longer available or due to antagonism and disharmony between the plaintiff and the defendant, you may award plaintiff front pay. Front pay may include the amount plaintiff would have earned from the day you, the jury, return a verdict, until the date you find plaintiff's loss of future earning will cease.

Authority: See Blum v. Witco Chem. Corp., 826 F.2d 367, 373-74, 46 FEP 306, 44 EPD Par. 37392 (3d Cir. 1987).

Agreed _____    Accepted as Modified_____    Rejected_____

**Instruction No. 35**
**Compensatory Damages**

The purpose of the law of damages is to award. as far as possible. just and fair compensation for the loss, if any, which resulted from the defendant's violation of the plaintiff's rights.  If you find that the defendant is liable on the claims. as I have explained them. then you must award the plaintiff sufficient damages to compensate him for any injury proximately caused by the defendant's conduct.

These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole --- that is to compensate her for the damage that she has suffered. Furthermore. compensatory damages are not limited merely to expenses that plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that she has suffered because of a defendant's conduct.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries but only for those injuries that a plaintiff has actually suffered or which she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them you must be guided by dispassionate common sense.  Computing damages may be difficult. but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand,

the law does not require a plaintiff to prove the amount of her losses with mathematical

precision. but only with as much definiteness and accuracy as the circumstances permit.

In all instances. you are to use sound discretion in fixing an award of damages.

drawing reasonable inferences where you deem appropriate from the facts and

circumstances in evidence.

Authority:  <u>Story Parchment Co. v. Paterson Parchment Paper Co.</u>, 282 U.S. 555, 51 S. Ct. 248, 75 L. Ed. 544 (1931); <u>Kinty v. United Mine Workers of America</u>, 544 F.2d 706 (4th Cir. 1976), cert. denied, 429 U.S. 1093 (1977); <u>Northwestern National Casualty Co. v. McNulty</u>, 307 F.2d 432 (5th Cir. 1962); Fifth Circuit Civil Pattern Jury Instruction 15.2; <u>U.C. Castings Co. v. Knight</u>, 754 F.2d 1363 (7th Cir. 1985); <u>Luria Brothers & Co., Inc. v. Pielet Brothers Scrap Iron Metal, Inc.</u>, 600 F.2d 103 (7th Cir. 1979).

Accepted _____    Accepted as Modified _____    Rejected _____

**Instruction No. 36**
**Equal Pay**

If you should find that Agere has violated Ms. Bailey's statuatory rights under the

Equal Pay Act you may award her unpaid wages, plus liquidated damages for a willful

violation of the act.


Authority: Education Amendments of 1972, 20 U.S.C. Sec. 1681.


Accepted _____    Accepted as Modified _____    Rejected _____

**Instruction No. 37**
**Punitive Damages**

If you should find that the defendant is liable for the plaintiff's injuries, then you have the discretion to award, in addition to compensatory damages, punitive damages. You may award punitive damages if the plaintiff proves that the defendant's conduct was malicious and reckless, not merely unreasonable. An act is malicious and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences. The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example in order to deter him and others from committing similar acts in the future. Punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct.

The awarding of punitive damages is within your discretion -— you are not required to award them.  If you decide to award punitive damages, you must use sound reason in setting the amount-it must not reflect bias, prejudice, or sympathy toward any party. But the amount can be as large as you believe necessary to fulfill the purpose of punitive damages. In this regard, you may consider the financial resources of the defendant in fixing the amount of punitive damages.

This standard applies to claims under Title VII and § 1981.


Authority:  Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. I, III 5, Ct. 1032, 113 L. Ed. 2d 1 (1991); Kolstad v. American Dental Ass'n, 527 U.S. 526, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1999); CRA § 102(b)(1).


Accepted _____    Accepted as Modified _____    Rejected _____

**Instruction No. 38**
**Awarding Damages**


Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount. You should use your best judgment, based on the evidence.


Authority: C.J. Civ. 3d 5:5 (1988)


Agreed _____    Accepted as Modified_____    Rejected_____

Plaintiff reserves the right to modify, supplement or revise any of the questions set forth herein.

Respectfully submitted:

_____
GLENNIS L. CLARK ESQUIRE
I.D. NO. 36682
Attorney for Plaintiff
LAW OFFICES OF GLENNIS L. CLARK
1908 W. Allen Street
Allentown, PA 18104
(610) 433-6624