```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GARNELL BAILEY,                     )
                                    )  Civil Action
            Plaintiff               )  No. 02-CV-04683
                                    )
      vs.                           )
                                    )
LUCENT TECHNOLOGIES, INC. and       )
AGERE SYSTEMS,                      )
                                    )
            Defendant               )
```

O R D E R

NOW, this 18th day of March, 2004, upon consideration of Defendant's Motion for Summary Judgment, which motion was filed August 29, 2003; upon consideration of the Memorandum of Law in Support of Defendants' Motion for Summary Judgment filed August 29, 2003; upon consideration of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment filed October 20, 2003; upon consideration of Defendants' Reply to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment filed November 3, 2003; upon consideration of the pleadings, record papers, exhibits, affidavits and depositions submitted by the parties; it appearing by Rule 16 Status Conference Order of the undersigned dated March 21, 2003 we directed that a separate short concise statement, in numbered paragraphs, of the material facts about

which the moving party contends there is no genuine dispute[1] be filed in addition to any motion for summary judgment and a brief; it appearing that defendants did not submit its concise statement of facts, as directed, with its motion for summary judgment,

IT IS ORDERED that Defendants' Motion for Summary Judgment is granted in part and denied in part.[2]

---

[1]  Our March 21, 2003 Rule 16 Status Conference Order provides in pertinent part:

> [A]ny party filing a motion for summary judgment . . . shall file and serve, in addition to a brief, a separate short concise statement, in numbered paragraphs, of the material facts about which the moving party contends there is no genuine dispute. The moving party shall support each material fact with specific citations to the record, and, where practicable, attach copies of the relevant portions of the record.  Failure to submit such a statement may constitute grounds for denial of the motion.

Rule 16 Status Conference Order of the undersigned dated March 21, 2003.

It is the sense of this Order that, in the exercise of our discretion, we may dismiss Defendants' Motion for Summary Judgment, in toto, for failing to comply with this court's directive to submit a short concise statement in support of the motion for summary judgment.  However, upon review of defendants' motion and plaintiff's response, and as set forth more fully below, we conclude that as a matter of law, plaintiff's claims of discrimination based upon her alleged disability in Count I and Count II of her Amended Complaint should be dismissed because plaintiff will be unable to prevail on this theory, at the trial of this matter.

In all other respects, we deny defendants' Motion for Summary Judgment for their failure to comply with our March 21, 2003 Rule 16 Status Conference Order by not submitting the short concise statement of facts.  However, because we conclude that there are genuine issues of material fact that preclude entry of summary judgment on the remaining issues of race and sex discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000(e)-2000(e)-17, the Pennsylvania Human Relations Act ("PHRA") Act of October 27, 1955, P.L. 744, No. 222, §§ 1-13, as amended, 43 P.S. §§ 951-963, the Equal Pay Act, 29 U.S.C. § 206 and for retaliation pursuant to 42 U.S.C. § 1981, we also deny defendants' motion on the merits.

[2]  In considering a motion for summary judgment, the court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to

(Footnote 2 continued):

2

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment on Count I of plaintiff's Amended Complaint is granted in part and denied in part.[3]

IT IS FURTHER ORDERED that defendant's Motion for Summary Judgment on Count I of plaintiff's Amended Complaint

---

(Continuation of footnote 2):

judgment as a matter of law." Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Federal Home Loan Mortgage Corporation v. Scottsdale Insurance Company, 316 F.3d 431, 433 (3d Cir. 2003). Only facts that may affect the outcome of a case are "material". Moreover, all reasonable inferences from the record are drawn in favor of the non-movant. Anderson, supra.

Although the movant has the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant must then establish the existence of each element on which it bears the burden of proof. See Watson v. Eastman Kodak Company, 235 F.3d 851, 858 (3d Cir. 2000). A plaintiff cannot avert summary judgment with speculation or by resting on the allegations in her pleadings, but rather must present competent evidence from which a jury could reasonably find in her favor. Ridgewood Board of Education v. N.E. for M.E., 172 F.3d 238, 252 (3d Cir. 1999); Woods v. Bentsen, 889 F. Supp. 179, 184 (E.D. Pa. 1995).

[3]   Count I of plaintiff's Amended Complaint avers causes of action for race, sex and disability discrimination pursuant to Title VII, the Equal Pay Act, the PHRA together with a claim of retaliation pursuant to 42 U.S.C. § 1981.

Plaintiff Garnell Bailey is an African-American female who alleges that defendants Lucent Technologies, Inc., and Agere Systems, Inc., discriminated against her in setting her salary, benefits and stock options below that of other white males, eliminated her prior position and reassigned her duties to white males, and hired or promoted four white males to positions of director at the same time that defendants eliminated plaintiff's supervisory position. Moreover, plaintiff contends that she was terminated in retaliation for filing a claim of discrimination with the Equal Opportunity Employment Commission ("EEOC").

