IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
GARNELL BAILEY,                )
                               )  Civil Action
            Plaintiff          )  No. 02-CV-04683
                               )
      vs.                      )
                               )
LUCENT TECHNOLOGIES, INC. and  )
AGERE SYSTEMS,                 )
                               )
            Defendants         )
```

O R D E R

NOW, this 17th day of September, 2004, upon consideration of Defendants' Motion in Limine to Preclude Evidence of Severance Payments Made to Other Employees; upon consideration of Defendants' Motion in Limine to Preclude Evidence of Alleged Threats Made by Dewayne Rideout; upon consideration of Defendants' Motion in Limine to Preclude Evidence of Stock Option Grants Prior to 2001; upon consideration of Defendants' Motion in Limine to Preclude Evidence of Non-Human Resources Department Director Salaries, which motions were all filed October 8, 2003; upon consideration of Plaintiff's Memorandum of Law in Opposition to Defendants' Motions in Limine filed October 27, 2003; upon consideration of the briefs of the parties; and for the reasons expressed in the footnotes below,

IT IS ORDERED that defendants' motions in limine are denied.[1]

---

1.  Count I of plaintiff's Amended Complaint avers causes of action for race, sex, age and disability discrimination pursuant to Title VII, the Equal Pay Act, Age Discrimination in Employment Act of 1967 ("ADEA"), the

(Footnote 1 continued):

IT IS FURTHER ORDERED that Defendants' Motion in Limine to Preclude Evidence of Severance Payments Made to Other Employees is denied.[2]

------------------------

(Continuation of footnote 1):
Pennsylvania Human Relations Act ("PHRA"), together with a claim of retaliation pursuant to 42 U.S.C. § 1981.  Count II of plaintiff's Amended Complaint asserts a cause of action for disability discrimination pursuant to the Americans with Disabilities Act ("ADA").

By footnoted Order of the undersigned dated March 18, 2004, we granted in part and denied in part defendants' motion for summary judgment.  Specifically, we granted summary judgment on plaintiff's claims for disability discrimination and dismissed that portion of Count I and all of Count II of the Amended Complaint.  We denied defendant's motion for summary judgment regarding plaintiff's claims for race and sex discrimination pursuant to Title VII, the Equal Pay Act, the PHRA together with a claim of retaliation pursuant to 42 U.S.C. § 1981.  Defendant did not seek summary judgment on plaintiff's claim for age discrimination.  Thus, we did not address that claim in our March 18, 2004 footnoted Order.

Plaintiff Garnell Bailey is an African-American female who alleges that defendants Lucent Technologies, Inc., and Agere Systems, Inc., discriminated against her in setting her salary, benefits and stock options below that of white males, eliminated her prior position and reassigned her duties to white males, and hired or promoted four white males to positions of director at the same time that defendants eliminated plaintiff's supervisory position.  Moreover, plaintiff contends that she was terminated in retaliation for filing a claim of discrimination with the Equal Opportunity Employment Commission ("EEOC").  Finally, plaintiff contends that younger persons were given higher salaries and had greater opportunities for advancement, that she was replaced by a younger worker and that defendants engaged in a pattern and practice of discrimination against older workers, particularly those who had worked for a predecessor company AT&T.

Defendants contend that plaintiff was not discriminated against in her salary or benefits, and not terminated in retaliation for filing a complaint with the EEOC.  Rather, defendants allege that plaintiff was given salary and benefits comparable with persons in the company with a similar position and duties and that plaintiff was terminated for making threats to Kevin Pennington, Senior Vice-President of Human Resources for Agere Systems, Inc.

2.   Defendants seek to preclude plaintiff from offering evidence of severance payments made to other employees of Lucent and Agere on the basis that the proposed evidence is not relevant, admissible, or in the alternative, that if relevant and otherwise admissible, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to defendant, or that the evidence will mislead the jury in this case.  Defendants rely on Rules 401, 402 and 403 of the Federal Rules of Evidence.
(Footnote 2 continued):

IT IS FURTHER ORDERED that Defendants' Motion in Limine to Preclude Evidence of Alleged Threats Made by Dewayne Rideout

_____

(Continuation of footnote 2):
Plaintiff contends that the evidence is relevant to refute defendant's proffered reasons for her termination, is relevant as motive for firing plaintiff, and is evidence of pretext. Specifically, plaintiff contends that she inquired about a severance package prior to any issues related to her termination arose. For the following reasons, we deny defendant's motion in limine.

Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

Rule 402 provides that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed.R.Evid. 402.

Finally, Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

In this case, we agree with plaintiff that the issue of whether plaintiff was terminated for cause is an issue to be determined by the jury. Moreover, plaintiff is permitted to offer evidence that would tend to show that defendant's stated reason for termination was a pretext for discrimination. In this case, plaintiff's evidence about severance payments to other employees is relevant and probative on the issue of a monetary motive for firing plaintiff, without any compensation, rather than offering her a severance package on the alleged pretext of her alleged threat to Mr. Pennington. Moreover, it is probative of plaintiff's allegation that plaintiff's firing was based upon another motive other than the stated reason.

Finally, most relevant evidence offered against a party tends to prejudice that party in some manner. It is only if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury that such relevant evidence should be excluded under Rule 403. Defendant has not identified any specific prejudice other than the statement in its brief: "Any evidence of severance packages received by others, even if found probative by the Court, could improperly suggest to the jury that Bailey was entitled to a similar amount of money for reasons that have no bearing on Bailey's claims." That statement implies that the proposed evidence is not relevant and does not address any prejudice, let alone unfair prejudice to defendant. In this case, we conclude that the probative value to plaintiff of the proposed evidence outweighs any danger of unfair prejudice, confusion of issues or of misleading the jury.

