UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARNELL BAILEY, | ) |
| Plaintiff, | ) Civil Action No. 02-4683 |
| vs. | ) Judge James Knoll Gardner |
| LUCENT TECHNOLOGIES INC. and AGERE SYSTEMS INC. | ) |

**DEFENDANTS' AMENDED WRITTEN OBJECTIONS
TO PLAINTIFF'S PROPOSED EVIDENCE**

Defendants, Lucent Technologies Inc. and Agere Systems Inc., through their undersigned counsel and pursuant to this Court's October 20, 2003 Order, amend their written objections (other than relevancy) to Plaintiff's proposed evidence.[1]

I. **Exhibits**

A. Defendants object to the following exhibits listed in Plaintiff's Trial Memorandum on authenticity grounds:

1. Exhibit 11: Listing of promotions for January 1997 through February 2001 – this document was not produced by Defendants and no witness has testified that it is accurate, complete and based on official company records.

2. Exhibit 35: Compensation chart effective 12/1/2000 – this document was not produced by Defendants and no witness has testified that it is accurate, complete and based on official company records.

---

[1] When Defendants initially filed these written objections on March 1, 2004, they had not yet received all of Plaintiff's proposed exhibits. Defendants received a complete set of Plaintiff's exhibits on September 21, 2004.

B.	Defendants object to the following exhibit as hearsay:

1.	Exhibit 10:	Agere newsletter dated May, 2001 – the highlighted portion on the second page of this document, for which Plaintiff intends to use it, is hearsay. It offers the statements of unnamed Agere employees from an employee survey to prove the truth of those statements, for example, that Agere is allegedly an "old boys club."

2.	Exhibit 28:	Remedy worksheet dated 3/21/2002 – this is an out of court statement offered for the truth of the matter asserted – that Bailey's damages are what is listed on the worksheet. Fed. R. Evid. 801(c).

II.	**Expert Witnesses**

A.	Defendants object to four of the six expert witnesses identified in Section B of Plaintiff's Trial Memorandum. Plaintiff did not identify these individuals as expert witnesses or produce an expert report or curriculum vitae for them by the July 1, 2003 deadline established by this Court's June 26, 2003 Order. See also, Fed. R. Civ. P. 26(a)(2). To date, Plaintiff still has produced no expert report or curriculum vitae for these witnesses.[2] Pursuant to this Court's June 26, 2003 Order, Plaintiff should be precluded from calling these witnesses as experts at trial. Coalition to Save our Children v. State Bd. of Educ., 90 F.3d 752, 775-776 (3d Cir. 1996) (affirming district court's exclusion of expert testimony where party failed to provide expert reports in compliance with rules and pretrial orders). These proposed experts are:

---

[2] Although Plaintiff's Trial Memorandum indicates that curriculum vitae are attached, they are not.

    1.    Patricia L. Gordy[3]

    2.    Richard Goy

    3.    Hugo Twaddle

    4.    Thomas Friederich

III.  **Fact Witnesses**

A.  The following witnesses listed in Plaintiff's Trial Memorandum should be excluded because they have not previously been identified by Plaintiff, either in initial disclosures, written discovery responses or depositions in this case, nor did Plaintiff ever supplement its disclosures or discovery to identify them. Fed. R. Civ. P. 37(c)(1) ("A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) … is not, unless such failure is harmless, permitted to use as evidence at trial … any witness or information not so disclosed."); <u>Roger Edwards, LLC v. Fiddes & Son, Ltd.</u>, 216 F.R.D. 18 (D. Me. 2003) (precluding plaintiff from presenting at trial witnesses disclosed for the first time in pretrial memorandum). Plaintiff should also be precluded from introducing these witnesses at trial, because she has not provided a brief statement of the nature of these witnesses' testimony, as required by this Court's October 20, 2003 Order. These witnesses are:

    1.    Ed Tanner

    2.    L. Ed Herr

    3.    Keelathur Vasudevan

    4.    John Dickson

    5.    Mary Singer

---

[3] Defendants have no objection to Gordy testifying as a fact witness, only as an expert witness. Goy and Twaddle are no longer even relevant fact witnesses given that the Court granted Defendants' summary judgment on Plaintiff's disability discrimination claim.

3

      6.      Elizabeth Simonski

      7.      Patricia Schuster

      8.      Nancy Mulzet

      9.      Greg Hahn

      10.     Mark Chillis

      11.     George Markert

      12.     David Delgrosso

      13.     Becky Street

      14.     George Bokeeoh

      15.     Jerry Riddick

    B.    The following witnesses have been identified previously by Plaintiff, however, she has not provided a brief statement of the nature of these witnesses' testimony, as required by this Court's October 20, 2003 Order. Without a more definite statement of the substance of these witnesses' testimony, Defendants are unable to evaluate any potential objections to their testimony. These witnesses are:

      1.      Susan Powell

      2.      Gary Bailey

      3.      Joanne Washington

      4.      Debbie Harris

                    Respectfully submitted,

                    /s/ Theodore A. Schroeder
                    Robert W. Cameron (Pa. I.D. No. 69059)
                    Theodore A. Schroeder (Pa. I.D. No. 80559)
                    LITTLER MENDELSON, P.C.
                    Dominion Tower
                    625 Liberty Avenue, 26th Floor
                    Pittsburgh, PA  15222
                    Tel:  (412) 201.7600

                    Attorneys for Defendants,
Dated:  September 22, 2004        Lucent Technologies Inc. and Agere Systems Inc.

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of September, 2004, I caused a true and correct copy of the foregoing **Defendants' Amended Written Objections to Plaintiff's Proposed Evidence** to be served by U.S. Mail, first-class, postage prepaid and facsimile, on the following counsel of record:

>Glennis L. Clark, Esquire
>1908 Allen Street
>Allentown, PA  18104

/s/ Theodore A. Schroeder_____

Pittsburgh:34564.1 042480.1004