IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARNELL BAILEY, | : | |
| | : | |
| Plaintiff | : | Civil Action No. 02-4683 |
| | : | |
| v. | : | |
| | : | Judge James Knoll Gardner |
| LUCENT TECHNOLOGIES INC. | : | |
| and AGERE SYSTEMS INC., | : | |
| | : | |
| Defendants | : | |

**REVISED JOINT JURY INSTRUCTIONS AND DEFENDANTS' REVISED
SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**

Defendants, Lucent Technologies Inc. and Agere Systems Inc., through their undersigned

counsel, and pursuant to Rule 51 of the Federal Rules of Civil Procedure and this Court's

October 20, 2003 Order, submit their supplemental proposed jury instructions.

Instructions listed as "Joint Instructions" have been agreed to by the parties and were

filed on March 3, 2004 as the parties' Joint Proposed Jury Instructions.  They are repeated here

solely for continuity and context in relation to Defendants' Supplemental Instructions.

Instructions listed as "Defendants' Supplemental Instructions" are supplemental

instructions proposed by Defendants to which Plaintiff does not agree.  These instructions have

been revised as a result of the dismissal of Plaintiff's disability discrimination claim, Plaintiff's

voluntary dismissal of her race discrimination claim and conversations between counsel on

October 11 2004.

## **TABLE OF CONTENTS**

Page

JOINT PRETRIAL INSTRUCTIONS ........................................................... 1

POST-TRIAL INSTRUCTIONS ................................................................. 6

Joint Instruction No. 1    Preliminary Instructions ...................................... 6

Joint Instruction No. 2    Role of Jurors ..................................................... 7

Joint Instruction No. 3    Bias or Prejudice – Individual v. Company All
                           Persons Equal Before the Law ............................... 8

Joint Instruction No. 4    Consideration of the Evidence ............................ 9

Joint Instruction No. 5    Evidence – Direct and Circumstantial ................. 10

Joint Instruction No. 11   Preponderance of the Evidence ........................... 11

Joint Instruction No. 6    Credibility of Witnesses ..................................... 12

Defendants' Supplemental
Instruction No. 2          Impeachment – Inconsistent Statements or Conduct ............ 13

Defendants' Supplemental
Instruction No. 3          Not Required to Accept Uncontradicted Testimony ............. 14

Joint Instruction No. 7    [WITHDRAWN] ................................................ 15

Joint Instruction No. 8    Oral Admissions ................................................ 16

Defendants' Supplemental
Instruction No. 4          [WITHDRAWN] ................................................ 17

Joint Instruction No. 12   Experts .............................................................. 18

Defendants' Supplemental
Instruction No. 5          Weight of the Evidence ....................................... 19

Defendants' Supplemental
Instruction No. 6          Race and Sex Discrimination ............................... 21

Joint Instruction No. 14   Equal Pay Act - Introduction ............................... 23

Defendants' Supplemental
Instruction No. 8          Equal Pay Act – Discrimination ........................... 24

Defendants' Supplemental
Instruction No. 9          [WITHDRAWN] ................................................ 25

Defendants' Supplemental
Instruction No. 10         [WITHDRAWN] ................................................ 25

Defendants' Supplemental
Instruction No. 11         [WITHDRAWN] ................................................ 25

Defendants' Supplemental
Instruction No. 12         [WITHDRAWN] ................................................ 25

Joint Instruction No. 15          Retaliation ..................................................... 26

Joint Instruction No. 16          Causal Link ................................................... 27

Defendants' Supplemental
Instruction No. 15                Retaliation Determination.................................... 28

Defendants' Supplemental
Instruction No. 16                Opinion is not Proof ........................................ 30

Joint Instruction No. 9           General Instruction – Damages........................... 31

Joint Instruction No. 17          General Guidelines ............................................ 32

Joint Instruction No. 18          General Damages ............................................. 33

Joint Instruction No. 19          Damages – Back Pay and Front Pay .................... 34

Defendants' Supplemental
Instruction No. 19                Back Pay – Stock Options ................................. 36

Defendants' Supplemental
Instruction No. 20                Duty to Mitigate .............................................. 37

Joint Instruction No. 20          Compensatory Damages ..................................... 39

Defendants' Supplemental
Instruction No. 22                Punitive Damages............................................. 41

Defendants' Supplemental
Instruction No. 23                Attorneys' Fees ............................................... 43

Joint Instruction No. 10          Election of Foreperson – Explanation of Verdict Form ........ 44

Defendants' Proposed
Verdict Slip                      ......................................................... 46

### JOINT PRE-TRIAL INSTRUCTIONS

Members of the jury, the trial of the case about which you have heard during your selection as jurors is about to begin. Before we begin, however, there are certain instructions you should have in order to better understand what will be presented to you and how you should conduct yourselves during the course of this trial.

The party who brings a lawsuit is generally called the plaintiff. In this lawsuit, the plaintiff is Garnell Bailey. The party sued by the plaintiff is the defendant. In this case, the defendants are Agere Systems Inc. and its predecessor company Lucent Technologies Inc. I will refer to the defendants collectively as "Agere."

Ms. Bailey seeks to recover damages she claims were caused to her by Agere. Specifically, Ms. Bailey claims that Agere discriminated against her based on her race and sex with respect to her compensation, particularly her salary and stock options. She also alleges that Agere discriminated against her based on her race, sex and disability and in retaliation for filing a charge of discrimination with the EEOC by terminating her employment. Agere denies these claims. Agere denies that it treated Ms. Bailey differently with regard to her compensation than it treated similarly situated white and male employees. Agere also denies that it terminated Ms. Bailey because of her race, sex or disability, or because she filed a charge of discrimination with the EEOC. Rather, Agere contends that it terminated Ms. Bailey because she made threats toward her supervisor, Kevin Pennington.

This case will proceed in the following order: First, Ms. Bailey may make an opening statement outlining her case. Agere may make an opening statement outlining its case immediately after Ms. Bailey's opening statement, or Agere may wait to make its opening statement until the conclusion of Ms. Bailey's case. Neither party is required to make an

opening statement.  What is said in opening statements by the lawyers is not evidence; instead, it is simply a statement designed to provide to you an introduction to the evidence or testimony which the party making the statement intends to produce or elicit.

