IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARNELL BAILEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 02-4683 |
| ) | |
| v. ) | Judge James Knoll Gardner |
| ) | |
| LUCENT TECHNOLOGIES INC. and ) | |
| AGERE SYSTEMS INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR A NEW TRIAL AND TO ALTER OR AMEND JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59**

Defendants Lucent Technologies Inc. and Agere Systems Inc., by and through their undersigned counsel, file this Opposition to Plaintiff's Motion for a New Trial and to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59 ("Plaintiff's Motion for New Trial"). For the reasons set forth herein, Plaintiff's Motion for New Trial should be denied.

**I.   Plaintiff's Motion for New Trial Should Be Denied, Because Plaintiff Did Not Comply With Rule 7.1(c) of this Court.**

Rule 7.1(c) of the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania requires that "[e]very motion not certified as uncontested, or not governed by Local Civil Rule 26.1(g), shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion." Plaintiff did not file a brief with her Motion for New Trial, and the Motion is not certified as uncontested and is not governed by Local Civil Rule 26.1(g). As a result, Plaintiff did not comply with the requirements of Local Rule 7.1(c), and her Motion for New Trial should be denied.[1]

---

[1] Plaintiff has sought relief from this requirement. For the reasons set forth in Defendants' Opposition to Plaintiff's Motion for Additional Time to File Brief in Support of Rule 59 and 59(e) Motions, that request should be denied.

II. **Plaintiff's Motion for New Trial Should Be Denied, Because Plaintiff Has Waived Any Challenge to the Sufficiency of the Evidence and Has Not Established That the Verdict Was Against the Weight of the Evidence.**

In paragraphs 1 and 2 of her Motion for New Trial, Plaintiff alleges, without any factual or legal support, that the jury's verdict in favor of Defendants was against the weight of the evidence and was based on false and perjured testimony. Plaintiff already has made this Motion to the Court, having done so orally after the jury returned its verdict on October 14, 2004. At that time, the Court denied the Motion, holding that Plaintiff waived her Motion by failing to make a Rule 50 Motion for Judgment as a Matter of Law prior to the submission of the case to the jury and because the jury's verdict was supported by the evidence presented at trial. For these same reasons, this Court should once again deny Plaintiff's Motion for New Trial.

    A. **Plaintiff waived any challenge to the sufficiency of the evidence by failing to file a Rule 50 motion for judgment as a matter of law.**

"[T]he failure to move for directed verdict at the close of all evidence does more than limit an aggrieved party's remedy to a new trial. In this Circuit, it wholly waives the right to make any post-trial attack on the sufficiency of the evidence." Yohannon v. Keene Corp., 924 F.2d 1255, 1262 (3d Cir. 1991). Here, Plaintiff did not file a Rule 50 motion for judgment as a matter of law at the close of evidence. For this reason, her post-trial challenges to the sufficiency of the evidence should be denied. Yohannon, 924 F.2d at 1262.

    B. **On the merits, the jury's verdict was supported by the evidence presented at trial.**

In Klein v. Hollings, 992 F.2d 1285 (3d Cir. 1993), the Third Circuit held that a district court may grant a new trial on the basis that the verdict was against the weight of the evidence "only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." Klein, 992 F.2d at 1290 (citing EEOC v. Delaware Dep't of Health and Social Servs., 865 F.2d 1408, 1413 (3d

Cir. 1989), and Williamson v. Consolidated Rail Corp., 926 F.2d 1344, 1352, 1353 (3d Cir.), reh'g, en banc, denied, 1991 U.S. App. LEXIS 16758 (3d Cir. 1991)); see also Foster v. National Fuel Gas Co., 316 F.3d 424, 430-31 (3d Cir. 2003). This is so because when a district court grants a motion for a new trial based on the weight of the evidence, the court has:

> to some extent at least, substituted [its] judgment of the facts and the credibility of the witnesses for that of the jury. Such an action effects a denigration of the jury system and to the extent that new trials are granted, the judge takes over, if he does not usurp, the prime function of the jury as the trier of facts.

Klein, 992 F.2d at 1290 (quoting Lind v. Schenley Indus., Inc., 278 F.2d 79, 90 (3d Cir.), cert. denied, 364 U.S. 835 (1960)).

