IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARNELL BAILEY, | : | |
| | : | |
|     Plaintiff | : | No. 02-CV-4683 |
| | : | |
|     v. | : | The Honorable James Knoll Gardner |
| | : | |
| LUCENT TECHNOLOGIES INC. | : | |
| and AGERE SYSTEMS INC., | : | |
| | : | |
|     Defendants | : | |

## MOTION FOR RECONSIDERATION OF
## ORDER DENYING MOTION FOR NEW TRIAL

    The plaintiff petitions this court to reconsider its order of November 24, 2004 dismissing motions pursuant to Federal Rule of Civil Procedure 59 and 59(e) for failure to prosecute.

_____

                                                Respectfully submitted,


Date:_____                           _____
                                                GLENNIS L. CLARK, ESQUIRE
                                                I.D. No. 36682
                                                Attorney for Plaintiff
                                                1908 W. Allen Street
                                                Allentown, PA 18104
                                                (610) 433-6624
                                                (610) 433-6678 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARNELL BAILEY, | : | |
| | : | |
| Plaintiff | : | No. 02-CV-4683 |
| | : | |
| v. | : | The Honorable James Knoll Gardner |
| | : | |
| LUCENT TECHNOLOGIES INC. | : | |
| and AGERE SYSTEMS INC., | : | |
| | : | |
| Defendants | : | |

**BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR RECONSIDERATION OF
ORDER DENYING MOTION FOR NEW TRIAL**

I. **INTRODUCTION**

A jury trial was held on September 27, 2004 in the above captioned matter. The jury rendered a verdict for the defendants and judgment was entered on the verdict on October 14, 2004.

Plaintiff filed and served upon defendants a Motion for a New Trial and to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59 and 59(e) on October 28, 2004. On November 24, 2004, the court entered an order denying plaintiff's motions for the failure to prosecute pursuant to Rule 41(b) and Local Rule 7.1(e).

## II. ARGUMENT

The plaintiff Garnell Bailey requests that the court reconsider its order denying her post trial motions.

Federal Local Rule of Civil Procedure 7.1(e) states in pertinent part:

Within fourteen (14) days after filing any post trial motion, the movant shall either (a) order a transcript of the trial by a writing delivered to the Court Reporter Supervisor, or (b) file a verified motion showing good cause to be excused from this requirement. Unless a transcript is thus ordered, or the movant excused from ordering a transcript, the post trial may be dismissed for lack of prosecution.

On October 28, 2004, plaintiff filed post trial motions. By order dated November 24, 2004, the court dismissed plaintiff's post trial motion for failure to prosecute pursuant to Local Rule 7.1(e).

Since the filing of post-trial motions, plaintiff has explored every conceivable avenue to obtain the funds necessary to order the transcript. The clerk advised counsel that the costs of the transcript would be $7,920.00 if transcribed in thirty (30) days or $10,560.00 if transcribed in seven (7) days.

Plaintiff is unable to pay the costs required to obtain the transcripts. She however has continued to attempt borrow the funds from several lending institutions as well as from family members and friends. (Affidavit, paragraph 3)

On November 30, 2004, Plaintiff advised counsel that she had exhausted all possible sources to obtain the money to obtain the trial transcript. (Affidavit, paragraph 3).

In addition, Plaintiff's monthly expenses exceeds the net monthly income of both she and her husband. (Affidavit, paragraph 4)  Also, Plaintiff has exhausted all proceeds from her 401(k) account and her pension benefits were extinguished as a result of her termination. (Affidavit, paragraphs 5,6).

Judicial precedent permits the court to grant a motion for reconsideration to correct manifest errors of law or fact or to present newly discovered evidence. Mawhinney Jr. v. GMAC, 2003 U.S. Dist. Lexis 23128.  The court may grant reconsideration where: (1) an intervening change in the law has occurred; (2) new evidence not previously available has emerged; or (3) the need to correct a clear error of law or prevent a manifest injustice.

Clearly, the aforementioned standard contemplates a decision of the court on the merits of the matter presented to it for consideration.  See, Sinanan v. Mechling, 2002 U.S. Dist. Lexis 15148.

In the within case, the court did not dismiss plaintiff's post trial motions after consideration of the merits of the issues raised. Thus, the general proposition that reconsideration should be granted "sparingly" is not applicable.

Plaintiff asserts that the Court must grant her reconsideration to avoid a manifest injustice and to correct a manifest error of law. Should the Plaintiff be denied the Motion for Reconsideration, the effect would be to deny the opportunity to challenge issues fundamental to whether the jury verdict was correct under the law. Moreover, that determination is fundamental to the proper and full administration of justice. Lastly, the dismissal of the Motion for a New Trial without a decision on the merits where, as the Plaintiff cannot afford to pay for the transcript, would constitute a manifest injustice.

In addition, the trial court erred as a matter of law in dismissing the plaintiff's motion in its entirety because some of the issues she raised do not require a transcript. For example, the issue of whether the Court was correct in granting partial summary judgment, whether the Court was correct in denying in part Plaintiff's Motion to Amend, whether the Court was correct in denying Plaintiff's Objection to the Admissibility of Evidence Expected to be Offered at Trial can all be decided without the necessity of a transcript.

A trial transcript would be necessary, however, to resolve the remaining issues presented in the Rule 59 and 59(e) Motions. Contemporaneous with the filing of this Motion for Reconsideration, Plaintiff has filed a Motion for Trial Transcripts and incorporates herein by reference, the averments and affidavit set forth therein.

Therefore, it is respectfully requested that the Court reconsider its Order dismissing the Post Trial Motions and its ruling that Plaintiff's Motion to Extend Time is moot, and allow Plaintiff to proceed with her Post Trial Motions.

Decisional law holds that dismissal is a harsh sanction that should be reserved for extreme situations demonstrating a clear record of delay or contumacious conduct by the plaintiff. See, Martens v. Thomann, 273 F.3d 159, 180-182 (2nd Cir. 2001).

Further, the district court abuses its discretion in dismissing an action when the party is incapable of obeying the order. Selletti v. Corey, 173 F. 3d 104, 111-113 (2nd Cir. 1999). There the appellate court reversed where the district court failed to give any weight to the litigants' claimed inability to post bond for costs as required by order. Here, the Plaintiff was unable to comply with the requirements of local rule 7.1 but did not advise her counsel in sufficient time to file an alternative motion in accordance with the rule.

## II. **CONCLUSION**

For the foregoing reasons, Plaintiff Garnell Bailey requests this Honorable Court to grant her motion and reconsider its order of November 24, 2004 dismissing her post trial motions for failure to prosecute.

    Respectfully submitted,

_____
GLENNIS L. CLARK
Attorney for Plaintiff
I. D. No. 36628
LAW OFFICE OF GLENNIS L. CLARK
1908 Allen Street
Allentown, PA 18102
610-433-6624

## CERTIFICATE OF SERVICE

    I, Glennis L. Clark, Esquire, hereby certify that I have caused to be served a true and correct copy of the Motion for Reconsideration and the Memorandum of Law In Support thereof via first class mail, postage prepaid on the date stated below to the offices of:

>Robert W. Cameron, Esquire
>Littler, Mendelson
>Dominion Tower
>625 Liberty Avenue, 26th Floor
>Pittsburgh, PA 15222
>
>Theodore A. Schroeder, Esquire
>Littler, Mendelson
>Dominion Tower
>625 Liberty Avenue, 26th Floor
>Pittsburgh, PA 15222

Dated: _____        _____
                                                   GLENNIS L. CLARK
                                                 I. D. No. 36682
                                                 Attorney Plaintiff