IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARNELL BAILEY, | : | |
| | : | |
| Plaintiff, | : | No. 02-CV-4683 |
| | : | |
| V. | : | The Honorable James Knoll Gardner |
| | : | |
| LUCENT TECHNOLOGIES INC. | : | |
| and AGERE SYSTEMS INC., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM IN SUPPORT OF
MOTION TO REQUEST PAYMENT FOR
TRANSCRIPTION**

**I. INTRODUCTION**

     A jury trial was held on September 27, 2004 in the above captioned matter. The jury rendered a verdict for the defendants and judgment was entered on the verdict on October 14, 2004.

     Plaintiff filed and served upon defendants a Motion for a New Trial and to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59 and

59(e) on October 28, 2004. On November 24, 2004, the court entered an order denying plaintiff's motions for the failure to prosecute pursuant to Rule 41(b) and Local Rule 7.1(e).

## II. ARGUMENT

The plaintiff Garnell Bailey requests that the court order the transcription of trial.

Federal Local Rule of Civil Procedure 7.1(e) states in pertinent part:

Within fourteen (14) days after filing any post trial motion, the movant shall either (a) order a transcript of the trial by a writing delivered to the Court Reporter Supervisor, or (b) file a verified motion showing good cause to be excused from this requirement. Unless a transcript is thus ordered, or the movant excused from ordering a transcript, the post trial may be dismissed for lack of prosecution.

Thus, the rule permits the Court to excuse the requirement of obtaining a transcript of the trial. Moreover, case law permits the Court, in an appropriate case, to order the transcript without cost to the Plaintiff. Plaintiff asserts that she is financially unable to pay for a transcript and that the interest of justice require, the Court to provide a transcript for her. See, Mawhinney Jr. v. GMAC, 2003 U.S. Dist. Lexis 23128, citing M.L.B. v. S.L.J., 519 U.S. 102, 117 S.Ct. 555, 136 L.Ed. 2d 473 (1996), Abdul-Akbar v. McKelvie, 239 F.3d 307 (3rd Cir. 2001).

Plaintiff asserts that she is unable to pay the costs required to obtain the transcripts because her monthly expenses exceed the net monthly income of both she and her husband. (Affidavit, paragraph 4)  Also, Plaintiff has exhausted all proceeds from her 401(k) account and her pension benefits were extinguished as a result of her termination. (Affidavit, paragraphs 5,6).

Plaintiff, however, has continued to attempt to borrow the funds from several lending institutions as well as from family members and friends. (Affidavit, paragraph 3).

## III. **CONCLUSION**

Plaintiff requests that the court grant her Motion to Request Payment for Transcription.

                                                Respectfully submitted,

_____
GLENNIS L. CLARK
Attorney for Plaintiff
I. D. No. 36628
LAW OFFICE OF GLENNIS L. CLARK
1908 Allen Street
Allentown, PA 18102
610-433-6624

## CERTIFICATE OF SERVICE

    I, Glennis L. Clark, Esquire, hereby certify that I have caused to be served a true and correct copy of the Motion to Request Payment of Transcription, Memorandum In Support of Motion to Request Payment for Transcription and Affidavit of Glennis L. Clark, Esquire, thereof via first class mail, postage prepaid on the date stated below to the offices of:

    Robert W. Cameron, Esquire
    Littler, Mendelson
    Dominion Tower
    625 Liberty Avenue, 26th Floor
    Pittsburgh, PA 15222

    Theodore A. Schroeder, Esquire
    Littler, Mendelson
    Dominion Tower
    625 Liberty Avenue, 26th Floor
    Pittsburgh, PA 15222

Dated: _____       _____
                                                                                        GLENNIS L. CLARK
                                                                                        I. D. No. 36682
                                                                                        Attorney Plaintiff