IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION

| | | |
|---|---|---|
| GARNELL BAILEY, | : | |
| | : | |
| Plaintiff, | : | No. 02-CV-4683 |
| | : | |
| V. | : | The Honorable James Knoll Gardner |
| | : | |
| LUCENT TECHNOLOGIES INC. | : | |
| and AGERE SYSTEMS INC., | : | |
| | : | |
| Defendants. | : | |

PLAINTIFF'S SPECIFICATIONS OF OBJECTIONS
TO DEFENDANT'S BILL OF COSTS
PURSUANT TO LOCAL RULE 54.1

I.  General Objections

Plaintiff Garnell Bailey has no ability to pay the Bill of Costs submitted by Defendants. The inability of the losing party to pay costs is an appropriate consideration when assessing costs.

The costs sought are excessive and inequitable.

Some of the costs sought to be taxed are inappropriate, such as expert witness fees in excess of the standard daily witness fee, and are not subject to reimbursement pursuant to 28 USC 1920 , Fed. R.Civ. P. 54(d)(1) or other federal law.

II.  Specific Objections

| DATE | DESCRIPTION | OBJECTION | FEE |
|---|---|---|---|
| **Exhibit A** | | | |
| 7/03 | Fee to clerk | Defendant fails to specify order certified, or the need to certify such order | $25.65 |
| **Exhibit B** | | | |
| 6/26/03 | Fees summons/ subpoenas | After objection by Plaintiff, this subpoena was withdrawn by defendants. Also, financial information sought had been provided by plaintiff. Defendant has failed to provide invoices and sufficient detail to support claim for costs. | $211.00 |
| 3/3/04 & 8/26/04, 9/20/04 | Trial subpoenas | No detailed invoices for the costs sought. Trial subpoenas apparently issued for trial scheduled for 3/22/04 which was continued by agreement. Further, both witnesses were subpoenaed and called by plaintiff. Susan Lovegrove-Geise purported to be Mr. Cameron's client, therefore he could have produced her without subpoena. Drs. Twaddle, Goy, Gonzalez and Gordy, medical records were provided to defendants in January 2003 in response to interrogatories and request for the production of documents. Thus, there was no necessity to subpoena medical records. | |
| **Exhibit C** | | | |
| | Fees to court reporter | | $2829.65 |

| | | | |
|---|---|---|---|
| **Exhibit D** | | | |
| | | Witness fee computation is inaccurate and fails to contain requisite specificity re: costs. Plaintiff objects to assessing trial witness and deposition witness costs for Love-grove-Geise, Gordy and Dr. Twaddle on grounds plaintiff paid witness fees and costs and produced Lovegrove-Geise, Gordy and Goy as witnesses at trial. Plaintiff should not be required to pay fees for witnesses for trial where trial was continued. Further, Drs. Twaddle and Goy were deposed at their respective offices and therefore could incur no mileage fees. Twaddle was not called to testify at all. It must be noted defendants objected to the testimony of Gordy, Goy, and Twaddle. Furthermore, Plaintiff objects to any costs and/or fees sought regarding Dr. Sadoff and Sullivan because §1920 does not authorize the payment of expert witness fees and costs associated therewith. | $500.76 |
| **Exhibit E** | | | |
| | | Plaintiff objects to the taxing of all copying costs on the grounds that Exhibits E and G do not contain sufficient information to support the necessity of the costs sought to be recovered. Further, copying costs done in-house are not billable as costs but rather reflect a cost to the firm irrespective of Plaintiff's lawsuit.(cite) | $4405.01 |
| **Exhibit F** | | | |
| | | Expert witnesses fees are not taxable as costs because Section 1920 does not authorize same. Moreover, the costs sought to be assessed are excessive and will have a chilling effect on future civil rights litigants. | |
| | | | |

                                        Respectfully submitted,

Date:_____                        _____  
                                        GLENNIS L. CLARK, ESQUIRE  
                                        I.D. No. 36682  
                                        Attorney for Plaintiff  
                                        1908 W. Allen Street  
                                        Allentown, PA 18104  
                                        (610) 433-6624  
                                        (610) 433-6678 (fax)

Case 2:02-cv-04683-JKG   Document 101   Filed 12/10/2004   Page 4 of 5

## CERTIFICATE OF SERVICE

    I, Glennis L. Clark, Esquire, hereby certify that I have caused to be served a true and correct copy of Plaintiff's Specifications and Objections to Defendant's Costs via first class mail, postage prepaid on the date stated below to the offices of:

    Littler, Mendelson
    Theodore A. Schroeder, Esquire
    Dominion Tower
    625 Liberty Avenue
    26th Floor
    Pittsburgh, PA 15222-3110

    The Honorable James Knoll Gardner
    U.S. Courthouse
    504 W. Hamilton Street
    Allentown, PA 18101

Dated: _____        _____
                                                  GLENNIS L. CLARK
                                                  I. D. No. 36682
                                                  Attorney Plaintiff