IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARNELL BAILEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 02-4683 |
| ) | |
| v. ) | Judge James Knoll Gardner |
| ) | |
| LUCENT TECHNOLOGIES INC. and ) | |
| AGERE SYSTEMS INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR NEW TRIAL**

Defendants, Lucent Technologies Inc. and Agere Systems Inc., through their undersigned counsel, oppose Plaintiff's Motion for Reconsideration of Order Denying Motion for New Trial ("Motion for Reconsideration"). The grounds for Plaintiff's Motion for Reconsideration is her claim that she is unable to afford the costs of the trial transcript. Plaintiff's Motion for Reconsideration should be denied because: (1) she failed to make a timely request for leave from paying the cost of the transcript; (2) Plaintiff's claim that she is unable to afford the transcript is not supported by the record; (3) No issue properly raised in Plaintiff's Motion for New Trial can be decided without the trial transcript and (4) Plaintiff's Motion for a New Trial and to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59 ("Motion for New Trial") should be denied on the merits.

**I.       Standards for Motion for Reconsideration.**

As Plaintiff recognizes in her Motion for Reconsideration, the Court should only reconsider its prior ruling if one of the following circumstances exists: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion …; or (3) the need to correct a clear error of law or fact or to

prevent manifest injustice." <u>Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999). Plaintiff has not identified any change in controlling law or new evidence. Therefore, her motion should be denied, because she cannot demonstrate that reconsideration is necessary to prevent manifest injustice.

II. **Plaintiff's Request for Relief From Paying the Cost of the Transcript is Untimely.**

Local Rule 7.1(e) provides:

> Within fourteen (14) days after filing any post-trial motion, the movant shall either (a) order a transcript of the trial by a writing delivered to the Court Reporter Supervisor, or (b) *file a verified motion for good cause to be excused from this requirement.* Unless a transcript is thus ordered, or the movant excused from ordering a transcript, the post-trial motion may be dismissed for lack of prosecution.

(emphasis added). Plaintiff filed her Motion for New Trial on October 28, 2004, giving her until November 11, 2004 to either order the transcript or file a motion showing good cause to be excused from doing so. She did neither, and the Court properly dismissed her motion for a new trial for failure to prosecute on November 24, 2004. <u>See</u> Local Rule 7.1(e).

If Plaintiff was unable to afford the cost of the transcript, she should have requested relief from that requirement prior to November 11, 2004. She did not do so. Indeed, Plaintiff's Motion to Request Payment for Transcription was not filed until December 9, 2004, 28 days after she filed her Motion for New Trial. Plaintiff has not even attempted to offer an excuse for her failure to make a timely request for relief from payment of the transcript. For this reason alone, denial of her Motion for Reconsideration for failure to comply with Local Rule 7.1(e) cannot be considered a manifest injustice.

III. **Plaintiff Has Not Demonstrated an Inability To Pay for the Transcript.**

The only "evidence" Plaintiff has offered in support of her alleged inability to pay the cost of the transcript in this case is the Affidavit of her attorney, Glennis Clark. Mr. Clark's Affidavit,

2

however, is nothing more than conclusory hearsay statements regarding Plaintiff's alleged financial status.  Therefore, it is of no probative value.  If Plaintiff is unable to pay for the transcript in this case, she should provide should provide a first-hand, verified explanation of her financial situation.

The evidence introduced at trial in this case rebuts Plaintiff's unsupported assertion that she cannot afford the transcript in this case.  Plaintiff earns an annual salary of $88,000 in her current job, owns two houses and drives a Mercedes-Benz.  Moreover, Plaintiff apparently was able to pay all costs of litigation and trial in this matter, including the costs of two expert witnesses.  Finally, Plaintiff failed to assert an inability to pay for the transcript at the time she filed her Motion for Additional Time to file a brief in support in support of her motion for new trial.  Given all these factors, Plaintiff's unsupported claim that she cannot afford the transcript in this case is contrary to the record in this case.

**IV.     Plaintiff's Motion for New Trial Cannot Be Decided Without the Transcript.**

Plaintiff also argues that the Court can decide portions of her Motion for New Trial without the trial transcript.[1]  Plaintiff, however, should have raised that issue within 14 days of filing her Motion for New Trial.  Local Rule 7.1(e)

In addition, insofar as Plaintiff's Objection to the Admissibility of Evidence Expected to be Offered at Trial was argued and decided on the record, the trial transcript is necessary for a proper examination of the Court's ruling.  With respect to the Court's orders denying Plaintiff leave to amend to add an age discrimination claim and granting Defendants summary judgment

---

[1] Plaintiff concedes that consideration of much of her Motion for New Trial requires the trial transcript.  (Br. in Supp. of Mot. for Reconsideration, at 4).

on Plaintiff's disability discrimination claims, these claims were not properly raised in Plaintiff's Motion for New Trial. (See Def. Opp. to Pl. Mot. for a New Trial and to Alter or Amend J. Pursuant to Fed. R. Civ. P. 59, at 4) (citing Fed. R. Civ. P. 59(e) and Local Rule 7.1(g)). Therefore, whether or not the transcript is necessary to consideration of these orders is moot.

**V.     The Denial of Plaintiff's Motion for New Trial Was Not a Manifest Injustice.**

For the reasons set forth in Defendants' Opposition to Plaintiff's Motion for a New Trial and to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59, the Court committed no error requiring a new trial in this case. Therefore, even considering the merits of Plaintiff's Motion for New Trial, denying Plaintiff's Motion to Reconsider will not result in a manifest injustice. See Max's Seafood Cafe, 176 F.3d at 677.

**III.    Conclusion**

For the foregoing reasons, the Court should deny Plaintiff's Motion to Reconsider.

Respectfully submitted,

LITTLER MENDELSON, P.C.

s/*Theodore A. Schroeder*
Robert W. Cameron  (Pa. I.D. No. 69059)
Theodore A. Schroeder  (Pa. I.D. No. 80559)
Dominion Tower
625 Liberty Avenue, 26th Floor
Pittsburgh, PA  15222
(412) 201-7600

Attorneys for Defendants,
Dated:  December 15, 2004                Lucent Technologies Inc. and Agere Systems Inc.

## **CERTIFICATE OF SERVICE**

I certify that on this 15th day of December, 2004, a true and correct copy of the foregoing **Defendants' Opposition to Plaintiff's Motion for Reconsideration of Order Denying Motion for New Trial** was served via first-class United States mail, postage prepaid, upon the following counsel of record:

>Glennis L. Clark, Esquire
>532 Walnut Street
>Allentown, PA  18101


>s/*Theodore A. Schroeder*

Pittsburgh:46091.1 042480.1004
12/13/04