IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARNELL BAILEY,             ) | |
|                             ) | Civil Action |
|         Plaintiff           ) | No. 02-CV-04683 |
|                             ) | |
|     vs.                     ) | |
|                             ) | |
| LUCENT TECHNOLOGIES, INC. and ) | |
| AGERE SYSTEMS,              ) | |
|                             ) | |
|         Defendant           ) | |

O R D E R

NOW, this 13th day of September, 2005, upon consideration of Motion to Request Payment for Transcription, which motion was filed on behalf of plaintiff December 10, 2004; upon consideration of the attached Affidavit in Support of Request to Proceed In Forma Pauperis presented January 17, 2005;[1] upon consideration of the Motion for Reconsideration of Order Denying Motion for New Trial filed December 9, 2004; upon consideration of Defendants' Opposition to Plaintiff's Motion for Reconsideration of Order Denying Motion for New Trial filed December 15, 2005;

IT IS ORDERED that plaintiff's Motion to Request Payment for Transcription is denied.[2]

---

[1] By Order of the undersigned dated January 4, 2005 we directed plaintiff to file an affidavit of financial information in support of her request to proceed in forma pauperis in the payment of transcription fees.

[2] Plaintiff seeks to be declared in forma pauperis and for payment by the court of the transcription fees for the 12-day jury trial conducted before the undersigned September 27, 28, 29, 30 and October 4, 5, 6, 7, 8, 12,

(Footnote 2 continued):

---

(<u>Continuation of footnote 2</u>):

13 and 14, 2004.  Plaintiff contends that she is financially unable to pay for the transcripts and the interest of justice require the court provide her free transcripts.  Plaintiff further contends that the reason she is unable to pay the costs of the transcripts is because her monthly expenses exceed the monthly net income of both plaintiff and her husband.

In their response to plaintiff's motion for reconsideration, defendants contend that plaintiff is not indigent because she earns an annual salary of $88,000, owns two houses and drives a Mercedes Benz.  In addition, defendants contend that plaintiff's motion for payment of transcripts is untimely.  Specifically, defendants assert that plaintiff should have filed her motion by November 11, 2004 (fourteen days after her filing of her motion for new trial) pursuant to Rule 7.1(e) of the Rules of Civil Procedure for the Untied States District Court for the Eastern District of Pennsylvania ("Local Rules").  For the following reasons we deny plaintiff's motion.

Initially, we agree with defendants that because plaintiff's annual salary is $88,000 per year, she does not qualify as either poor or indigent.  We recognize that plaintiff is not required to show she is destitute or require that she be forced to go hungry to obtain her transcripts.  However, just because plaintiff's expenses exceed her income does not equate to entitlement to in forma pauperis status.  Based upon her income, ownership of a luxury vehicle and two houses, it is clear that plaintiff is not indigent and does not qualify for in forma pauperis status under 28 U.S.C. § 1915.

Furthermore, we agree that plaintiff's motion was untimely.  Local Rule 7.1(e) provides in pertinent part:

> Within fourteen (14) days after filing any post-trial motion, the movant shall either (a) order a transcript of the trial by a writing delivered to the Court Reporter Supervisor, or (b) file a verified motion showing good cause to be excused from this requirement.  Unless a transcript is thus ordered, or the movant excused excused from ordering a transcript, the post-trial motion may be dismissed for lack of prosecution.

E.D. Pa.R.Civ.P. 7.1(e).

In this case plaintiff did not file her request for transcripts until December 10, 2004 nearly one month after the November 11, 2004 deadline pursuant to Local Rule 7.1(e) and after we dismissed her post-trial motions for failure to request the transcripts on November 24, 2004.  Plaintiff neither sought an extension of time to comply with Local Rule 7.1(e) nor has shown good cause why she did not.  Thus, we agree with defendants that plaintiff's within motion is untimely.

Accordingly, for all the foregoing reasons, plaintiff's motion for payment of transcription costs is denied.

<u>IT IS FURTHER ORDERED</u> that plaintiff's motion for reconsideration is denied.[3]

---

[3] Plaintiff seeks reconsideration of the November 24, 2004 Order of the undersigned dismissing her post-trial motions for failure to prosecute pursuant to Rule 7.1(e) of the Local Rules.

Rule 7.1(g) of the Local Rules permits a party to file a motion for reconsideration.

> The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. Courts will reconsider an issue only when there has been an intervening change in the controlling law, when new evidence has become available, or when there is a need to correct a clear error or prevent manifest injustice. Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration.

<u>Burger King Corporation v. New England Hood and Duct Cleaning Company</u>, No. Civ. A. 98-3610, 2000 U.S. Dist. LEXIS 1022 at *4-5 (E.D. Pa. Feb. 4, 2000)(Bechtle, J).

In her post-trial motions, plaintiff raised several issues regarding both pre-trial and trial issues. Specifically, plaintiff asserted that (1) the verdict was against the weight of the evidence; (2) the verdict was based upon false and perjured testimony; (3) the undersigned erred in granting partial summary judgment regarding her disability claim; (4) the undersigned erred in denying her motion to amend her Complaint to include claims for age discrimination; (5) the undersigned erred in denying plaintiff's objection to the admissability of evidence to be offered at trial pertaining to allegedly threatening statements on the grounds that the statements were protected by the psychotherapist-patient privilege; and (6) that United States Magistrate Judge Arnold C. Rapoport erred in requiring plaintiff to supply defendants with medical authorizations to obtain plaintiff's medical records from her psychotherapists.

Plaintiff contends that our November 24, 2004 Order was legally incorrect because there were issues raised in the post-trial motions that did not require transcripts. We agree with plaintiff in part.

We agree that plaintiff did not need trial transcripts to address the issues of granting partial summary judgment, denial of her motion to amend and Judge Rapoport's discovery decision. However, plaintiff never sought reconsideration of those decisions after they were issued. Local Rule 7.1(g) requires that motions for reconsideration "shall be served and filed within

(<u>Footnote 3 continued</u>):

IT IS FURTHER ORDERED that the Clerk of Court shall file plaintiff's Affidavit in Support of Request to Proceed In Forma Pauperis.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:

/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 3):

ten (10) days after entry of the judgment, order, or decree concerned."  In addition, the Standing Order of the undersigned dated January 3, 2003 regarding discovery matters provides that all discovery disputes are referred to Magistrate Judge Rapoport and that reconsideration of any decision by Magistrate Judge Rapoport will be decided by the undersigned.  At no time prior to filing post-trial motions did plaintiff seek reconsideration of any of these decisions.  Hence, we consider plaintiff's post-trial motion on these issues to be nothing more than an untimely attempt at reconsideration.

Furthermore, all the other issues raised by plaintiff's post-trial motions would require the trial transcripts in this matter.  Plaintiff did not order the transcripts and is not eligible for free transcripts. (See footnote 2 above).  Thus, we conclude that there is no clear error of law that needs correction to prevent manifest injustice in this matter.

Accordingly, for all the foregoing reasons, we deny plaintiff's motion for reconsideration.