IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**GARNELL BAILEY**              :        **CIVIL ACTION**
                              :
     **v.**                           :
**LUCENT TECHNOLOGIES et al.**  :        **NO. 02-4683**

## CLERK'S TAXATION OF COSTS

Plaintiff brought this civil action against defendants, and judgment was entered in favor of defendants, which filed their bill of costs. Plaintiff filed objections to the bill of costs on December 10, 2004. Counsel for the prevailing party has not responded to these objections.

It is well-established that district court costs may not be imposed in federal district courts except where they are authorized by either a statute or a rule of court. Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995). The federal Taxation of Costs statute, 28 U.S.C. §1920, lists those items of district court costs taxable in the first instance by the Clerk, with a five-day right of appeal to the assigned district court judge. Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000). These items taxable in the first instance by the Clerk, as listed in 28 U.S.C. §1920, are:

> "(l) Fees of the clerk or marshal;
> "(2) Fees of the court reporter for all or any part of its stenographic transcript necessarily obtained for use in the case;
> "(3) Fees and disbursements for printing and witnesses;
> "(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> "(5) Docket fees under (28 U.S.C. §1923); (and,)
> "(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under (28 U.S.C. §1828)

1

It is well-established that the Clerk may only tax as costs those items ***specifically*** listed in the taxation statute, 28 U.S.C. §1920.  <u>Crawford Fitting Company v. J. T. Gibbons, Inc.</u>, 482 U.S. 437 (1987); <u>Farmer v. Arabian American Oil Co.</u>, 379 U.S. 227 (1964); <u>In re: Paoli Railroad Yard PCB Litigation</u>, 221 F.3d 449 (3d Cir. 2000); <u>Abrams v. Lightolier, Inc.</u>, 50 F.3d 1204 (3d Cir. 1995); <u>Institutionalized Juveniles v. Secretary of Public Welfare</u>, 758 F.2d 897 (3d Cir. 1985); <u>Nugget Distributors Cooperative of America v. Mr. Nugget, Inc.</u>, 145 F.R.D. 54 (E.D.Pa. 1992).  <u>Accord</u>, <u>Di Llano v. North Dakota State University</u>, 951 F.Supp. 168 (D.N.D. 1997); and, <u>In Re: Glacier Bay</u>, 746 F.Supp. 1379 (D. Alaska 1990) By this standard, attorney fees are clearly not taxable pursuant to 28 U.S.C. §1920.  <u>In re: Paoli Railroad Yard PCB Litigation</u>, 221 F.3d 449 (3d Cir. 2000); <u>Abrams v. Lightolier, Inc.</u>, 50 F.3d 1204 (3d Cir. 1995); <u>Nugget Distributors Cooperative of America v. Mr. Nugget, Inc.</u>, 145 F.R.D. 54 (E.D.Pa. 1992).  In addition, litigation costs that are more closely associated with the routine overhead of running a law firm than with the types of costs listed in 28 U.S.C. §1920 are not taxable, as they are seen as "facets" of attorney fees.  <u>Nugget Distributors Cooperative of America v. Mr. Nugget, Inc.</u>, 145 F.R.D. 54 (E.D.Pa. 1992). <u>Accord</u>, <u>In re: Paoli Railroad Yard PCB Litigation</u>, 221 F.3d 449 (3d Cir. 2000); <u>Abrams v. Lightolier, Inc.</u>, 50 F.3d 1204 (3d Cir. 1995); <u>Lachance v. Harrington</u>, 965 F.Supp. 630 (E.D. Pa. 1997); <u>J/H Real Estate, Inc. v. Abramson</u>, 951 F.Supp. 63 (E.D. Pa. 1996).  <u>See</u>, <u>also</u>, <u>Di Llano v. North Dakota State University</u>, 951 F.Supp. 168 (D.N.D. 1997); <u>In Re: Glacier Bay</u>, 746 F.Supp. 1379 (D. Alaska 1990).  Such "facets" of attorney fees include costs of attorney work product, such as pleadings, motions, memoranda and briefs, as well as case-related correspondence, which are seen as