Defendants contend that plaintiff was not discriminated against in her salary or benefits, and not terminated in retaliation for filing a complaint with the EEOC. Rather, defendants allege that plaintiff was given salary and benefits comparable with persons in the company with a similar position and duties and that plaintiff was terminated for making threats to Kevin Pennington, Senior Vice-President of Human Resources for Agere Systems, Inc.

regarding plaintiff's claims of race and sex discrimination pursuant to Title VII, the Equal Pay Act, the PHRA[4] and for retaliation pursuant to 42 U.S.C. § 1981 is denied.[5]

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment regarding plaintiff's claim for disability discrimination contained in Count I of her Amended Complaint is granted.

IT IS FURTHER ORDERED that plaintiff's claim for disability discrimination in Count I of her Amended Complaint is dismissed.[6]

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment regarding Count II of plaintiff's Amended

---

[4] Plaintiff's race and sex discrimination claims under the PHRA are subject to the same analysis as her Title VII claims. Jones v. School District of Philadelphia, 198 F.3d 403, 410, 411 (3d Cir. 1999).

[5] A review of the record in this matter, in the light most favorable to plaintiff as the non-moving party, as we are required to do, reveals that there are genuine issues of fact, that preclude entry of summary judgment on behalf of defendants. These genuine issues of fact include, but are not limited to: (1) what plaintiff's job title was within the company and when she attained any job title; (2) plaintiff's responsibilities as opposed to other "Directors" within the Human Resources Department at Agere; (3) what Susan Lovegrove-Geise, a Licensed Clinical Social Worker who managed Agere's Employee Assistance Program, knew about threats to Mr. Pennington and when she knew certain information; and (4) whether plaintiff told Susan Lovegrove-Geise that she would not harm Mr. Pennington. All of these issues, are material disputes to plaintiff's claims for race and sex discrimination under Title VII, the Equal Pay Act, the PHRA and plaintiff's claim for retaliation. Thus, we deny defendants' Motion for Summary Judgment on these claims.

[6] Because we conclude, as more fully expressed below, that plaintiff's alleged disability was only temporary in nature, we grant Defendant's Motion for Summary Judgment regarding plaintiff's claim for discrimination based on her alleged disability contained in Count I of plaintiff's Amended Complaint under both Title VII and the PHRA.

Complaint is granted.[7]

---

[7]   Count II of plaintiff's Amended Complaint asserts a cause of action for disability discrimination pursuant to the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12101-12213.  Specifically, plaintiff's Amended Complaint alleges that she suffered from a mental/emotional condition covered by the ADA and that defendants violated the ADA by making inquiries of her regarding her disability, by breaching the duty of confidentiality and by denying her reasonable accommodations.  Through discovery it was determined that plaintiff suffered from depression and post-traumatic stress disorder.

Defendants contend that plaintiff never requested any reasonable accommodation, was not substantially limited in any major life activity, was not terminated because of her alleged disability and did not have a disability as defined by the ADA because her disability, if any, was only temporary in nature.  For the following reasons, we agree with plaintiff in part, defendants in part and grant Defendant's Motion for Summary Judgment on Count II of plaintiff's Amended Complaint.

We agree with plaintiff that both depression and post-traumatic stress disorder fall within diagnoses within the definition of a disability as contemplated by the ADA.  Johnson v. Lehigh County, No. Civ.A. 2000-1670, 2000 U.S. Dist. Lexis 14679 (E.D. Pa. Oct. 10, 2000).  Moreover, we agree with plaintiff that her condition substantially limited the major life activities of work, sleep and thought.  However, we agree with defendants that plaintiff fails to establish that her condition was anything more than temporary and non-chronic.  Thus, we conclude that as a matter of law, defendants are entitled to summary judgment.

"[A] temporary, non-chronic impairment of short duration is not a disability covered by the ADA."  Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 380 (3d. Cir 2002).  This is true even if it requires an extended leave of absence.  McNeil v. Scotland County, 213 F. Supp. 2d 559, 569 (M.D.N.C. 2002), aff'd 53 Fed. Appx. 242, 2002 U.S. App. LEXIS 26140 (4th Cir. 2002), cert denied, ___ U.S. ___, 123 S.Ct. 2578, 156 L.Ed.2d 605 (2003).

In this case, plaintiff was allegedly disabled for a period of six months.  Plaintiff was out of work from June 8, 2001 until December 9, 2001.  In McNeil plaintiff suffered from symptoms of major depressive episode and severe melancholia, which are symptoms of post-traumatic stress disorder, for over 11 months and was out of work for nine months, and the district court held that her condition was temporary, and thus not a disability.  Moreover, in Dorn v. Potter, 191 F. Supp. 2d 612 (W.D. Pa. 2002), the district court held that a back injury of eight months duration was only temporary, thus could not be considered a disability under the ADA.

Because plaintiff's condition in this matter lasted only six months, and she testified that she was able to go back to work without any restrictions on December 9, 2001, we conclude that any alleged disability was temporary in nature and does not qualify under the ADA.  Moreover, we conclude that plaintiff did not provide any evidence of any accommodation that was requested and denied.

Accordingly, because we conclude that plaintiff fails to produce a genuine issue of material fact regarding whether she was disabled pursuant to the ADA, we grant Defendant's Motion for Summary Judgment and dismiss Count II of plaintiff's Amended Complaint.

<u>IT IS FURTHER ORDERED</u> that Count II of plaintiff's Amended Complaint is dismissed.

BY THE COURT:

_____
James Knoll Gardner
United States District Judge