Accordingly, we deny defendant's motion in limine.

is denied without prejudice to raise the issue as an objection at trial.[3]

IT IS FURTHER ORDERED that Defendants' Motion in Limine to Preclude Evidence of Stock Option Grants Prior to 2001 is denied.[4]

IT IS FURTHER ORDERED that Defendants' Motion in Limine

---

   3.   Defendant seeks to preclude alleged threats made by an employee by the name of Dewayne Rideout.  Specifically, defendants contend that the threats made by Mr. Rideout, without specifically stating what the actual threats were, are not relevant to the issues in theis case.  However, in plaintiff's response, she alleges that the threats included a statement to one colleague that he "should come in here with a gun and start shooting people's heads off", and a statement to another colleague "I'm going to come over the table and kill you."

   Defendant asserts that the statements made by plaintiff which constitute the basis of her termination include a statement by plaintiff to Susan Lovegrove-Geise that plaintiff had bought a gun and bullets "with Pennington's name on them".  Mr. Pennington was plaintiff's immediate supervisor.  Plaintiff denies making any such statement.

   We conclude that this issue is better addressed at trial of this matter when we can more fully explore plaintiff's knowledge of these alleged statements, when they were made, to whom, where and in what context.  The statements may be very relevant, not relevant at all and if relevant may be subject to additional objections.  Thus, we deny defendant's motion without prejudice to raise the issue at trial.

   4.   Defendant seeks to preclude plaintiff from producing evidence at trial about employee stock option grants granted prior to 2001.  Defendant contends that plaintiff has not mentioned loss of stock options prior to 2001 in either her Amended Complaint or her deposition.  Plaintiff contends that she was given fewer stock option grants than other Caucasians and males when she was promoted to the title of Director in August 2000.  For the following reasons, we deny defendant's motion in limine.

   Plaintiff's Amended Complaint avers that defendants engaged in discriminatory practices from August 2000 until December 2001.  (Amended Complaint at paragraph 26).  Moreover, plaintiff contends that as a result of defendant's allegedly discriminatory practices, plaintiff was deprived of numerous forms of income including stock options.  (Amended Complaint at paragraph 26).  Paragraph 17 of the Amended Complaint does specifically reference stock option grants for the year 2001, but nowhere in plaintiff's Amended Complaint does it state that is the only year at issue for stock
                              (Footnote 4 continued):

to Preclude Evidence of Non-Human Resources Department Director Salaries is denied.[5]

           BY THE COURT:


           _____
           James Knoll Gardner
           United States District Judge

_____

(Continuation of footnote 4):
options.  Accordingly, we conclude that defendant has been placed on notice that plaintiff may seek damages for the whole period of alleged discrimination from August 2000 to December 2001 and that one of the items of damages claimed included stock options.

  Thus, we deny defendants' motion in limine.


  5. Defendants seek to preclude plaintiff from offering evidence of the salary of Directors from outside the Human Resources Department regarding plaintiff's claims for discrimination.  Defendants contend that only the salary of individuals with the title of Director are relevant as a comparison.  Defendant contends that plaintiff's Amended Complaint only claims that she was not paid equally with other Directors within the Human Resources Department.  Defendants further contend that plaintiff intends to introduce at trial charts regarding the Director salaries of individuals throughout the Microelectronics unit at defendants Lucent and Agere.

  Plaintiff asserts that there were Directors both inside and outside the Human Resources Department that did not have the qualifications, experience and seniority comparable to hers, but nevertheless received greater compensation than she did.  Moreover, plaintiff asserts that there was nothing in defendants' company guidelines that indicates that directors in any particular department were entitled to any more or less compensation than any other department.  Finally, plaintiff contends that evidence of a comparison of her salary to that of all directors within the company is both relevant and probative to the issues in this case.  For the following reasons, we agree with plaintiff.

  To establish a prima facie case of discriminatory compensation under either the Equal Pay Act, plaintiff must prove that defendants pay different wages to employees of the opposite sex or race "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions."  29 U.S.C. § 206(d)(1); <u>Corning Glass Works v. Brennan</u>, 417 U.S. 188, 195,
             (Footnote 5 continued):

_____
(Continuation of footnote 5):
94 S.Ct. 2223, 2228, 41 L.Ed.2d 1, 10 (1975); <u>Angelo v. Bacharach Instrument Company</u>, 555 F.2d 1164 (3d Cir. 1977).  Defendants contend that in her Amended Complaint and her deposition, plaintiff stated that she was not paid in equality with white male directors within the Human Resources Department.  However, what defendant does not address is that paragraph 23 of plaintiff's Amended Complaint provides that in May 2001 in the course of registering complaints about alleged discriminatory treatment, plaintiff learned that her salary was allegedly significantly lower that all other persons promoted to the position of Director between January 1997 and February 2000 and was allegedly significantly lower than the group of Directors with seniority and education levels comparable with plaintiff.

       Thus, we conclude that plaintiff has put defendants on notice that she intends to attempt to compare herself to the entire universe of allegedly comparable Directors within defendant corporations, not just to those Directors in the Human Resources Department.  Moreover, we conclude that if plaintiff is able to make a preliminary showing that the persons she seeks to compare to herself do "equal work" pursuant to the definition contained in § 206(d)(1), the evidence would be relevant and probative to issues in this case.  While defendants do not argue that they will suffer any prejudice, rather just that the proposed evidence is not relevant, we have performed the balancing test required under Rule 403 of the Federal Rules of Evidence and conclude that probative value of this evidence is not substantially outweighed by the prejudice, if any, to defendants in this matter.  Accordingly, we deny defendant's motion in limine.