Second, Ms. Bailey will introduce evidence in support of her claim.  At the conclusion of her case, Agere may introduce evidence.  Agere is not obliged to introduce any evidence at all and is not obliged to call witnesses to testify.  If Agere decides to introduce evidence, Ms. Bailey then has the opportunity to introduce rebuttal evidence.  If Ms. Bailey introduces rebuttal evidence, Agere will have the opportunity to introduce rebuttal evidence of its own.

Third, the parties may present closing arguments to you about what they contend the evidence has shown, and about the inferences they contend you, the jury, should draw from such evidence.  What is said in the closing arguments by the parties' lawyers, just as what is said in their opening statements, is not evidence.  Instead, the closing arguments by counsel are designed to present to you the contentions of the parties based on the evidence produced or presented to you, the jury.  Ms. Bailey will present her closing first, and will also have an opportunity to reply to Agere's closing.

Fourth, after the close of evidence, that is, when the parties have finished their presentations to you, I will instruct you on the law which you are to apply in reaching your verdict.

Now that I have described the trial itself, let me explain the job that you and I are to perform during the trial.  I will decide which rules of law apply to this case.  I will decide this in response to questions raised by the attorneys as we go along and also in the final instructions given to you after the evidence and arguments are complete.

The admission of evidence in court is governed by rules of law. During the trial, the attorneys may find it necessary to make objections, and it then becomes my duty to rule on those objections and to decide whether certain evidence can be presented to you. You must not concern yourself with the objections or my reasons for my rulings. You must not consider testimony or exhibits to which I have sustained an objection, or which I have ordered stricken from the record. None of my rulings should be regarded as an indication of my opinion as to what your findings should be.

You are not to consider the fact that an attorney objects to certain evidence as being an attempt by that attorney or his or her client to withhold any evidence from you which you need to properly determine the case. The only way that I can rule on the legal effect of certain evidence is if the attorney raises an objection. Without raising an objection, the attorney does not fulfill his or her duty to the client or to this court. Therefore, you must not hold it against the attorneys or their clients if they make objections.

From time to time, there may also be conferences, or what we call "side bars." The attorneys and I will meet at the bench to discuss legal points which may be involved in the evidence. Again, this is not an attempt to withhold information from you which you should have. Rather, it is a means of ensuring that you have only legally admissible evidence upon which you are to base your decision.

It will be your job as jurors to find and determine the facts. If at any time I should make any comment regarding the facts, you are at liberty to disregard my comment. Moreover, you should not take any questions I may ask witnesses as any indication of my opinion as to how you should determine the issues of fact. Any opinion which you think I may have as to the facts is not at all important, for you and you alone are the sole finders of the facts.

It is especially important that you perform your duty of determining the facts diligently and conscientiously, because usually there is no means of correcting an erroneous determination of the facts by a jury.  You must base your decision on the evidence in the case and on my instructions of the law and nothing else.  You will have to decide what testimony you believe and what testimony you do not.  You should decide whether you believe what each witness has to say and how important his or her testimony is.

In making that decision, I suggest that you ask yourself a few questions:  Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things the witness testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness will say.

Also, you do not have to believe something is true simply because more witnesses said it is true than said it is not true.  You may find that the testimony of a smaller number of witnesses is more believable than the testimony of a larger number of witnesses.  On the other hand you may believe that the testimony of a larger number of witnesses is more believable than the testimony of a smaller number.

During the trial you may be told that Ms. Bailey and Agere agree, or stipulate, to what a witness's testimony would be if the witness were called at the trial.  You will consider that to be the testimony of that witness as if the witness were testifying.   Likewise, you may be told that

4

Ms. Bailey and Agere agree, or stipulate, to a certain fact.   You must accept that fact as true even though nothing more is said about it.

Finally, this case should be considered by you as a controversy between persons of equal standing in the community, of equal worth and holding the same or similar stations in life.   A corporation like Agere is entitled to the same trial as a private individual.   All persons, including corporations like Agere, are equal before the law and this Court, and are to be treated as equals in this Court.

**AUTHORITY:**        E. Devitt, C. Blackmar and M. Wolff, <u>Federal Jury Practice and Instructions</u> §§ 70.02, 71.05.

Accepted ___        Accepted as Modified ___        Rejected ___

## POST-TRIAL INSTRUCTIONS

### Joint Instruction No. 1

### Preliminary Instructions

Members of the jury, now that you have heard the evidence and the arguments of the parties, it becomes my duty to instruct you as to the law applicable to the facts as you find them to be.

It is your duty as jurors to follow the law as I state it to you in these instructions, and to apply these rules of law to the facts as you find them from the evidence in the case.

You are not to be concerned with the wisdom of any rule of law as I state it. Regardless of any opinion you may have as to what the law should be, it would be a violation of your sworn duty as jurors to base a verdict upon any other view of the law except the one I give you in these instructions. It would also be a violation of your sworn duty as jurors to base a verdict upon anything except the evidence in this case.

Nothing I say to you in these instructions is to be taken by you as an indication that I may have an opinion about the facts of the case or what that opinion might be. It is not my function to determine the facts. That is your function.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the evidence presented and to arrive at a verdict by applying the rules of law as given in my instructions.

**AUTHORITY:**    E. Devitt, C. Blackmar and M. Wolff, <u>Federal Jury Practice and Instructions</u> § 71.01 (4th ed. 1987).

Accepted ___        Accepted as Modified ___        Rejected ___

6

## Joint Instruction No. 2

### Role of Jurors

You have been chosen and sworn as jurors in this case to determine the factual issues presented by the allegations of the Plaintiff, Garnell Bailey, and the answer to those allegations by the Defendants, Lucent and Agere.  You are to perform this duty without bias or prejudice as to any party.  Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all of the evidence in this case and all of the law as I state it to you, and reach a just verdict regardless of the consequences.

**AUTHORITY:**    United States Fifth Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Cautionary Instruction 2.13 (1997 ed.); E. Devitt, C. Blackmar and M. Wolff, <u>Federal Jury Practice and Instructions</u> § 71.04 (4th ed. 1987).

Accepted ___        Accepted as Modified ___        Rejected ___

I will now instruct you on how you should treat the parties and consider the evidence that has been presented in this case.

### Joint Instruction No. 3

**Bias or Prejudice -- Individual v. Company**
**All Persons Equal Before the Law**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth and holding the same or similar stations in life. Corporations such as Lucent and Agere are entitled to the same fair trial at your hands as is a private individual such as Garnell Bailey. As I told you at the commencement of this trial, all persons, including corporations such as Lucent and Agere, stand equal before the law and are to be dealt with by you as equals in this Court. You should not consider Lucent's and Agere's assets or size in determining whether Lucent and Agere should be liable.