Here, Plaintiff has pointed to no evidence or authority to support her contention that the jury's verdict in favor of Defendants was against the weight of the evidence. Specifically, she has pointed to nothing in the record that would show that the jury's verdict resulted in a miscarriage of justice. Nor has she demonstrated, based on the record, that the verdict cries out to be overturned or shocks the conscience of the court.

In this case, both parties presented substantial evidence in support of their positions. Based on its consideration of that evidence, the jury, as it was authorized and empowered to do, returned a verdict for Defendants on all claims. The jury chose to credit the evidence elicited by Defendants, but in no way does this represent a miscarriage of justice. See Williamson, 926 F.2d at 1354 (jury's crediting of one party's evidence over another's did not demonstrate miscarriage of justice); see also Bianchi v. City of Philadelphia, Civ. A. No. 99-CV-2409, 2002 U.S. Dist. LEXIS 11512, *8 (E.D. Pa., May 13, 2002) (jury verdict did not amount to miscarriage of justice where jury chose to credit testimony elicited by plaintiff over that presented by defendant). To overturn the jury's verdict or order a new trial on this basis "would dishonor the role of the jury as finder of fact." Bianchi, 2002 U.S. Dist. LEXIS 11512, at *8 (citing Jaguar Cars, Inc. v. Royal Oaks Motor Car Co., 46 F.3d 258, 269-70 (3d Cir. 1995)). Accordingly, because Plaintiff

has not demonstrated that the record shows that the jury's verdict resulted in a miscarriage of justice or that the verdict, on the record, cries out to be overturned or shocks the conscience of the court, the Court should deny Plaintiff's Motion for New Trial based on her allegation that the jury's verdict was against the weight of the evidence.

      **C.**    **Plaintiff's allegation that the verdict was supported by false and perjured testimony is unsupported.**

Although Plaintiff suggests that the verdict was based on allegedly false and perjured testimony, she has not identified any testimony which she claims to be false or perjured. Moreover, credibility determinations are the province of the jury, not this Court. See Klein, 992 F.2d at 1290. Plaintiff unsuccessfully attempted to argue to the jury that Defendants' witnesses should not be believed. The jury rejected that argument, and Plaintiff's Motion for New Trial on this basis is wholly without merit.

**III.**    **Plaintiff's Motion For New Trial Should Be Denied, Because Her Challenge to the Court's Summary Judgment and Amendment Orders Is Untimely and Without Merit.**

In paragraph 3 of her Motion for New Trial, Plaintiff alleges that the Court "erred in granting Partial Summary Judgment regarding Plaintiff's disability discrimination claim." Paragraph 4 of Plaintiff's Motion alleges that the Court "erred in denying Plaintiff's Motion to Amend her complaint to include claims for age discrimination." Assuming these portions of Plaintiff's Motion are made pursuant to Rule 59(e),[2] that rule requires that such a motion "shall be filed no later than 10 days after entry of the judgment." Similarly, Local Rule 7.1(g) requires that "[m]otions for reconsideration or reargument shall be served and filed within ten (10) days after the entry of the judgment order, or decree concerned." Paragraph 3 of Plaintiff's Motion is untimely because it was not filed within ten days of the Court's March 18, 2004 Order granting

---

[2] These challenges cannot be made pursuant to Rule 59(a) because they do not challenge rulings made during trial.

Defendants summary judgment on Plaintiff's disability claims. Paragraph 4 of Plaintiff's Motion is untimely because it was not filed within ten days of the Court's March 17, 2003 Order denying Plaintiff leave to add an age discrimination claim.

Even were these aspects of Plaintiff's Motion timely, they are without merit. "[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Plaintiff has not satisfied these standards.

Plaintiff has made no allegation of a change in the law or the discovery of new facts since the Court denied her leave to add an age discrimination claim or since it granted Defendants summary judgment on her disability claims. Similarly, Plaintiff's Motion does not identify – nor could it – any clear error of law or fact in those decisions by the Court. Rather, for the reasons stated in (1) the Court's Orders of March 17, 2003 and March 18, 2004, (2) Defendants' Brief in Opposition to Plaintiff's Motion to Amend the Complaint, filed December 20, 2002, and (3) Defendants' Motion for Summary Judgment and supporting Memorandum, filed August 29, 2003, the Court properly denied Plaintiff leave to amend her Complaint to add an age discrimination claim and properly granted Defendants summary judgment on Plaintiff's disability claim.