more closely associated with the routine overhead of running a law firm than with those types of costs taxable pursuant to 28 U.S.C. §1920.  In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Levin v. Parkhouse, 484 F.Supp. 1091 (E.D. Pa. 1980).  See, also, Krouse v. American Sterilizer Co., 928 F.Supp. 543 (W.D. Pa. 1996); Stacy v. Williams, 50 F.R.D. 52 (N.D. Miss. 1970); Bourazak v. North River Insurance Co., 280 F.Supp. 89 (S.D. Ill. 1968).  Accord, Di Llano v. North Dakota State University, 951 F.Supp. 168 (D.N.D. 1997); and, In Re: Glacier Bay, 746 F.Supp. 1379 (D. Alaska 1990).  Copying of court filings is considered costs incident to attorney fees, therefore $219.00 in copying costs is disallowed.

The remaining costs sought by defendants are all, at least arguably, of those types of costs stated previously as being listed in the taxation statute, 28 U.S.C. §1920.  Federal Rule of Civil Procedure 54(d)(1) is incorporated into the law of Clerk's Taxation of Costs established by 28 U.S.C. §1920.  Crawford Fitting Company v. J. T. Gibbons, Inc., 482 U.S. 437 (1987).  Federal Rule of Civil Procedure 54(d)(1) directs that "costs other than attorney fees" (i.e. those costs authorized by 28 U.S.C. §1920) "shall be allowed as of course to the prevailing party unless the court otherwise directs" (emphasis added).  This language creates a heavy presumption that **"the 'prevailing party' *automatically* is entitled to costs"** as a matter of course, once it has been shown that the costs sought are, at least arguably, of those types of costs listed in 28 U.S.C. §1920.  Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988)(emphasis added).  Accord, In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d

Cir. 1995); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).  This heavy presumption is based on the federal policy that a Clerk's Taxation of Costs is seen as a ministerial act in civil cases, and is not seen as a penalty against the losing party or parties. Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D.Pa. 1998).  A consequence of this heavy presumption is that the non-prevailing party bears the burden of proof, and must overcome the presumption in favor of the taxing of costs against that non-prevailing party.  In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D.Pa. 1998). Because of this heavy presumption, it is considered punitive towards a prevailing party to deny to that prevailing party costs which are ordinarily automatically taxed under 28 U.S.C. §1920.  Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897, 926 (3rd Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975).  As a further result of this presumption, in the event taxable costs are denied to a prevailing party, the Clerk must

specifically state what defect, bad act or impropriety on the part of that prevailing party leads the Clerk to deny to that prevailing party otherwise allowable costs. Pearlstine v. United States, 649 F.2d 194, 198-9 (3rd Cir. 1981); ADM Corp. v. Speedmaster Packaging Corp., 525 F.2d 662, (3rd Cir. 1975). See, also, In Re Olympia Brewing Co. Securities Litigation, 613 F.Supp. 1286, 1302 (N.D.Ill. 1985). In examining the relevant caselaw concerning taxations of costs by the Clerk of Court, there is a recurring theme that the prevailing party may recover those types of costs listed in 28 U.S.C. §1920 that were necessary for his counsel's effective preparation, judged in light of the situation existing at the time the costs were incurred, regardless of whether the items for which costs are sought were actually used. In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3rd Cir. 2000); In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984). See, also, Charter Medical Corp. v. Cardin, 127 F.R.D. 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985); International Wood Processors v. Power Dry, Inc., 598 F.Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (E.D.Mo. 1983); Gillam v. A. Shyman, Inc., 31 F.R.D. 271 (D. Alaska 1962). Since the costs sought by defendants are all, at least arguably, of those types of costs listed in the taxation statute, 28 U.S.C. §1920, we are of the view that plaintiff bears the burden of proof in this matter. Moreover, the bill of costs in the instant matter is accompanied by an affidavit from