**AUTHORITY:**      O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> § 103.12 (5th ed. 2000); United States Fifth Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Cautionary Instruction 2.13 (1997 ed.); E. Devitt, C. Blackmar & M. Wolff, <u>Federal Jury Practice and Instructions</u> § 71.04 (4th ed. 1987).

Accepted ____        Accepted as Modified ____        Rejected ____

## Joint Instruction No. 4

### Consideration of the Evidence

In your deliberations, you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits -- I have admitted in the record. As you consider the evidence, both "direct" and "circumstantial," which I will define for you, you may make findings and reach conclusions which reason and common sense lead you to make.

You have heard the closing arguments of the attorneys. Remember that statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist you, the jury, in understanding the evidence and the parties' contentions. It is your own recollection and interpretation of the evidence that controls.

**AUTHORITY:**    United States Fifth Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Cautionary Instruction 2.13, General Instruction for Charge 3.1 (1997 ed.); United States Eleventh Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Basic Instruction 2.2; E. Devitt, C. Blackmar & M. Wolff, Federal Jury Practice and Instructions §§ 70.03, 71.08 (4th ed. 1987).

Accepted ____        Accepted as Modified ____        Rejected ____

## Joint Instruction No. 5

### Evidence -- Direct and Circumstantial

While you must consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience. In other words, you may make findings and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is "direct evidence" -- such as testimony of an eyewitness. The other is "circumstantial evidence" -- the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**AUTHORITY:**    Torre v. Casio, Inc., 42 F.3d 825 (3d Cir. 1994); Maxfield v. Sinclair Int'l, 766 F.2d 788 (3d Cir. 1985); O'Malley, Grenig and Lee, Federal Jury Practice and Instructions § 104.05, notes (5th ed. 2000); United States Fifth Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Cautionary Instruction 2.18, General Instruction 3.1 (1997 ed.); E. Devitt, C. Blackmar & M. Wolff, Federal Jury Practice and Instructions §§ 72.03, 72.04 (4th ed. 1987).

Accepted ___        Accepted as Modified ___            Rejected ___

### Joint Instruction No. 11

[Previously Defendants' Supplemental Instruction No. 1]

**Preponderance of the Evidence**


**AUTHORITY:**    O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> § 104.01 (5th ed. 2000).

Accepted ___        Accepted as Modified ___        Rejected ___

## Joint Instruction No. 6

### Credibility of Witnesses

In saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

Your understanding of the answers to these questions will better help you assess the credibility of a particular witness.

**AUTHORITY:**    United States Eleventh Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Instruction 3 (1990 ed.); E. Devitt, C. Blackmar & M. Wolff, Federal Jury Practice and Instructions § 73.01 (4th ed. 1987).

Accepted ___        Accepted as Modified ___        Rejected ___

12

<u>**Joint Instruction No. 13**</u>

[Previously Defendants' Supplemental Instruction No. 2]

**Impeachment – Inconsistent Statements or Conduct**

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, inconsistent with [the witness' present testimony] <u>what you heard the witness say during trial</u>.

If you believe any witness has been impeached and, [thus] <u>therefore</u>, discredited, you [may] <u>should</u> give [the testimony of that witness such credibility] <u>that witness's testimony the weight</u>, if any, it deserves.

<u>If by impeachment, or by comparison with other evidence, you find that any witness has testified falsely as to any fact, the law permits you to disregard completely the testimony of that witness</u>.  <u>You are not required, however, to consider such a witness as totally unworthy of belief. You may accept as much or as little of his or her testimony as you consider to be true and disregard what you feel is false, or you may disregard the entire testimony</u>.

**AUTHORITY:**      E. Devitt, C. Blackmar, and M. Wolff, <u>Federal Jury Practice and Instructions</u> § 73.04 (4th ed. 1987)

Accepted ___            Accepted as Modified ___            Rejected ___

## Defendants' Supplemental Instruction No. 3

### Not Required to Accept Uncontradicted Testimony

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not [impeached] discredited.  For example, you may decide, because of the witness's bearing and demeanor, or because the [inherent improbability of his testimony] testimony does not seem probable, or [for other reasons sufficient to you] because of the witness's testimony on other subjects, that [such] his or her testimony is not [worthy of belief] believable.

**AUTHORITY:**     E. Devitt, C. Blackmar and M. Wolff, Federal Jury Practice and Instructions § 73.12 (4th ed. 1987)

Accepted ___          Accepted as Modified ___          Rejected ___

**<u>Joint Instruction No. 7</u>**

[WITHDRAWN]

## Joint Instruction No. 8

### Oral Admissions

Evidence as to any oral admissions claimed to have been made outside of Court by a party to this case should be considered with caution and weighed with great care.  The person making the alleged admission may have been mistaken, or may not have expressed clearly the meaning intended; or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral admission made outside of Court is proved by reliable evidence, such an admission may be treated as trustworthy and should be considered and given such weight as you feel is appropriate, along with all other evidence in the case.

**AUTHORITY:**        O'Malley, Grenig and Lee, Federal Jury Practice and Instructions § 104.53 (5th ed. 2000); E. Devitt, C. Blackmar & M. Wolff, Federal Jury Practice and Instructions § 72.12 (4th ed. 1987).

Accepted ___        Accepted as Modified ___        Rejected ___

**<u>Defendants' Supplemental Instruction No. 4</u>**

**Opinion Evidence – Expert Witnesses**

[WITHDRAWN – see Joint Instruction No. 12]

**<u>Joint Instruction No. 12</u>**

[Previously Plaintiff's Instruction No. 11]

**<u>Expert Witnesses</u>**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training.  Such testimony is presented to you because someone who is experienced and knowledgeable in a particular field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence of this case.

Accepted ____        Accepted as Modified ____            Rejected ____

**Defendants' Supplemental Instruction No. 5**

**Weight of the Evidence**

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely [about] <u>concerning</u> some important fact, or, whether there was evidence that, at some other time, the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave [at] <u>before you during</u> the trial.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence [tending] <u>which tends</u> to show whether a witness is worthy of belief.  Consider each witness's intelligence, motive and state of mind, and demeanor or manner while [testifying] <u>on the stand</u>.  Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may [have] <u>bring</u> to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which, <u>if at all</u>, [the testimony of] each witness is either supported or contradicted by other evidence in the case.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and, the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**AUTHORITY:**       First and Third Paragraphs:  United States Fifth Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Cautionary Instruction 2.16, General Instruction 3.1 (1997 ed.);

19

Second Paragraph:  O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u> § 105.01 (5th ed. 2000).