**IV.     Plaintiff's Motion For New Trial Should Be Denied, Because The Court Properly Denied Plaintiff's Objection to the Admissibility of Plaintiff's Threats.**

In paragraph 5 of her Motion for New Trial, Plaintiff alleges that the Court "erred in denying Plaintiff's objection to the admissibility of evidence expected to be offered at trial

5

pertaining to allegedly threatening statements made on the ground that they were protected from disclosure by the psychotherapist-patient privilege." Plaintiff's Motion for New Trial based on this allegation should be denied. Plaintiff filed a written memorandum in support of this objection on March 1, 2004, and Defendants filed a written opposition on March 5, 2004. After oral argument on the second day of the trial in this matter, September 28, 2004, the Court overruled Plaintiff's objection because (1) any alleged patient-psychotherapist privilege was inapplicable because of a duty to warn; (2) Plaintiff waived any privilege she would have had by failing to object to the disclosure of the allegedly privileged statements throughout the litigation; (3) Plaintiff waived her objection by making it in an untimely fashion; (4) paragraph 29 of Plaintiff's Amended Complaint constituted a waiver of any psychotherapist-patient privilege because that paragraph contains a claim for emotional distress damages; and (5) the evidence is relevant to Plaintiff's Complaint. The Court's ruling in this regard was proper, and Plaintiff is not entitled to a new trial based on that ruling.

A trial court has broad latitude in ruling on questions of admissibility of evidence. Kelley, 2003 U.S. Dist. LEXIS 8066, at *14 (citing United States v. Rockwell, 781 F.2d 985, 987 n.3 (3d Cir. 1986)). Before an evidentiary ruling may be reversed for an abuse of discretion, it must be shown that "the district court's action was arbitrary, fanciful or clearly unreasonable. [The Third Circuit] will not disturb a trial court's exercise of discretion unless no reasonable person would adopt the district court's view." Kelley, 2003 U.S. Dist. LEXIS 8066, at *15 (quoting Stecyk v. Bell Helicopter Textron, Inc., 295 F.3d 408, 412 (3d Cir. 2002)). Plaintiff has made no such showing in her Motion for New Trial.

For the reasons stated by the Court on the record on September 28, 2004, as well as those contained in Defendants' Opposition to Plaintiff's Memorandum in Support of Plaintiff's Objection to the Admissibility of Evidence Expected to be Offered at Trial, filed March 5, 2004, the Court did not abuse its discretion in overruling Plaintiff's objection. For that reason,

Plaintiff's Motion for New Trial based on that allegation of trial error should be denied.

**V.     Plaintiff's Motion for New Trial Should Be Denied Because the Court Properly Ordered Plaintiff to Provide Medical Authorizations.**

In paragraph 6 of her Motion for New Trial, Plaintiff claims that the Court "erred in ordering Plaintiff to supply medical authorizations to allow defendants to obtain medical records from Plaintiff's psychotherapists." Defendants do not believe this challenge is properly made under Rule 59, nor is it a timely request for reconsideration of the Court's April 2, 2003 Order requiring Plaintiff to execute authorizations. See Local Rule 7.1(g). Even if it were, however, that Order was proper, because Plaintiff's disability claims and claim for emotional distress damages placed her mental state at issue in this case. Harkins v. City of Philadelphia, 1996 WL 571755 (E.D. Pa. Oct. 4, 1996) (plaintiff required to execute authorization for release of psychiatric and psychological records where Plaintiff sought emotional distress damages). Therefore, this portion of Plaintiff's Motion is without merit.

**VI.    Conclusion**

For the foregoing reasons, this Court should deny Plaintiff's Motion for New Trial in all respects.

Respectfully submitted,

s/ Theodore A. Schroeder
Robert W. Cameron (Pa. I.D. No. 69059)
Theodore A. Schroeder (Pa. I.D. No. 80559)
LITTLER MENDELSON, P.C.
Dominion Tower
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
Tel: (412) 201-7600

Attorneys for Defendants,
Lucent Technologies Inc. and Agere Systems Inc.

Dated: November 5, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of November, 2004, a true and correct copy of the foregoing **Defendants' Opposition to Plaintiff's Motion for a New Trial and to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59** was served by United States first class mail, postage prepaid on the following counsel of record:

>Glennis L. Clark, Esquire
>1908 W. Allen Street
>Allentown, PA  18104

>s/Theodore A. Schroeder

Pittsburgh:44524.1 042480.1004