counsel, pursuant to 28 U.S.C. § 1924, stating that the costs are correct and were actually and necessarily incurred; the existence of such an affidavit in a Clerk's Taxation of Costs proceeding is given very great weight regarding the Clerk's determination as to whether the requested costs are allowable.  <u>Schauffler v. United Assoc. of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada</u>, 246 F.2d 867 (3d Cir. 1957).  <u>See</u>, <u>also</u>, <u>Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank</u>, 108 F.R.D. 396 (D. Nevada 1985).

     To meet this burden of proof, plaintiff raises a general objection to the bill of costs, that the Clerk allegedly has broad discretion to disallow costs and should exercise this alleged discretion because of the alleged "equities" of the case, more specifically that his client is allegedly financially unable to pay.  As stated previously, Federal Rule of Civil Procedure 54(d)(1) directs that costs other than attorney fees (i.e. those costs authorized by 28 U.S.C. §1920) "<u>shall</u> be allowed <u>as of course</u> to the prevailing party unless the court otherwise directs" (emphasis added); this language creates a heavy presumption in favor of an award of costs, once it has been shown that the costs sought are arguably of those types of costs listed in the taxation statute, 28 U.S.C. §1920.  Therefore, the general rule is that 28 U.S.C. §1920 costs are "automatically" taxed pursuant to Federal Rule of Civil Procedure 54(d)(1).  <u>Buchanan v. Stanships, Inc.</u>, 485 U.S. 265 (1988).  We are therefore of the view that the Clerk has no discretion to disallow otherwise allowable costs based on an argument rooted in economics; economic disparity between the parties is <u>not</u> a basis for disallowing costs, and a very strong presumption exists that consideration of the equities <u>does</u> <u>not</u> favor a

disallowance of costs by the court.  In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (ED Pa. 1977). Accord, Weaver v. Toombs, 948 F.2d 1004 (6th Cir. 1991).  The Clerk may tax costs not only where the losing party is less affluent than the prevailing party, but also where the losing party is actually indigent.  Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (ED Pa. 1977).  Even complete and utter inability to pay is not grounds for a disallowance of costs.  In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (ED Pa. 1998).  Likewise, even the granting of in forma pauperis status to the losing party does not rebut this strong presumption.  Washington v. Patlis, 916 F.2d 1036 (5th Cir. 1990); Chevrette v. Marks, 558 F.Supp. 1133 (M.D. Pa. 1983).  We accordingly disallow this objection.

Turning to the substance of the requests for bill of costs, we first address the request for Fees of the Clerk. Fees of the Clerk are routinely taxed pursuant to 28 U.S.C. §1920(1).  Proffitt v. Municipal Authority of Borough of Morrisville, 716 F.Supp. 845 (E.D. Pa. 1989), aff'd, 897 F.2d 523 (3d Cir. 1990); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984).  See, also, United States v. Orenic, 110 F.R.D. 584 (W.D. Va. 1986); Bishop v. West American Insurance Co., 95 F.R.D. 494 (N.D.Ga. 1982).  We note that costs related to fees of a state clerk and costs for removal to federal court are recoverable in federal court pursuant to 28 USC §1920(1). Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984).  See, also, Bishop v. West

American Insurance Co., 95 F.R.D. 494 (N.D.Ga. 1982). As stated previously, there is a heavy presumption in favor of the automatic taxation of those types of costs listed in the taxation statute, 28 U.S.C. §1920.  We are of the view that counsel for the losing party has not rebutted this heavy presumption and we tax costs in the full requested amount of $25.65.