Accepted ___          Accepted as Modified ___          Rejected ___

I will now instruct you on how to apply the law to Ms. Bailey's separate claims. Ms. Bailey has filed claims of sex discrimination, as well as a claim that Agere retaliated against her for filing a charge of discrimination.

### Defendants' Supplemental Instruction No. 6

#### Sex Discrimination

I will first address Ms. Bailey's claims of sex discrimination. Ms. Bailey makes two claims: (1) that Agere discriminated against her in her compensation, specifically by way of her salary and a stock option grant, and (2) that Agere discriminated against her by terminating her employment. She claims Agere took both of these actions because she is a female. Agere denies the claims that Ms. Bailey's sex was a factor in these decisions. It is Agere's position that Ms. Bailey was compensated appropriately for the work she performed, received an appropriate amount of stock options given her position and that Ms. Bailey was terminated because she made a threat toward her supervisor, Kevin Pennington.

The burden is on Ms. Bailey to establish by a preponderance of the evidence that Agere's stated reasons for its actions were merely a pretext. That is, you must consider whether Ms. Bailey has proven by a preponderance of the evidence that the explanations offered by Agere for its actions were not the real reasons, but that intentional sex discrimination was. The burden of establishing sex discrimination always remains on Ms. Bailey.

Ms. Bailey cannot prevail unless she can establish by a preponderance of the evidence that her sex was a determinative factor in Agere's decisions to set her salary as a director, to determine what stock options to award her, or in its decision to terminate her employment. This does not mean that Ms. Bailey must prove that her sex was the sole or exclusive reason for Agere's actions. However, she must prove, by a preponderance of the evidence, that "but for" her sex, Agere would not have treated her the way it did.

I caution you that in arriving at your conclusions, you may not consider whether you

21

agree with Agere's decisions or whether you would have handled the situation differently.  It is not your job to question whether Agere's actions were proper, fair, just, or sound business judgments.  Rather, your considerations are limited solely to whether Agere used its explanations for its actions as an excuse for sex discrimination.

If you do not find that Agere's decisions regarding Ms. Bailey were motivated by intentional sex discrimination, you must return a verdict for Agere.

**AUTHORITY:**      St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993); Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993); Simpson v. Kay Jewelers, 142 F.3d 639 (3d Cir. 1998); DiBiase v. SmithKline Beecham Corp., 48 F.3d 719 (3d Cir. 1995); Newman v. GHS Osteopathic, Inc., 60 F.3d 153 (3d Cir. 1995); Miller v. CIGNA Corp., 47 F.3d 586 (3d Cir. 1995) (en banc); Seman v. Coplay Cement Co., 26 F.3d 428 (3d Cir. 1994), abrogated on other grounds by Smith v. Borough of Wilkinsburg, 147 F.3d 272 (3d. Cir. 1998); Martincic v. Urban Redev. Auth., 844 F. Supp. 1073 (W.D. Pa.), aff'd, 43 F.3d 1461 (3d Cir. 1994).

Accepted ___        Accepted as Modified ___        Rejected ___

22

## Joint Instruction No. 14

[As Modified from Defendants' Supplemental Instruction Nos. 7 and 8]

### Equal Pay Act

Ms. Bailey's claim that she received a lesser salary based on her sex is also made under the Equal Pay Act.  In order to establish her Equal Pay Act claim, Ms. Bailey must satisfy particular standards to prove that her sex was a determinative factor in Agere's decision to set her salary.  Ms. Bailey must prove by a preponderance of the evidence that Agere paid different wages to male employees for equal work on jobs whose performance required equal skill, effort and responsibility, and which are performed under similar conditions.  She must do this by referring to actual job performance and content, not job titles, classifications or descriptions.  If Ms. Bailey meets her burden of proof, then Agere must demonstrate that there was a legitimate reason for the discrepancy in pay, that is, that the payment was made pursuant to a differential based on any other factor other than sex.

That is, you must then consider whether Ms. Bailey has proven by a preponderance of the evidence that the explanations offered by Agere for the treatment of her were not the real reasons behind its treatment of her, but that her sex was.  However, if you find that the pay difference was due to a factor other than Ms. Bailey's sex, such as education, work experience, job responsibilities, or existing market conditions such as supply and demand, you must find in favor of Agere.  Ms. Bailey need not prove that her job and that of her male comparators were identical; but she must prove that they were substantially equivalent.

**AUTHORITY:**     29 U.S.C. §206(d)(1); Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974); Miller v. Beneficial Management Corp., 977 F.2d 834, 846 (3d Cir. 1992); Brobst v. Columbus Services Int'l, 761 F.2d 148, 155 (3d Cir. 1985); Angelo v. Bacharach Instrument Co., 555 F.2d 1164 (3d Cir. 1977); Byrnes v. Herion, Inc., 764 F. Supp. 1026, 1030 (W.D. Pa. 1991); Welde v. Tetley, Inc., 864 F. Supp. 440, 442-43 (M.D. Pa. 1994); 29 C.F.R. §§ 1620.14(a), 15, 16, 17.

Accepted ___          Accepted as Modified ___          Rejected ___

**Defendants' Supplemental Instruction No. 9**

[WITHDRAWN]

**Defendants' Supplemental Instruction No. 10**

[WITHDRAWN]

**Defendants' Supplemental Instruction No. 11**

[WITHDRAWN]

**Defendants' Supplemental Instruction No. 12**

[WITHDRAWN]

## Joint Instruction No. 15

[Modified from Defendants' Supplemental Instruction No. 13]

### Retaliation

Title VII of the Civil Rights Act of 1964 prohibits employers from retaliating against employees because those employees have engaged in certain conduct protected by that Act.  Ms. Bailey claims that Agere terminated her employment because she filed a charge of discrimination with the Equal Employment Opportunity Commission.  Agere denies this claim. Agere contends that Ms. Bailey was terminated because she made threats toward her supervisor, Kevin Pennington.

In order to make out a case of retaliation, Ms. Bailey must initially prove to you by a preponderance of the evidence each of the following elements:  (1) that she engaged in a protected activity;  (2) that Agere took an adverse employment action against her; and (3) that a causal link existed between the protected activity and Agere's adverse employment action.