Fees of the Marshal, authorized pursuant to 28 U.S.C. §1920(1), include costs of service of process, including subpoena service.  Proffitt v. Municipal Authority of Borough of Morrisville, 716 F.Supp. 845 (ED Pa. 1989), aff'd, 897 F.2d 523 (3d Cir. 1990).  Courts interpret this provision of 28 U.S.C. §1920(1) as permitting the taxing of costs for private process servers.  Griffith v. Mt. Carmel Medical Center, 157 F.R.D. 499 (D. Kansas 1994); Bass v. Spitz, 522 F. Supp. 1343 (E.D. Mich. 1981).  In examining the relevant case law concerning taxation of costs by the Clerk of Court, there is a recurring theme that the prevailing party may recover those types of costs listed in 28 U.S.C. §1920 that were necessary for his counsel's effective preparation, judged in light of the situation existing at the time the costs were incurred, regardless of whether the items for which costs are sought were actually used.  In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3rd Cir. 2000); In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984).  See, also, Charter Medical Corp. v. Cardin, 127 F.R.D. 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985);

International Wood Processors v. Power Dry, Inc., 598 F.Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (E.D.Mo. 1983); Gillam v. A. Shyman, Inc., 31 F.R.D. 271 (D. Alaska 1962).  We are satisfied that the statutory standard of necessity has been met.  As stated previously, there is a heavy presumption in favor of the automatic taxation of those types of costs listed in the taxation statute, 28 U.S.C. §1920.  We are of the view that counsel for the losing party has not rebutted this heavy presumption, and we tax costs in the full requested amount of $792.60.

With regard to the request for costs of deposition transcripts, we note that the relevant statute, 28 U.S.C. §1920(2), directs the taxing of costs for transcripts "necessarily obtained for use in the case."  A deposition transcript is seen as "necessarily obtained" when it was necessary to counsel's effective preparation, judged in light of the situation existing at the time the costs were incurred, regardless of whether it was actually used.  In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3rd Cir. 2000); In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984). Modern caselaw states that both stenographic and videotaped depositions are considered "transcripts" for purposes of 28 U.S.C. §1920(2).  Morrison v. Reichhold Chems., 97 F.3d 460 (11th Cir. 1996); Commercial Credit Equipment Corp. v. Stamps, 920 F.2d 1361 (7th Cir. 1990); United International Holdings v. Wharf, Ltd., 174 F.R.D. 479 (D. Colo. 1997); Weseloh-Hurtig v. Hepker, 152 F.R.D. 198 (D. Kansas 1993); Deaton v. Dreis & Krump Mfg. Co. (ND Ohio

1991). We are satisfied that the statutory standard of necessity has been met. As stated previously, there is a heavy presumption in favor of the automatic taxation of those types of costs listed in the taxation statute, 28 U.S.C. §1920. We are of the view that the non-prevailing party in this civil action has not rebutted this heavy presumption. Deposition costs are accordingly taxed in the full requested amount of $2,829.65.

We turn now to the request for witness fees. 28 U.S.C. §1920(3) authorizes the Clerk to tax witness fees. Witness fees are capped by the witness fee statute, 28 U.S.C. §1821; 28 U.S.C. §1821(b) limits witness attendance fees to $40.00 per day; 28 U.S.C. § 1821(c) sets limits, based on reasonableness, on witness travel and mileage costs. On three separate occasions, the United States Supreme Court has held that the witness fee statute (28 U.S.C. §1821 or its direct predecessor statute) is incorporated by reference into 28 U.S.C. §1920(3) (or its direct predecessor statute). <u>Crawford Fitting Company v. J. T. Gibbons, Inc.</u>, 482 U.S. 437 (1987); <u>Farmer v. Arabian American Oil Co.</u>, 379 U.S. 227 (1964); <u>Henkel v. Chicago, St. Paul, Minneapolis and Omaha Railroad Company</u>, 284 U.S. 444 (1932).