**AUTHORITY:**      Kachmar v. SunGard Data Systems, Inc., 109 F.3d 173 (3d Cir. 1997); Woodson v. Scott Paper Co., 109 F.3d 913 (3d Cir. 1997).

Accepted ____          Accepted as Modified ____          Rejected ____

26

**<u>Joint Instruction No. 16</u>**

[Modified from Defendants' Supplemental Instruction No. 14]

**Causal Link**

To succeed on her claim of retaliation, Ms. Bailey must establish [the basic fact that she was subjected to an adverse employment action because of her protected activity] <u>that she was terminated because of her protected activity</u>.  At a minimum, there must be competent evidence that the alleged retaliator, <u>Kevin Pennington</u>, knew of Ms. Bailey's protected activity and that a retaliatory motive played a part in [the adverse employment actions alleged] <u>his decision to terminate her</u>.  <u>If you find no causal link between the protected activity by Ms. Bailey and her termination, then you must find against Ms. Bailey on her retaliation claim</u>.

**AUTHORITY:**       McNamara & Southerland, <u>Federal Employment Jury Instructions</u> § 3:350 (rev. Sept. 2002).

Accepted ____        Accepted as Modified ____        Rejected ____

27

## Defendants' Supplemental Instruction No. 15

### Retaliation Determination

If you find that Ms. Bailey has established all three initial elements of her retaliatory termination claim, you may proceed to a final determination of that claim.  In response to Ms. Bailey's initial showing, Agere is simply required to articulate, that is, to state or explain, a legitimate, nondiscriminatory reason for its treatment of Ms. Bailey.  In this case, Agere contends that Ms. Bailey was terminated because she made threats toward her supervisor, Kevin Pennington.

In making your final determination on her retaliation claim, you must consider whether Ms. Bailey has proven to you by a preponderance of the evidence that Agere's legitimate, nondiscriminatory reason for its action was simply a pretext for retaliation against her.  That is, you must consider whether Ms. Bailey has proven by a preponderance of the evidence that the explanation offered by Agere for terminating her was not the real reason, but that retaliation was. The burden of establishing retaliation always remains on Ms. Bailey.

Again, I caution you that in arriving at your conclusion, you may not consider whether you agree with Agere's decision or whether you would have handled the situation differently.  It is not your job to question whether Agere's actions were proper, fair, just, or sound business judgment.  Rather, your consideration is limited solely to whether Agere used its explanation for its action as an excuse for retaliation.  If you do not find that Agere's decision to terminate Ms. Bailey was motivated by retaliation against Ms. Bailey because she filed a charge of discrimination with the EEOC, you must return a verdict for Agere.

**AUTHORITY:**      Weston v. Pennsylvania, 251 F.3d 420, 431 (3d Cir. 2001); McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981); Sheridan v. E.I. DuPont de Nemours and Company, 100 F.3d 1061, 1066 (3d Cir. 1996), cert. denied, No 96-1231, 1997 WL 49784 (U.S. June 27, 1997); Miller v. Cigna, 47 F.3d 586 (3d Cir. 1995); Fuentes v. Perskie, 32 F.3d 759 (3d Cir. 1994).

Accepted ___        Accepted as Modified ___        Rejected ___

**Defendants' Supplemental Instruction No. 16**

**Opinion is not Proof**

Ms. Bailey's inability to think of any reasons for the alleged adverse employment actions other than sex discrimination or retaliation is not sufficient to support her claims.

Moreover, Ms. Bailey's subjective belief that she was not compensated in accordance with her experience and educational background is not sufficient to create an inference of sex discrimination. Similarly, her subjective belief that she should not have been terminated is not sufficient to create an inference of sex discrimination or retaliation. To prevail on her claims for sex discrimination and/or retaliation, Ms. Bailey must do more than express her own disagreement with Agere's reasons for its actions; she must demonstrate that those reasons were a pretext for discrimination or retaliation – that is, that they were a cover-up for race, sex or disability discrimination and/or retaliation.

Just as Ms. Bailey's own opinion is not sufficient to support her claims of sex discrimination and/or retaliation, neither is the opinion of a co-worker or any other individual not involved in the actual decisions about which Ms. Bailey complains.

**AUTHORITY:**    Billet v. CIGNA Corp., 940 F.2d 812 (3d Cir. 1991); Confer v. SKF Indus., 40 Fair Empl. Prac. Cas. (BNA) 1721, 1986 WL 8600 (W.D. Pa. 1986); Sorba v. Pennsylvania Drilling Co., 648 F. Supp. 292 (W.D. Pa. 1986), rev'd on other grounds, 821 F.2d 200 (3d Cir. 1987), cert. denied, 484 U.S. 1018 (1988); Haskell v. Kaman Corp., 743 F.2d 113 (2d Cir. 1984); Ali v. Maryland Dep't of Env't, 1995 U.S. App. LEXIS 4316 (4th Cir. 1995); Goldberg v. B. Green & Co., 836 F.2d 845 (4th Cir. 1988); Elliott v. Group Medical & Surgical Services, 714 F.2d 556 (5th Cir. 1983), cert. denied, 467 U.S. 1215 (1984); Aungst v. Westinghouse Elec. Corp., 937 F.2d 1216 (7th Cir. 1991); Dale v. Chicago Tribune Co., 797 F.2d 458 (7th Cir. 1986).

Accepted ____        Accepted as Modified ____        Rejected ____

**<u>Joint Instruction No. 9</u>**

**General Instruction -- Damages**

I will now give you instructions on how to calculate damages. If you find in Ms. Bailey's favor on any of her claims of sex discrimination or retaliation, you need to decide whether to award her damages and how much to award her. The fact that I give you this instruction about damages does not mean that I think you should award any damages; that is entirely for you to decide. Rather, I instruct you now because there is no other opportunity for me to do so.

**AUTHORITY:**      E. Devitt, C. Blackmar & M. Wolff, <u>Federal Jury Practice and Instructions</u> § 74.02 (4th ed. 1987).

Accepted ____        Accepted as Modified ____        Rejected ____

## Joint Instruction No. 17

[Modified from Defendants' Supplemental Instruction No. 17]

### General Guidelines

In determining the amount of any damages award, you should be guided by common sense.  Do not let bias, prejudice or sympathy play any part in your decision.  You must use discretion in fixing the amount of damages, drawing reasonable inferences from the facts in evidence.  You may not base a damage award on speculation or conjecture.  Rather, you should assess the amount you find to be justified by a preponderance of the evidence and based only on reliable estimates that are made with reasonable certainty.  Ms. Bailey bears the burden of proving the damages she claims she suffered.