There is a recurring theme in 28 U.S.C. §1920 litigation that the prevailing party may recover costs that were actually and necessarily incurred for his counsel's effective preparation, judged in light of the situation existing at the time the costs were incurred. <u>In re: Paoli Railroad Yard PCB Litigation</u>, 221 F.3d 449 (3rd Cir. 2000); <u>In Re: Kulicke & Soffa Industries Inc. Securities Litigation</u>, 747 F.Supp. 1136 (E.D.Pa. 1990), <u>aff'd</u>, 944 F.2d 897 (3rd Cir. 1991); <u>ADM Corp. v. Speedmaster Packing Corp.</u>, 525 F.2d 662 (3d Cir. 1975); <u>Nugget Distributors Cooperative of America v. Mr. Nugget, Inc.</u>, 145 F.R.D. 54 (E.D.Pa. 1992); <u>Raio v. American Airlines</u>, 102 F.R.D. 608 (E.D.Pa. 1984). <u>See</u>,

also, Charter Medical Corp. v. Cardin, 127 F.R.D. 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985); International Wood Processors v. Power Dry, Inc., 598 F.Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (E.D.Mo. 1983); Gillam v. A. Shyman, Inc., 31 F.R.D. 271 (D. Alaska 1962). Accordingly, witness attendance fees actually incurred by the prevailing party are taxable for every day a witness is present in court with a reasonable "good faith" expectation on the part of the prevailing party's counsel that the witness may have to testify, even where the witness does not actually testify. Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998). See, also, Nissho-Iwai Co. v. Occidental Crude Sales, 729 F.2d 1530 (5th Cir. 1984); Quy v. Air America, Inc., 667 F.2d 1059 (D.C. Cir. 1981); Marino v. Town of Kirkland, 146 F.R.D. 49 (N.D.N.Y. 1993); Morrissey v. County Tower Corp., 568 F. Supp. 980 (E.D. Mo. 1983); Independence Tube Corp. v. Copperweld Corp., 543 F.Supp. 706 (N.D.Ill. 1982); Christian v. Tackett, 86 F.R.D. 220 (N.D. Miss. 1979); Gillam v. A. Shyman, Inc., 31 F.R.D. 271 (D. Alaska 1962). Authority also permits the taxing of attendance costs for "travel days," where reasonable. Dr. Bernard Heller Foundation v. Lee, 847 F.2d 83 (3rd Cir. 1988); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984). See, also, Louisiana Power and Light Co. v. Kellstrom, 50 F.3d 319 (5th Cir. 1995). Likewise, travel costs are taxable where the need to travel was reasonable, judged in light of the situation existing at the time the costs were incurred. Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Raio v. American Airlines, 102 F.R.D. 608 (E.D. Pa. 1984). See, also, Women's Federal Savings and

11

Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985). As stated previously, there is a heavy presumption in favor of the taxation of those types of costs listed in the taxation statute, 28 U.S.C. §1920.  We are of the view that counsel for the non-prevailing party has not rebutted this heavy presumption. Costs are accordingly taxed in the amount of $500.76, representing attendance fees in the amount of $360.00 for nine witnesses and mileage costs in the amount of $140.76.

Pursuant to 28 U.S.C. §1821(b), attendance costs for witnesses are not allowable in excess of $40.00 per day of attendance.  This limit applies to both fact and expert witnesses, except where the expert witness was court appointed pursuant to 28 U.S.C. §1920(6).  Crawford Fitting Company v. J. T. Gibbons, Inc., 482 U.S. 437 (1987); In re Philadelphia Mortgage Trust, 930 F.2d 306 (3rd Cir. 1990); West Virginia University Hospitals v. Casey, 885 F.2d 11 (3rd Cir. 1989); Dr. Bernard Heller Foundation v. Lee, 847 F.2d 83 (3rd Cir. 1988); Dominic v. Hess Oil V.I. Corp., 841 F.2d 513 (3rd Cir. 1988).  Nothing presented to the Clerk indicates that the expert witness was court appointed; therefore, the expert witness attendance fees for the expert witnesses will be reduced to $40.00 per day of appearance. The request for expert witness fees in the amount of $16,711.25 is accordingly reduced to $40.00. Witness fees are taxed in the amount of $540.76.