**AUTHORITY**:      Ford Motor Co. v. EEOC, 458 U.S. 219 (1982); Booker v. Taylor Milk Co., Inc., 64 F.3d 860 (3d Cir. 1995); Starceski v. Westinghouse Elec. Corp., 54 F.3d 1089 (3d Cir. 1995); Bartek v. Urban Redevelopment Auth. of Pittsburgh, 882 F.2d 739 (3d Cir. 1989); Carden v. Westinghouse Elec. Corp., 850 F.2d 996 (3d Cir. 1988); Anastasio v. Schering Corp., 838 F.2d 701 (3d Cir. 1988); Maxfield v. Sinclair Int'l, 766 F.2d 788 (3d Cir. 1985); Gordon v. Trovato, 234 Pa. Super. 279, 338 A.2d 653 (1953).

Accepted ___          Accepted as Modified ___          Rejected ___

**Joint Instruction No. 18**

[Modified from Defendants' Supplemental Instruction No. 18]

**General Damages**

You may only award damages to Ms. Bailey if you find that she has established her claims; that is, she may only recover if you are satisfied, by a preponderance of the evidence, that Agere discriminated against her on the basis of her sex and/or retaliated against her because she complained about discrimination. If you are not satisfied, by a preponderance of the evidence, that Ms. Bailey has established her claims, you may not award her any damages.

If you are convinced that the evidence weighs more heavily in favor of Ms. Bailey than Agere, then you must determine the amount of damages, if any, to which she is entitled. You should consider her claims separately. You may find in favor of Ms. Bailey on some, all or none of her claims.

If, and only if, Agere is liable on Ms. Bailey's claims, she is entitled to recover an amount which would reasonably compensate her for the loss and damages, if any, she has suffered as a result of Agere's unlawful conduct.

**AUTHORITY:**      Booker v. Taylor Milk Co., Inc., 64 F.3d 860 (3d Cir. 1995); Starceski v. Westinghouse Elec. Corp., 54 F.3d 1089 (3d Cir. 1995); Bartek v. Urban Redevelopment Auth. of Pittsburgh, 882 F.2d 739 (3d Cir. 1989); Carden v. Westinghouse Elec. Corp., 850 F.2d 996 (3d Cir. 1988); Anastasio v. Schering Corp., 838 F.2d 701 (3d Cir. 1988); Maxfield v. Sinclair Int'l, 766 F.2d 788 (3d Cir. 1985).

Accepted ___        Accepted as Modified ___        Rejected ___

## Joint Instruction No. 19

[Modified from Defendants' Supplemental Instruction No. 19]

### Damages – Back Pay and Front Pay

### Back Pay – Compensation

If you find that Agere discriminated against Ms. Bailey because of her sex with respect to her compensation, you may award her back pay for the amount of compensation she would have received had the discrimination not occurred. If you find that Agere discriminated against Ms. Bailey because of her sex with respect to her salary, you should award her the difference between the salary she would have received absent discrimination and the salary she actually received, from the time you determine the discrimination began until her termination on December 9, 2001.

### Back Pay – Termination

If you find that Agere terminated Ms. Bailey because of her sex or in retaliation for complaining about discrimination, she may be entitled to the back pay she would have earned if Agere had continued to employ her. This amount consists of the economic loss Ms. Bailey suffered between the time of her termination and the time of this trial. A back pay award should be only for the amount necessary to compensate Ms. Bailey for economic losses that she has proved by a preponderance of the evidence were a result of her separation from employment with Agere.

In deciding whether Ms. Bailey is entitled to an award of back pay, you should consider several factors, including: the availability of alternate employment from employers other than Agere, the period within which Ms. Bailey could have found such alternate employment, all employment she has had since Agere terminated her, including her current employment, the income and benefits that she has received from subsequent employment, and her duty to

34

mitigate, or reduce, her damages.  I will further explain Ms. Bailey's duty to mitigate in a few minutes.

## Front pay – Termination

If you find that Agere terminated Ms. Bailey because of her sex or in retaliation for complaining about discrimination, you may also award front pay, or pay from the time of trial to some point in the future, for certain future economic losses.  Whether Ms. Bailey should be awarded front pay is within your sound discretion, and in making this decision, you should consider all the facts and circumstances in this case.  Front pay is temporary in nature and is an interim remedy.  That is, front pay is intended to assist a discharged employee during the transition to new employment.  Front pay should only be awarded for an interim period in circumstances where the discharged employee has employable and productive years ahead.  Any award of front pay that you may make must be limited to the amount that is necessary to place Ms. Bailey in the position that she would have occupied in the absence of her termination.

In deciding whether Ms. Bailey is entitled to an award of front pay, you should consider among other factors, the availability of alternative employment from employers other than Agere, Ms. Bailey's skills, education, and training, her ability and prospects to obtain another similar position, the period of time that it should take her to obtain such a position, her position with her current employer and the length of that employment, the number of years remaining before she would most probably retire, and her duty to mitigate, or reduce, her damages.

**AUTHORITY:**  Ford Motor Co. v. EEOC, 458 U.S. 219 (1982); Booker v. Taylor Milk Co., Inc., 64 F.3d 860 (3d Cir. 1995); Starceski v. PPG Electric Corp., 54 F.3d 1089 (3d Cir. 1995); Bartek v. Urban Redevelopment Authority of Pittsburgh, 882 F.2d 739 (3d Cir. 1989); Carden v. PPG Electric Co., 850 F.2d 996 (3d. Cir. 1988); Anastasio v. Schering Corp., 838 F.2d 701 (3d Cir. 1988); Maxfield v. Sinclair Int'l., 766 F.3d 788 (3d Cir. 1985).

Accepted ___          Accepted as Modified ___          Rejected ___

**<u>Defendants' Supplemental Instruction No. 19a</u>**

**Back Pay – Stock Options**

If you find that Agere discriminated against Ms. Bailey because of her sex with respect to her stock options, you should award her the difference between the current value of the stock options she actually received and the current value of the stock options she would have received absent the discriminatory conduct.