Courts have traditionally seen costs related to the production of copies of documentary evidence as recoverable costs under 28 U.S.C. §1920(4) when the copies in question were "necessarily obtained for use in the case." Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984).  See, also, Haagen Dazs v. Double

12

Rainbow Gourmet Ice Cream, 920 F.2d 587 (9th Cir. 1990); Robinson v. Burlington Northern Railroad Co., 963 F.Supp. 691 (N.D. Ill. 1997); Postednik v. Sullivan, 718 F.Supp. 1097 (S.D.N.Y. 1989); Grider v. Kentucky & ITR Co., 101 F.R.D. (W.D. Ky. 1984).  Based on this caselaw, the Clerk is of the view that such documentary evidence consists of items such as police reports, weather reports, medical records, personnel records, business records, land records, newspapers, tax records, and the like. Likewise, costs for copies of demonstrative evidence, such as photos, maps, blow-ups, charts, diagrams and the like, are seen as allowable under 28 U.S.C. §1920(4) as exemplification when these items were "necessarily obtained for use in the case."  In re: Kulicke and Soffa Industries Securities Litigation, 747 F.Supp. 1136 (ED Pa. 1990); aff'd, 944 F.2d 897 (3rd Cir. 1991).  See, also, Maxwell v. Hapag-Lloyd Aktiengesellschaft, 862 F.2d 767 (9th Cir. 1988); Nissho-Iwai Co. v. Occidental Crude Sales, Ltd., 729 F.2d 1530 (5th Cir. 1984); Soler v. McHenry, 771 F.Supp. 252 (ND Ill. 1991), aff'd, 989 F.2d 251 (7th Cir. 1993); Phillips v. Cameron Tool Corp., 131 F.R.D. 151 (SD Ind. 1990).  Concerning this previously mentioned standard that these aforesaid items must have been "necessarily obtained for use in the case" to be taxable, there is a recurring theme in 28 U.S.C. §1920 litigation that the prevailing party may recover costs that were necessarily obtained for his counsel's effective preparation, judged in light of the situation existing at the time the costs were incurred, even where the items in question were not used at trial.  In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3rd Cir. 2000); In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors

Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992); Raio v. American Airlines, 102 F.R.D. 608 (E.D.Pa. 1984).  See, also, Charter Medical Corp. v. Cardin, 127 F.R.D. 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985); International Wood Processors v. Power Dry, Inc., 598 F.Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (E.D.Mo. 1983); Gillam v. A. Shyman, Inc., 31 F.R.D. 271 (D. Alaska 1962).  We are satisfied that the statutory standard of necessity has been met; moreover, the bill of costs is accompanied by an affidavit by counsel, pursuant to 28 U.S.C. § 1924, stating that the costs are correct and were actually and necessarily incurred; the existence of such an affidavit in a Clerk's Taxation of Costs proceeding is given very great weight regarding the Clerk's determination that the statutory standard of necessity has been met in a given case. Schauffler v. United Assoc. of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, 246 F.2d 867 (3d Cir. 1957).  See, also, Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985).  As stated previously, there is a heavy presumption in favor of the automatic taxation of those types of costs listed in the taxation statute, 28 U.S.C. §1920.  We are of the view that the non-prevailing party has not rebutted this heavy presumption.  Copying costs are accordingly taxed in the amount of $4,186.01.

In Summary, district court costs pursuant to 28 U.S.C. §1920 are taxed as follows:

|  |  |
|---|---|
| Fees of Clerk: | $    25.65 |
| Fees of Marshal | 792.60 |
| Court Reporter Costs: | 2,829.65 |
| Witness Fees: | 540.76 |
| Copying Costs | 4,186.01 |
| TOTAL | $8,374.67 |

_____          S/ Michael E. Kunz_____
 Date                                                              MICHAEL E. KUNZ
                                                                        **CLERK OF COURT**