Accepted ____          Accepted as Modified ____          Rejected ____

## Defendants' Supplemental Instruction No. 20

### Duty to Mitigate

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that she may have had under the circumstances to reduce or minimize the loss or damage. In this case, this duty to mitigate means that Ms. Bailey had, and continues to have, a duty to use reasonable efforts to find another job after she left Agere that is substantially equivalent to her former Agere position. Substantially equivalent employment is employment that affords similar promotional opportunities, compensation, job responsibilities, working conditions, and status. When I say that Ms. Bailey must use reasonable efforts to find substantially equivalent employment, it means that she must continue to make reasonable efforts under the circumstances to find a position that is substantially equivalent to the one she formerly held at Agere. If you find that, at any point following her termination, Ms. Bailey stopped exercising reasonable efforts to look for substantially equivalent employment, then her damages – both back pay and front pay – must be cut off at that point.

You are instructed that, once a person finds substantially equivalent employment, that person's entitlement to damages – both back pay and front pay – ends. Moreover, since a person's duty to mitigate her damages is a continuing one, the person's entitlement to damages – both back pay and front pay – also cuts off if she at any time ceases searching for substantially equivalent employment, because, for example, she obtains a job that is satisfactory to her. Therefore, because Ms. Bailey's duty to mitigate her damages by diligently seeking other substantially equivalent employment is a continuing duty, she must continue to use reasonable efforts to find substantially equivalent employment even if she has accepted interim employment that is not substantially equivalent.

37

If you find that Agere violated the law by terminating Ms. Bailey because of her sex or because she filed a charge of discrimination with the EEOC, then Ms. Bailey is entitled to recover damages only for the period of time during which she made reasonable efforts to mitigate her damages by seeking substantially equivalent employment.  If you find that Ms. Bailey did not reasonably mitigate her damages during some or all of the time after her separation from Agere, then she cannot recover damages – either back pay or front pay – for that period of time.

**AUTHORITY:**  Ford Motor Co. v. EEOC, 458 U.S. 219 (1982); Booker v. Taylor Milk Co., Inc. 64 F.3d 860 (3d Cir. 1995); Starceski v. PPG Electric Corp., 54 F.3d 1089 (3d Cir. 1995); Robinson v. SEPTA, Red Arrow, 982 F.2d 892 (3d Cir. 1993); Binker v. Commonwealth of Pennsylvania, 977 F.2d 738 (3d Cir. 1992); Tubari Ltd., Inc. v. NLRB, 959 F.2d 451 (3d Cir. 1992) Carden v. PPG Elec. Corp., 850 F.2d 996 (3d Cir. 1988); Anastasio v. Schering Corp., 838 F.2d 701 (3d Cir. 1988); Gallo v. John Powell Chevrolet, Inc., 779 F. Supp. 804 (M.D. Pa. 1991).

Accepted ___          Accepted as Modified ___          Rejected ___

**Joint Instruction No. 20**

[Modified From Defendants' Supplemental Instruction No. 21]

**Compensatory Damages**

I will now give you instructions on how to determine compensatory damages. The fact that I do so does not mean that I think you should award any; that is entirely for you to decide.

Ms. Bailey alleges that, as a result of intentional sex discrimination and retaliation, she is entitled to compensatory damages for emotional distress, embarrassment, mental anguish, humiliation and loss of self-esteem. You may only consider whether to award Ms. Bailey compensatory damages if you find that Agere discriminated against her based on her.

Ms. Bailey has the burden of proving any compensatory damages by a preponderance of the evidence. Damages mean the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. If Ms. Bailey does not establish that she experienced emotional distress, embarrassment, mental anguish, humiliation and loss of self-esteem because of unlawful conduct by Agere, then she cannot recover compensatory damages.

You may award compensatory damages for any [injuries that the plaintiff proves were proximately caused by the defendant's wrongful conduct] pain, suffering or mental anguish that Ms. Bailey experienced as a consequence of unlawful conduct by Agere. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial. [The damages you award must be fair compensation for all of plaintiff's damage, no more and no less.]

In determining the amount of any damages that you decide to award [if you decide to award compensatory damages], you should be guided by dispassionate common sense.

39

[Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.]  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  <u>You may not award damages based on sympathy, speculation, or guesswork</u>.

**AUTHORITY:**       Third Paragraph:  United States Ninth Circuit District Judges Association, Manual of Model Jury Instructions (Civil Cases), Damages Instruction 7.1.

Fourth and Fifth Paragraphs:  United States Fifth Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Damages Instruction 15.2, (1999 ed.).

<u>See</u> <u>also</u> 42 U.S.C. § 1981a(b)(3); 129 U.S.C. §626.

Accepted ___          Accepted as Modified ___          Rejected ___

## Defendants' Supplemental Instruction No. 22

### Punitive Damages

If you find that Agere intentionally discriminated against Ms. Bailey on the basis of her sex or in retaliation for filing a charge of discrimination with the EEOC, the law allows you, but does not require you, to award punitive damages. You may only award punitive damages if Ms. Bailey demonstrates that Agere acted with malice or reckless indifference to her rights on the basis of her federally protected rights.

I instruct you that punitive damages are not favored in the law and may be awarded only after cautious and thoughtful consideration of all the evidence in the case. You need not award any punitive damages if you find that such an award is not warranted by Agere's state of mind in taking the actions it took. If you determine that punitive damages may be appropriate to consider, you may only award them within the narrow limits which I will now explain.

Punitive damages may be awarded only if Agere acted with malice or reckless indifference to Ms. Bailey's rights, based on her sex or disability or in retaliation for filing a charge of discrimination with the EEOC. Punitive damages are intended to punish a wrongdoer for such malice or reckless indifference and to serve as an example and warning to others. The simple fact that a violation occurred does not necessarily mean that Agere acted with malice or reckless indifference. In other words, evidence that a defendant committed a wrongful act and is liable is not necessarily, in itself, enough evidence to justify the award of punitive damages. Rather, Ms. Bailey must prove that Agere acted with malice or reckless indifference to her rights. You may only consider harm to Ms. Bailey herself; not other parties.

To prove that Agere acted with malice or reckless indifference to her rights, Ms. Bailey must prove that Agere acted with the realization that its actions would violate the law. If Agere acted in the belief that its actions were lawful, then it cannot be held liable for punitive damages.

41

You also may not award punitive damages if Agere has established that its employees' actions regarding Ms. Bailey were contrary to Agere's good faith efforts to comply with anti-discrimination laws.

[You should also bear in mind, not only the conditions under which, and the purposes for which, the law permits an award of punitive and exemplary damages to be made, but also the requirement of the law that the amount of such extraordinary] Should you decide to award punitive damages, the law requires that the amount of such damages must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

**AUTHORITY:**    Kolstad v. American Dental Ass'n, 527 U.S. 526, 544-45 (1999); Alexander v. Riga, 208 F.3d 419, 433 (3d Cir. 2000); Tunis Brothers v. Ford Motor Co., 952 F.2d 715 (3d Cir. 1992) citing Restatement (Second) of Torts, § 908(2).

Sixth Paragraph:  O'Malley, Grenig and Lee, Federal Jury Practice and Instructions § 128.81 (5th ed. 2000).

Accepted ____        Accepted as Modified ____        Rejected ____

## Defendants' Supplemental Instruction No. 23

### Attorneys' Fees

In assessing damages, you should not concern yourself with the attorneys' fees and other expenses incurred by Ms. Bailey.  That is a matter for me to consider after the trial is concluded.

**AUTHORITY:**      Quiroga v. Hasbro, Inc., 934 F.2d 497 (3d Cir. 1991).

Accepted ____        Accepted as Modified ____        Rejected ____

<u>**Joint Instruction No. 10**</u>

**Election of Foreperson**
**Explanation of Verdict Form**

When you go to the jury room, you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in Court. You may take this charge into the jury room with you, as well as exhibits which the Court has admitted into evidence.

A verdict form has been prepared for your convenience. The verdict form provides a list of questions that you must answer. You will take the verdict form to the jury room and, when you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the bailiff, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom, so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court permits otherwise.  You may now retire to the jury room to conduct your deliberations.

**AUTHORITY:**      United States Fifth Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), General Instruction 3.1 (1997 ed.); United States Eleventh Circuit District Judges Association, Pattern Jury Instructions (Civil Cases), Instruction 8 (1990 ed.); E. Devitt, C. Blackmar & M. Wolff, Federal Jury Practice and Instructions §§ 78.04, 74.07, 74.08 (4th ed. 1987).

Accepted ___          Accepted as Modified ___          Rejected ___

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARNELL BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 02-4683 |
| | ) | |
| v. | ) | Judge James Knoll Gardner |
| | ) | |
| LUCENT TECHNOLOGIES INC. and | ) | |
| AGERE SYSTEMS INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' PROPOSED VERDICT SLIP**

PRETEXT

Question 1:

Were Defendants' stated reasons for taking the following actions false?  (Please answer all three):

      A.      Determining Plaintiff's salary?

            Yes _____          No _____

      B.      Determining the amount of stock options Plaintiff would receive as part of the 2001 initial public offering?

            Yes _____          No _____

      C.      Terminating Plaintiff's Employment?

            Yes _____          No _____

If you answered "Yes" to any of the above three questions, proceed to question 2.  If you answered each of the above questions "No", Plaintiff cannot recover in this action, you should not answer any further questions, and you should sign the verdict slip and return to the courtroom.

46

SEX DISCRIMINATION

If you answered "Yes" to question 1A, answer question 2.  If you answered "No" to question 1A, proceed to question 5.

Question 2:
Did Defendants fail to provide Plaintiff pay equal to male employees performing equal work?

                    Yes _____            No _____

If you answered "Yes" to question 1B, answer question 3A.  If you answered "Yes" to question 1C, answer question 3B.  If you answered "No" to question 1B and 1C, proceed to question 4.

Question 3:
Was Plaintiff's sex a determinative factor in Defendant's decision to take either of the following actions, such that but for Plaintiff's sex, Defendant would not have taken the action:

      A.      Determining the amount of stock options Plaintiff would receive as part of the 2001 initial public offering?

                    Yes _____            No _____

      B.      Terminating Plaintiff's Employment?

                    Yes _____            No _____

47

<u>RETALIATION</u>

If you answered "Yes" to question 1C, answer question 4.

<u>Question 4:</u>
Did Defendant terminate Plaintiff to retaliate against her for filing a charge of race and sex discrimination?

Yes _____         No _____

If you answered "Yes" to either question, 2, 3A, 3B or 4, proceed to question 5.  If you did <u>not</u> answer any of those questions "Yes", Plaintiff cannot recover in this action, you should not answer any further questions, and you should sign the verdict slip and return to the courtroom.

DAMAGES

Back Pay for Unequal Pay

If you answered "Yes" to question 2, answer question 5. If not proceed to question 6.

Question 5:
State the amount of back pay to which Plaintiff is entitled as a result of Defendants' decision with respect to her salary?

$ _____

Damages for Stock Options

If you answered "Yes" to question 3A, answer question 6. If not proceed to question 7.

Question 6:
State the amount of damages to which Plaintiff is entitled as a result of Defendants' decision with respect to her stock options?

$ _____

Back Pay and Front Pay for Termination

If you answered "Yes" to question 3B or 4, answer question 7. If not proceed to question 8.

Question 7:
State the amount of back pay and/or front pay to which Plaintiff is entitled as a result of Defendants' decision to terminate her?

$ _____

Compensatory Damages

Question 8:
State the amount of compensatory damages, if any, sustained by Plaintiff as a result of Defendants' actions?

$ _____

Punitive Damages

Question 9:
Did Defendants make a good faith efforts to comply with anti-discrimination laws?

Yes _____          No _____

If you answered "No" to question 9, proceed to question 10.  If not, you should not answer any further questions, and you should sign the verdict slip and return to the courtroom.

Question 10:
Did Defendants' managers engage in discriminatory practices with malice or with reckless indifference to Plaintiff's rights under the anti-discrimination laws?

Yes _____          No _____

If you answered "Yes" to question 10, proceed to question 11.  If not, you should not answer any further questions, and you should sign the verdict slip and return to the courtroom.

Question 11:
State the amount, if any, of punitive damages to which Plaintiff is entitled?

$ _____

Please sign the verdict slip and return to the courtroom.

So say we all,

By: _____
          Foreperson

50

Respectfully submitted,


/s/ Theodore A Schroeder
Robert W. Cameron
PA I.D. No. 69059
Theodore A. Schroeder
PA I.D. No. 80559
LITTLER MENDELSON, P.C.
Dominion Tower
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
Tel:  (412) 201-7600

Attorneys for Defendants

Dated:  October 11, 2004

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing **Defendants' Revised**

**Proposed Supplemental Jury Instructions** was served upon the following by facsimile

on this 11th day of October, 2004:

> Glennis L. Clark, Esquire
> 1908 W. Allen St.
> Allentown, PA  18104

/s/Theodore A. Schroeder

Pittsburgh:42518.1 042480.1004

52